FILED
FEB 21 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Tessa E. Bergman )
(formerly Theresa E. Bearman )
2102 Arlington Terrace )
Alexandria, VA 22303-1500 )
703-329-384 )
      Plaintiff, )
       )
   v. )   Civil Action No. _____
       )   COMPLAINT UNDER
John W. Snow, Secretary of the )   REHABILITATION ACT OF 1973
Treasury, U.S. Department of the )
Treasury )
1500 Pennsylvania Avenue, N.W. )
Washington, DC 20220 )   CASE NUMBER 1:06CV00303
       )   JUDGE: Gladys Kessler
Also serve Alberto R. Gonzalez )
Attorney General of the United )   DECK TYPE: Employment Discrimination
States )
950 Pennsylvania Avenue, N.W. )   DATE STAMP: 02/21/2006
Washington, DC 20530-0001 )
       )
      Defendant. )

JURY ACTION

Complaint

Comes now the plaintiff, Tessa E. Bergman, *pro se*, and for her complaint against John W. Snow, Secretary of the Treasury, states as follows:

JURISDICTION AND VENUE

1.    Plaintiff brings this action under the Federal Vocation and Rehabilitation Act of 1973, as amended, 29 U.S.C. section 791(g)(1994) which incorporates by reference 42 U.S.C. section 2000e-5 and 42 U.S.C. section 1981(a).

2.    This Court has jurisdiction of the action under 42 U.S.C. section 2000e-5(f) and 28 U.S.C. section 1331.

3. Venue is proper in this Court under 28 U.S.C. section 1391(b) and 42 U.S.C. section 2000e-5(f)(3).

PARTIES

4. The plaintiff is a citizen of the United States and resides in Alexandria, Virginia. At all relevant times alleged herein, plaintiff was an employee of the United States Department of Treasury, Internal Revenue Service, working in Washington, D.C.

5. Plaintiff is a "qualified individual with a disability" as that term is defined in 29 U.S.C. section 791(g)(1994) and 42 U.S.C. section 12111(8).

6. The defendant is the Secretary of the United States Department of the Treasury, an agency of the Federal Government, whose headquarters are located in Washington, D.C., which is in this judicial district.

7. The defendant is an "employer" within the meaning of 29 U.S.C. section 791(g)(1994) and 42 U.S.C. section 12111(5) and a "covered entity" within the meaning of 29 U.S.C. section 791(g)(1994) and 42 U.S.C. section 12111(2).

CLAIM FOR RELIEF

8. The allegations of paragraphs 1 through 7 above are realleged and incorporated herein.

9. On or about December 3, 1999, defendant determined that plaintiff had a disability that required a reasonable accommodation within the meaning of 29 U.S.C. section 791(g)(1994) and 42 U.S.C. section 12111(9).

10. On or about October 1999, defendant had a disability that required a reasonable accommodation within the meaning of 29 U.S.C. section 791(g)(1994) and 42 U.S.C. section 12111(9).

11. Plaintiff notified defendant of her disability and requested that defendant provide her with a reasonable accommodation within the meaning of 29 U.S.C. section 791(g)(1994) and 42 U.S.C. section 12111(9).

12. On or about December 3, 1999, defendant determined that plaintiff required a reassignment to an attorney position as a reasonable accommodation of her disability.

13. On or about November 9, 1999, and at all relevant times hereafter, attorney positions with the Department of Treasury were open and available in the Washington, D.C., area at plaintiff's grade level.

14. The defendant has discriminated against the plaintiff in violation of the Federal Vocation and Rehabilitation Act of 1973, as amended, 29 U.S.C. section 791(g)(1994), by:

   a. Refusing to provide an effective and, therefore, reasonable accommodation to plaintiff, a qualified individual with a disability;

   b. Refusing to make a good faith effort to find an effective reasonable accommodation to plaintiff, a qualified individual with a disability.

   c. Refusing to make a good faith effort to find a reasonable accommodation by performing a search that consisted solely over four and one-half months of circulating two one-page letters asking if anyone was willing to take on an employee with a medical disability and the placing of a handful of phone calls;

   d. Refusing to consider reassigning plaintiff to a vacant, funded position in November 1999 at plaintiff's current grade level of GS-14 for which she was completely qualified and in which she had already previously served for three-

3

and-one-half years with distinction as an income and international tax attorney;

e. Refusing to give any explanation for its refusal to consider reassignment of plaintiff to one of the existing vacant, funded positions as a potential effective reasonable accommodation to plaintiff;

f. Refusing to process plaintiff's request for an accommodation in a timely manner and by failing to follow defendant's own procedures for finding a reasonable accommodation;

g. Refusing to enter in good faith into an interactive process with plaintiff, a qualified individual with a disability;

h. Refusing to respond to plaintiff's repeated requests as to the status of her request for reasonable accommodation;

i. Refusing repeated requests from the Office of Appeals to take plaintiff on a 120-day detail as an interim accommodation, which transfer would have removed her from the hostile work environment in which she was forced, at that time, to endure;

j. Refusing to consider a 120-day detail to the Office of Chief Counsel, where plaintiff had previously worked, at a time when plaintiff personally witnessed the Chief Counsel of the IRS soliciting help from the American Bar Association in finding <u>experienced</u> income tax attorneys because the Office was understaffed; and

15. Retaliating against plaintiff, a qualified individual with a disability, for asserting her rights under the Federal Vocation and Rehabilitation Act of 1973, as amended, 29 U.S.C. section 791(g)(1994).

16. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission in February 2000 in which she alleged she had been discriminated against in employment by the defendant on the basis of her disability.

17. On November 15, 2005, the EEOC issued plaintiff a right-to-sue letter. A true and correct copy of this letter is attached to this complaint and incorporated by reference as Exhibit A.

18. All conditions precedent to the filing of this suit have been performed or have occurred.

JURY DEMAND

19. Plaintiff demands a trial by jury.

PRAYER

Plaintiff requests that the Court:

1. Enjoin defendant from failing or refusing to:
   a. Provide sufficient remedial relief to make whole the plaintiff for the losses she has suffered as a result of the discrimination against her as alleged in this Complaint, including:
      i. Offering plaintiff full or part-time employment, at her discretion, with any necessary reasonable accommodation, for which she is qualified, at the average rate she would have earned had she been hired on November 9, 1999;

5

      ii.     Plus retroactive seniority, payment of back pay with interest, pension, and related benefits; and

b.  Take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

2.  Award compensatory damages to the plaintiff of Two Hundred and Fifty Thousand Dollars ($250,000) plus any additional amounts necessary to fully compensate her for injuries caused by defendant's discriminatory conduct, pursuant to and within the statutory limitations of 42 U.S.C. section 1981(a).

3.  Award plaintiff costs of suit plus interest and attorneys' fees.

4.  Grant plaintiff all other relief that justice may require.

                              Respectfully submitted,

                              *Tessa C. Bergman*
                              Tessa E. Bergman
                              2102 Arlington Terrace
                              Alexandria, VA 22303-1500
                              (703) 329-3164

February 21, 2006



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Exhibit A

Theresa E. Bearman,
Complainant,

v.

John W. Snow,
Secretary,
Department of the Treasury,
Agency.

Request No. 05A51122

Appeal No. 01A41790
Agency No. 00-1103
Hearing No. 100-A1-7426X

### DENIAL

Theresa E. Bearman (complainant) timely requested reconsideration of the decision in *Theresa E. Bearman v. Department of the Treasury*, EEOC Appeal No. 01A41790 (June 30, 2005). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A41790 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency"

**FILED**
06 0303  FEB 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2     05A51122

or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*

Carlton M. Hadden, Director
Office of Federal Operations

NOV 1 5 2005
Date

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

NOV 1 5 2005
Date

*[signature]*

Equal Opportunity Assistant