UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESTA E. BERGMAN,<br>    Plaintiff | :<br>:<br>: |
| V. | :    Civ. Action No. 06-0303 (GK)<br>: |
| JOHN W. SNOW,<br>Secretary, Department of the Treasury,<br>    Defendant | :<br>:<br>:<br>: |

### DEFENDANT'S RULE 16.3 STATEMENT

The defendant hereby submits its Rule 16.3 Statement. Plaintiff has not contacted the defendant to confer concerning this matter. Defendant has attempted to contact plaintiff, but has been unable to do so, and has been unable to leave a message for plaintiff due to lack of a voice mail device at the telephone number supplied.

### BRIEF STATEMENT OF THE CASE

Plaintiff's complaint alleges violation of the Rehabilitation Act and retaliation. She alleges that she is a qualified individual with a disability and that following her request for a reasonable accommodation the defendant violated the rehabilitation act, inter alia, because it took over four and one half months to find her a new position, she was not reassigned to positions she wanted as details or on a permanent basis, and the agency was not sufficiently responsive and interactive with her during the search for an accommodation.

Plaintiff is an attorney. From 1984 to 1987 she was an attorney advisor in the Office of Chief Counsel of the Department of the Treasury. She left the Chief Counsel's Office to join a private law firm and later worked for a congressman as his tax counsel and legislative director.

1

In 1995 she was hired by the IRS in the Office of Legislative Affairs as a legislative analysis officer. That position is not classified as an attorney position. According to plaintiff: The Office of Legislative Affairs underwent a reorganization and she "expressed a desire to return to the Office of Chief Counsel." However, in about August 1998, she spoke with the chief of Communications who suggested that in addition to the Office of Chief Counsel she also consider going to a new office which was just being developed, the Office of Public Liaison and Small Business Affairs in IRS. The position in the new office sounded interesting to plaintiff, so she joined the Office of Public Liaison and Small Business Affairs in September 1998.

The position in the Office of Public Liaison and Small Business Affairs also was not classified as an attorney position. It was a Management and Program Analyst position. Plaintiff became disenchanted with the position feeling that it did not utilize her "significant tax and tax-related small business experience."

By letter dated October 11, 1999, plaintiff's health care provider reported that plaintiff was unable to work due to a depressive condition, and that there were no accommodations that would result in her being able to work and suggested at leats 30 days off for recovery.

By letter dated October 21, 1999, the doctor stated that she had had "the opportunity to understand [plaintiff's] situation in greater depth. I believe she could function at her job and return to work if an accommodation is made. This accommodation is a job restructuring so that the functions of her position in the Office of Public Liaison & Small Business Affairs include the full time practice of law. If this is not possible in her present position, I would recommend a transfer to the Chief Counsel's office where [plaintiff] worked previously . . . .The reason for this is that [plaintiff's] self esteem is at a very low level in her current position. Without this

accommodation, her health is likely to deteriorate, forcing her to be hospitalized and unable to work."

In the fall of 1999, plaintiff had applied for a position in the office of Chief Counsel and was not selected.

By letter dated December 3, 1999, her health care provider advised that plaintiff had to return to work for financial reasons and that although she was not fully recuperated, she was sufficiently improved to return part-time at a recommended 6 hour work day.

After an emotional outburst by plaintiff, the agency placed her on administrative leave.

In March 2000, plaintiff accepted transfer to the Virginia-West Virginia Division of the South East Region as an estate tax attorney advisor. Since plaintiff was at the GS 14 level, and the attorney advisor position was a 12, the transfer agreement included a pay retention agreement.

Plaintiff appears to contend that she should have been transferred to a vacant position in the Chief Counsel's Office in November 1999, and that the 4 ½ months between her request for accommodation and her transfer was unreasonable.

Defendant's position was that there was no discrimination or retaliation. Plaintiff is not a qualified person with disabilities and had no right to any accommodation under the Act. Additionally all actions of the agency were done for legitimate non-retaliatory reasons.

## DEFENDANT'S RULE 16 POSITION

1.)    <u>Resolution By Dispositive Motion</u>:  Defendant believes that the case may be resolved by dispositive motion following discovery. Defendant requests that dispositive motions be required to be filed no later than 60 days following the close of discovery, that responses or

oppositions be filed 30 days after filing of dispositive motions and that replies be filed 30 days thereafter.

2.) Amendment of Pleadings: Defendant does not anticipate amending its pleading.

3.) Assignment to a Magistrate Judge: The defendant does not consent to assignment of this matter to a Magistrate Judge for all purposes.

4.) Settlement Possibility: Defendant does not believe that settlement talks would be fruitful prior to discovery.

5.) ADR: Defendant does not believe that settlement talks would be fruitful prior to discovery.

6.) Resolution On Summary Judgment: Defendant takes the position that the case should be resolved on summary judgment.

7.) Disclosures: The defendant believes that disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court should be made.

8.) Extent Of Discovery: Defendant requests that the presumptive limits be applied, that is no more than 25 interrogatories and no more than ten deposition per party. Defendant requests 120 days for fact discovery.

9.) Expert Witnesses: Defendant requests that the plaintiff's expert report, if any, be required to be served no later than 30 days after the close of fact discovery and that defendant's expert report in response be required 45 days thereafter. Defendant requests that expert discovery close 30 days thereafter, allowing for time for deposition of the expert witnesses.

10.) Class Action Issues: Not relevant.

11.) <u>Bifurcation Of Liability And Damages</u>: Defendant does not believe that bifurcation is necessary.

12.) <u>Date for Pretrial Conference</u>:  Defendant takes the position that a pretrial conference should be scheduled following the disposition of any dispositive motions.

13.) <u>Trial Date</u>:  Defendant believes that a firm trial date should be set at the pre-trial conference.

14.) <u>Other Matters</u>: None


Respectfully submitted,


_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
RUDOLPH  CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney



_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970


Of Counsel:

DEANNE SOBCZAK
Attorney, Claims, Labor, and Personnel Law
General Legal Services
Internal Revenue Service

950 L'Enfant Plaza, SW 2d Floor
Washington, D.C. 20024
Tele: 202-283-7923
FAX: 202-283-7978

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 27th day of June, 2006, a copy of the foregoing Answer was mailed, postage prepaid to plaintiff pro se,
  Tessa E. Bergman
  2102 Arlington Terrace
  Alexanderia, VA 22303-1500 .


_____
Rhonda C. Fields
Assistant United States Attorney