UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESSA E. BERGMAN,<br>    Plaintiff | :<br>: |
| | : Civ. Action No. 06-0303 (GK) |
| V. | : |
| JOHN W. SNOW, | : |
| Secretary, Department of the Treasury, | : |
|     Defendant | : |

### RULE 26(a)(2) STATEMENT

Plaintiff hereby submits her Rule 26(a)(2) Statement, as follows:

Plaintiff identifies Judith A. Nowak, M.D. as an expert witness in this case. Dr. Nowak is expected to testify consistent with the opinions stated in the attached report. She is also expected to testify consistent with the testimony she gave in the administrative proceedings below. Specifcially, Dr. Nowak is expected to testify that prior to October 1999 she had been treating Ms. Bergman for low-grade chronic depression, that Ms. Bearman was not then getting therapy and was capable of performing her job duties. Dr. Nowak will testify that beginning is early October 1999 Ms. Bergman slipped into a major depressive episode. Dr. Nowak is expected to opine that the major depressive episode was caused by work place circumstances, including the lack of any substantive work coupled with close monitoring of Ms. Bergman's activities by her co-workers.

Dr. Nowak is expected to testify that in October 1999, at the time she reaquested a reasonable accommodation, Ms. Bergman had a disability as a result of her depression that prevented her from doing her job as then configured. Ms. Bergman's

disability was a direct and proximate result of her job conditions, including a lack of substantive work, oppressive work conditions, assignment of menial and clerical work and overall harassment. She will testify that, as of October 1999 Ms. Bergman's disability required a reasonable accommodation in her job that had to include either:

    A. Restructuring her current position to provide substantive work commensurate with her intellectual abilities and elimination of harassment; or

    B. Transfer to another position where these conditions would be met.

    Dr. Nowak is expected to testify that, when Ms. Bergman returned to work in December 1999, her medical condition was significantly exacerbated by her work conditions, including lack of any substantive work, isolation and constant monitoring of her day to day activities by her co-workers and even her office mate. As a direct and proximate result of the injuries in December 1999, Ms. Bergman experienced significant mental anguish, and pain and suffering. Dr. Nowak will testify that Ms. Bergman suffered a permanent injury, that all of her medical treatment was necessary for the injuries she sustained and all charges are ordinary and customary.

    All opinions will be to a reasonable degree of medical certainty, will be based on treatment and examinations of Ms. Bergman including Dr. Nowak's involvement in the events of the period October 1999 through March 2000. Dr. Nowak will testify that a physician appointed by the IRS in this matter agreed with her that Ms. Bergman had a disability in October 1999 involving a major depressive condition, that the disability required a reasonable accommodation and that the accommodation required was a job transfer to a position involving substantive legal work commensurate with Ms. Bergman's abilities and intellect.

Dr. Nowak's opinions are identified as expert opinions out of an abundance of caution because she was a treating physician and because the defendant has already retained a physician who made an independent determination that plaintiff suffers from a disability that requires a reasonable accommodation. At the administrative level of this case, defendant admitted that it was required to find a reasonable accommodation for plaintiff pursuant to the Americans with Disabilities Act of 1990 (Pub. L. 101-136) (the "ADA") and the Federal and Vocational Rehabilitation Act of 1973, (Pub. L. 93-112), as amended (29 C.F.R 1614.203) (1992) (the "Rehabilitation Act").

    Respectfully submitted,

_____
John D. Quinn, Esquire
D.C. Bar 267302
SALE & QUINN, P.C.
910 16th Street, N.W.
Suite 500
Washington, D.C. 20006

Counsel for Plaintiff