UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESSA E. BERGMAN, | : |
|     Plaintiff | : |
| | :  Civ. Action No. 06-0303 (GK) |
| V. | :  01/31/07 - Status Conference |
| JOHN W. SNOW, | :  02/01/07 - Opponent's Expert Disclosure |
| Secretary, Department of the Treasury, | :  03/01/07 - Discovery Closes |
|     Defendant | : |

MOTION TO WITHDRAW CONSENT MOTION FOR
EXTENSION OF TIME TO MAKE PROPONENTS' EXPERT DISCLOSURES

Defendant respectfully submits this motion to withdraw the previously filed Consent Motion for an Extension of Time to Make Proponents' Expert Disclosures.

On December 14, 2006, plaintiff filed an expert disclosure. Therefore, defendant does not have to accelerate its disclosure into a proponent's disclosure, but may make its opponent's expert disclosure in reply to plaintiff's submission.

Additionally, at the time the motion was filed, defendant's counsel believed that plaintiff had consented to extend the date for identifying experts. This belief was based on an e-mail received from plaintiff's counsel on December 12, 2006, which stated

> Ms. Bearman is willing to agree to extend the date for identifying experts. Is early January, OK?. In agreeing to this, I want to make sure we have the understanding that Ms. Bearman does not consent to an IME. Please confirm. Also, will you file the motion for an extension.

Ex. 1.
    Defendant's counsel responded

> Thanks, I understand that your client consents to an extension for identifying experts, but does not consent to an independent medical examination. I'll file a consent motion for extension, and then an unconsented motion for IME. Do you want the request for extension to apply to plaintiff as well?

*Id*.
    Plaintiff's counsel responded: "Yes the extension should apply to both parties."

Ex. 2.

On December 13, 2006 at 4:09 PM, defendant's counsel sent an e-mail to plaintiff's counsel containing a courtesy copy of the consent motion, Subject : "Extend motion for review." Ex 3.   At 4:28 PM an e-mail was sent concerning discovery requests.  Ex. 4.  At 5:07 PM another e-mail was sent Subject :"revised Bergman extend motion is attached."  Ex.5 .

On the morning of December 14, 2006, defendant's counsel received  from plaintiff's counsel an e-mail sent at 9:13 AM  related to "Bergman discovery requests,"  stating "I am headed out of town today and will be back on December 21.  We will have to deal with it then." Ex. 6.  It did not address the two e-mails sent concerning the consent motion – one sent before and one sent after the e-mail referred to in this 9:13 AM response.

Shortly after receipt of that e-mail, the Civil Division's  server began malfunctioning . See Ex.. 7.  Defendant's attorney did not see the e-mails sent by plaintiff's counsel later on December 14.  Counsel could access the internet and its local files only.

Believing that plaintiff's counsel had left town with no objection to the consent motion, the motion was filed pursuant to the believed agreement between the parties and stated:

> Defendant has consulted with plaintiff's counsel on this matter.  Plaintiff consents to the motion for an extension of time in which both parties may make the proponents' expert disclosures.  However, plaintiff has not consented to an independent psychological evaluation by defendant's expert.

 Consent Motion.  Defendant also stated

> Therefore, defendant respectfully requests an extension of time in which to make its  expert disclosures.  Defendant requests the extension so that it can have sufficient time to attempt to resolve its request for an independent examination and obtain a completed report from Dr. Allen.

*Id*.   As is indicated above, defendant had stated to plaintiff's counsel in an e-mail on December

12, 2006:

> I'll file a consent motion for extension, and then an unconsented motion for IME. Do you want the request for extension to apply to plaintiff as well?

Ex. 1.  Plaintiff's counsel did not respond that plaintiff would not consent to the extension if defendant would be seeking an IME.  Instead, plaintiff's counsel responded

> "Yes the extension should apply to both parties."

Ex. 2.

There apparently was a lack of communication concerning the parties' understanding of their agreement, and plaintiff's subsequent clarification on December 14, was not viewed prior to filing of the consent motion.

Therefore, for the reasons sent forth above, its is respectfully requested that the motion be withdrawn.

          Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970