UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESSA E. BERGMAN, : | |
| Plaintiff : | |
| : | Civ. Action No. 06-0303 (GK) |
| V. : | 01/31/07 - Status Conference |
| JOHN W. SNOW, : | 02/01/07 - Opponent's Expert Disclosure |
| Secretary, Department of the Treasury, : | 03/01/07 - Discovery Closes |
| Defendant : | |

DEFENDANT'S MOTION TO COMPEL
INDEPENDENT MENTAL EXAMINATION OF THE PLAINTIFF,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

I. INTRODUCTION

Defendant, by and through undersigned counsel, respectfully moves pursuant to Fed. R. Civ. P. 35(a)[1] for an order requiring the plaintiff, Tessa Bergman (*nee* Bearman), to submit to an examination by the defendant's expert psychiatrist, Martin G. Allen, M.D., at a time and date to be arranged between the parties.

This case was brought under the Rehabilitation Act, claiming that plaintiff is a qualified individual with a disability and that defendant failed to provide "an effective" reasonable accommodation for her. Complaint at ¶¶ 8-14. Plaintiff also claims that defendant retaliated

---

[1] Fed. R. Civ. P. 35(a) provides:

> Physical and Mental Examination of Persons. (a) Order for examination. In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending may order him to submit to a physical or mental examination by a physician. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made.

against her for asserting her rights under the Rehabilitation Act.  *Id*. at ¶15.

Plaintiff has submitted a Rule 26(a)(2) Statement ("Statement")[2] identifying Judith A. Nowak, M.D. as an expert witness in this case.  The notice indicates that, among other matters, Dr. Nowak is expected to opine 1) that in early October 1999 plaintiff slipped into a major depressive episode caused by her work place conditions, 2) that in October 1999 plaintiff had a disability which prevented her from doing her work as then configured, 3) that plaintiff's disability required an accommodation of restructuring her job or transferring her to another position, and 4) that after plaintiff returned to work in December 1999, plaintiff's medical condition was exacerbated by her work conditions.  Statement at p. 1-2.

Plaintiff's Statement asserts, inter alia, that due to defendant's actions in December 1999, plaintiff suffered a "permanent injury" for which she has been required to obtain medical treatment.   *Id*. at p. 2.  *See also* letter of Dr. Nowak, attached to the plaintiff's Statement ("As a direct and proximate result of the injuries in December 1999 Terri experienced significant mental anguish, and pain and suffering.  She also suffered a permanent injury.  Ms. Bergman's medical treatment by me was necessary for the injuries she sustained and all charges are ordinary and customary.  Terri is required to have ongoing therapy for the injuries she sustained in December 1999.").  *See also* plaintiff's Agency Deposition at p. 126 (stating that plaintiff  is claiming compensation for mental anguish, pain and suffering).

As set forth below, the defendant  is entitled to an independent mental examination of the plaintiff in this case, because it can demonstrate "good cause" and because plaintiff's mental state is "in controversy."  The defendant has conferred with plaintiff's counsel and has been advised

---

[2] See Docket Document 15-1 and 15-2.

that plaintiff does not consent to an independent examination.

## II.  ARGUMENT

In the seminal decision of *Schlagenhauf v. Holder*, 379 U.S. 104 (1964), the Supreme Court examined Rule 35 and determined the circumstances under which a party seeking damages for mental or physical damages should have to undergo an independent medical examination ("IME").  In analyzing the scope of Rule 35, the Court observed that "the deposition--discovery rules are to be accorded a broad and liberal treatment" and that "civil trials in the federal courts no longer need to be carried on in the dark." *See Schlagenhauf*, 379 U.S. at 114-115, *citing Hickman v. Taylor*, 329 U.S. 495 (1947).  The Supreme Court held that Rule 35(a) requires that the mental condition be "in controversy" and that the party seeking the mental examination show "good cause" therefor.  *Id*. at 118-119.  The Supreme Court stated:

> The 'good cause' and 'in controversy' requirements of Rule 35 make it very apparent that sweeping examinations of a party who has not affirmatively put into issue his own mental or physical condition are not to be automatically ordered . .. .

*Schlagenhauf*, 379 U.S. at 121.  However, "good cause" is shown where, as here, the plaintiff asserts mental or physical injury.

> Of course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury, . . .  places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.

*Id.*, 379 U.S. at 119.

Although there is disagreement among courts as to whether seeking damages for mere "emotional distress" is sufficient to show good cause, plaintiff has asserted not just emotional distress but mental injury.  *Compare, e.g. Benham v. Rice*,  238 F.R.D. 15, 28 (D.D.C.2006)("I

3

held unequivocally that 'an employee who seeks compensatory damages for emotional pain suffered as a result of employer's action has placed the existence and extent of their alleged mental injury in controversy, giving the employer good cause to seek examination.' . . . While I am aware that my views are in the minority, for the following reasons I adhere to them nonetheless.")(citations omitted) *with* its footnote 1, which states:

> The majority of courts, however, will not require a plaintiff to submit to a medical examination unless, in addition to a claim for emotional distress damages, one or more of the following factors is present: (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of her claim for emotional distress damages; and (5) plaintiff concedes that her mental condition is 'in controversy' within the meaning of Fed.R.Civ.P. 35(a).

*Id*. at fn 1(*citing to Fox v. The Gates Corp*., 179 F.R.D. 303, 307 (D.Col.1998)).  Here, factors 2, 3, and 4 are present.  Plaintiff has alleged a) a specific mental disorder –  a major depressive episode allegedly caused by defendant, b) a specific mental/psychiatric injury – "significant mental anguish, and pain and suffering" and a "permanent injury" "requiring ongoing therapy", c) unusually severe emotional distress – i.e. permanent injury requiring ongoing therapy, and d) plaintiff has offered the expert testimony of Dr. Nowak to her mental disorder and in support of her claim for the mental injury damages.

Thus, under either standard,  defendant has established that plaintiff has placed her mental condition in controversy and has shown good cause for an independent examination.  *See Shepherd v. American Broad. Cos., Inc*., 151 F.R.D. 194, 212-213 (D.D.C. 1993), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995) (IME appropriate where plaintiff submitted an

affidavit stating that, as a result of defendant's alleged discriminatory practices, she suffered from "Post-Traumatic Stress Disorder"); *Thiessen v. General Elec. Capital Corp.*, 178 F.R.D. 568, 570 (D. Kan. 1998) (IME appropriate where plaintiff alleged "specific injuries"); *Cody v. Marriott Corp.*, 103 F.R.D. 421, 423 (D. Mass. 1984) (same); *Lowe v. Philadelphia Newspapers, Inc.*, 101 F.R.D. 296, 298-99 (E.D. Pa. 1983) (IME appropriate where plaintiff asserted she sought psychiatric care as a result of defendant's alleged discrimination).[3]

Additionally, according to Dr. Nowak, prior to her return to work in December 1999, plaintiff has

> suffered from chronic low grade depressive symptoms . . .with distinct periods of worsening consistent with a diagnosis of Major Depressive Disorder. . . since childhood. . . . Ms. Bearman has been in treatment nearly consistently since her early twenties.
> She was hospitalized in 1991 with an acute depressive episode . . . . Ms. Bearman demonstrates a pattern of initial good response to several antidepressants followed by relapse of more severe symptoms.

Nowak letter dated October 11, 1999. In light of plaintiff's significant mental health history, there is a significant question as to the defendant's actual causation of , and or degree of causation of, plaintiff's alleged injury, which defendant's expert should be allowed to examine. *See e.g. Eckman v. University of Rhode Island* 160 F.R.D. 431, 434 (D.R.I.,1995)(". . . I cannot

---

[3] *See also Smedley v. Capps, Staples, Ward, Hasting and Dodson*, 820 F. Supp. 1227, 1232 (N.D. Cal. 1993) (plaintiff was ordered to undergo psychological examination where she intended to present evidence of "normal" emotional distress, even though she would not be presenting expert testimony or seeking damages for medical expenses related to her psychological injury); *Zabkowicz v. West Bend Co.*, 585 F.Supp. 635, 636 (E.D. Wis. 1984) (IME warranted where plaintiffs alleged that they suffered "extreme emotional distress" as a result of sexual harassment); *Brandenberg v. El Al Israel Airlines*, 79 F.R.D. 543, 544, 546 (S.D.N.Y. 1978)(in light of plaintiff's allegation that she suffered "physical, emotional, mental stress, and mental and psychiatric injuries," an independent psychiatric evaluation was "clearly appropriate").

fault the URI defendants for wanting to have . . . their expert, examine plaintiff. The severity of plaintiff's emotional problems has been placed on this record and will play a central role in this case. This alone supplies the necessary "good cause" for a Rule 35(a) mental examination. The URI defendants obviously have substantial questions concerning the extent of plaintiff's emotional injuries and causation therefor. They should have an opportunity to explore these issues and "good cause" has been shown. *See Shepherd v. American Broadcasting Companies, Inc.*, 151 F.R.D. 194, 212-13 (D.D.C.1993); *Anson v. Fickel*, 110 F.R.D. 184, 186 (N.D.Ind.1986)).

    The examination which is being requested would be conducted by a "suitably licensed or certified examiner." Dr. Martin G. Allen is a licensed physician with certifications from the following American Boards: Medical Examiners, Psychiatry, Psychoanalytic Association, Disability Analysts, and Forensic Medicine. Allen CV at p. 3. Dr. Allen had been in the private practice of psychiatry and psychoanalysis since 1968 and has served at the Georgetown University Medical School Department of Psychiatry and Georgetown University Hospital, among other professional activities. *Id.* at pp 1-2.

    Defendant requests that the examination be conducted at times and dates to be arranged between the parties. However, if the parties are not able to agree, that application can be made to the Court.

### III.  CONCLUSION

Wherefore for the foregoing reasons, the defendant respectfully requests that its motion for an independent mental examination of the plaintiff be granted.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____
RUDOLPH  CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970