UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESTSA E. BERGMAN,<br>　　　　Plaintiff | :<br>:<br>: Civ. Action No. 06-0303 (GK) |
| V.<br>JOHN W. SNOW,<br>Secretary, Department of the Treasury,<br>　　　　Defendant | :<br>:<br>:<br>:<br>: |

**PROTECTIVE ORDER**

　　This is an action in which Plaintiff alleges that Defendant failed to accommodate her pursuant to the Rehabilitation Act and retaliated against her.  The defendant is seeking from plaintiff and a covered entity, her psychiatrist, disclosure of medical, psychiatric, and other records that are likely to contain confidential information, including, but not limited to, information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and the Health Insurance Portability and Protection Act.  In order to permit the defendant to discover, use and disclose information relevant to this case solely for the purpose of this litigation, without disclosing confidential information for any other purpose, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, and 45 C.F.R. § 164.512 it is hereby:

　　ORDERED, that this is a qualified protective order with respect to protected health information and prohibits the parties from using or disclosing the protected health information for any purpose other than the captioned litigation, and it is further

　　ORDERED, that any documents received by defendant from plaintiff's doctor, whether by plaintiff's consent or pursuant to subpoena in this matter, shall be treated as confidential protected health information and should be marked  "CONFIDENTIAL MEDICAL", and at the end of this litigation such documents (and any copies thereof ) shall be returned to said doctor or

be destroyed and it is further

ORDERED, that Dr. Judith A. Nowak, comply with the subpoena served on her on February 12, 2007 in this matter, copy attached, and it is further

ORDERED, that whenever counsel for any party believes that formal or informal discovery in this case, in whatever form, may reveal or has revealed information which may be within the scope of the provisions of the Privacy Act or the Health Insurance Portability and Protection Act or may contain other types of confidential information, the following procedures shall be followed:

1.  Counsel for the party producing such information, shall designate the information as subject to this Order by letter and by marking documents containing such information with the notation "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL." Upon request from the other party, counsel for the producing party will promptly explain its basis for designating material as being subject to the Protective Order.

2.  The parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts, containing information subject to this order with the Clerk.

3.  If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth therein the relevant portion of records that have been designated as subject to this Order pursuant to paragraph one, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only the specific information designated pursuant to paragraph one of this Consent Order and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the

Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the caption of this action, a brief description of the contents of such sealed envelope or container, and the words "under seal." If redaction of any filing should be so extensive as to render the redacted version unintelligible, then only one unredacted copy should be filed under seal.

    4. The right of access to all records designated "CONFIDENTIAL" under this Order (unless the parties have agreed otherwise or the Court enters an order permitting disclosure) shall be limited to the parties, counsel for the parties (including agency counsel), consultants to the parties, paralegals and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court. Defendant's right of access to all records of plaintiff designated "CONFIDENTIAL MEDICAL" under this Order (unless the parties have agreed otherwise or the Court enters an order permitting disclosure) shall be limited to counsel for the defendant (including agency counsel), consultants to the parties, paralegals and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. No officials or employees of Defendant, except for agency counsel and any other person mutually authorized by all counsel, shall have access to plaintiff's records designated "CONFIDENTIAL MEDICAL," although the Court will upon request reconsider such access for a limited number of agency officials at a time when defendant believes such access has become necessary for purposes of considering settlement or otherwise.

    5. Except as provided herein, no person having access to records designated as subject to

this Order shall reveal to any person not named in paragraph 4 any information contained in such material without further Order of the Court or stipulation of the parties.

6. All documents and copies of documents designated as subject to this Order shall be destroyed or returned to counsel for the producing party, or to the producing covered entity, within sixty (60) days of the conclusion of all trial and appellate proceedings in this case. If the documents are destroyed, counsel shall so notify opposing counsel in writing.

7. Nothing contained in this Order shall be construed, as precluding Plaintiff or Defendant from introducing materials which are subject to this Order, or the contents thereof, into evidence at the trial of this case. If however, these documents are to be used at trial, the Court may determine and direct at that time the extent to which confidentiality shall be protected.

8. Any specific part or parts of the restrictions imposed by this protective Order may be terminated at any time by a letter from plaintiff's counsel or by an Order of the Court. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

9. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order. If either party disagrees with the other party's designations and if the parties are unable to resolve the disagreement, the party opposing the designation may seek an order from the Court removing the disputed material from the protection of this protective order. Until any such disagreement is adjudicated, the party in receipt of records designated "CONFIDENTIAL" or "MEDICAL CONFIDENTIAL" shall treat the records and the information contained in the records in accordance with the terms of this Order.

10. Each person to whom records or information designated "CONFIDENTIAL" or "MEDICAL CONFIDENTIAL" under this protective Order is revealed shall sign and date a copy affirming that they have read and agree to be bound by the terms of this protective Order. Counsel of record for each party shall retain those signed copies, which shall not be provided to the adverse party.

**Date:** _____

**UNITED STATES DISTRICT JUDGE**

AFFIRMATION

I, _____, hereby affirm that I have read the foregoing Order and agree to be bound by the terms of this Protective Order. I understand that failure to follow the dictates of this Order would subject me to sanctions from the Court.

Date: _____