UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESSA E. BERGMAN, : | |
| Plaintiff : | |
| : | Civ. Action No. 06-0303 (GK) |
| V. : | 03/16/07 - Discovery Closes |
| JOHN W. SNOW, : | |
| Secretary, Department of the Treasury, : | |
| Defendant : | |

DEFENDANT'S MOTION FOR A RULE 26 (c)PROTECTIVE ORDER

Defendant respectfully submits this motion, pursuant to Federal Rule of Civil Procedure 26(c)(1), for a protective order directing that the plaintiff not be allowed to have discovery pursuant to her Notice for Deposition Duces Tecum.

Pursuant to the Court's Scheduling Order, the deadline for written discovery requests in this matter was December 1, 2006. Plaintiff submitted no written discovery requests to defendant, and specifically did not submit a request for production of documents pursuant to F.R.Civ. P. 34.

On February 28, 2007, the Court extended the discovery deadline to March 16, 2007 following a consent motion from the parties requesting additional time to complete deposition of expert witnesses. Docket No. 22.

On March 12, 2007, at 1:20 pm an envelope was received in the United States Attorney's Office from plaintiff's counsel via "Washington Express." Ex. 1. Enclosed was a Notice of Deposition Duces Tecum noticing a deposition for March 16, 2007 at 10:30 am, requiring the defendant to appoint a representative to testify

to all facts known by, or reasonable (sic) available to defendant related to or

arising from the following matters:

The facts and circumstances involved in and surrounding any report of Pam Largent related to or referring to the IRS Office of Public Liaison and Small Business Affairs, including all reasons why the report was prepared and all actions taken in response to the report.

2. The facts and circumstances involved in and surrounding any allegations of improper, unfair or inappropriate treatment of employees the IRS Office of Public Liaison and Small Business Affairs from January 1, 1999 to December 31, 2001, including all allegations of harassment and/or a hostile work environment.

Ex. 2 at Exhibit A. The notice also called for the deponent to produce "all documents prepared by Pam Largent referring or relating to the IRS Office of Public Liasion and Small Business Affairs and any document that refers or relates to allegations of harassment of employees or hostile work environment in the IRS Office of Public Liaison and Small Business Affairs at any time between January 1, 1999 and December 31, 2001." Ex. 2 at p. 1.

Prior to the receipt of this document counsel for the parties had arranged deposition times for the plaintiff and expert witnesses at mutually convenient times during the week of March 12-16 by telephonic and e-mail communication. Plaintiff's counsel did not extend the courtesy of such communication to defendant's counsel prior to sending the Notice at issue, and did not give defendant's counsel advance notice that plaintiff would be requesting production of documents and an agency witness to testify concerning such documents.

## ARGUMENT

Plaintiff did not give "reasonable notice" of the deposition as is required by F.R.Civ. P. 30(b) and LCvR 30.1. The local rule provides that "Service of a notice of deposition five days in advance of the date set for the taking of the deposition shall constitute reasonable notice." Plaintiff's Notice of Deposition Duces Tecum was received on March 12, 2007, for a deposition

date of March 16.  This is less than the five days notice required.

Plaintiff's request for documents is in violation of F. R.Civ P. 34.  Rule 30 (b)(5) provides that a notice of deposition may be accompanied by a request for documents, but the request must be in compliance that Rule 34.  Rule 34 (b) provides that a written response to a Rule 34 request for documents is required to be served within 30 days.  Plaintiff has not sought or obtained an Order from this Court making that time period shorter.  Nor has the plaintiff sought or obtained any exemption from the Court's scheduling order closing written discovery on December 1, 2006.

Plaintiff's request for a Rule 30(b)(6) witness is overly burdensome.  In order to prepare a 30 (b) 6 witness to testify at a March 16th deposition, the agency is required to retrieve, review, and prepare the witness to testify about the documents which plaintiff has requested.  But the defendant is not required under Rule 34 to deliver the requested documents to plaintiff until 30 days after his request.  Moreover, plaintiff has not requested a singular, easily retrievable document.  She requests testimony concerning "the facts and all circumstances involved in and surrounding any allegations of improper or inappropriate treatment of employees . . .from January 1, 1999 to December 31, 2002."  Not only is defendant not required under Rule 34 to retrieve and submit documents covering such a broad request in four days, but defendant also cannot prepare an agency witness properly to answer questions of such broad coverage in four days.

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution.  *See* Fed. R. Civ. P. 26(c); *see, e.g., Brennan v. Local Union No. 639*, 494 F.2d 1092, 1100 (D.C. Cir.

1974); *Brune v. IRS*, 861 F.2d 1284, 1288 (D.C. Cir. 1988); *Gallella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973). Such an order may provide, inter alia, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party. Fed. R. Civ. P. 26(c)(1)-(3). Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *accord Laborers Int'l Union of North America v. Department of Justice*, 772 F.2d 919, 921 (D.C. Cir. 1984).

    In the instant case the Court should exercise its discretion to deny the discovery sought by the plaintiff. Plaintiff's Notice clearly is in violation of the Federal Rules of Civil Procedure, the local rule, attempts to circumvent the Court's scheduling order and is unduly burdensome.

    Below signed counsel hereby certifies that the parties have conferred by e-mail about this matter and are not able to agree. See Ex. 3.

CONCLUSION

Wherefore for the foregoing reasons, the defendant respectfully requests that the Court grant its motion that disclosure or discovery not be had, and that defendant be relieved from appearing at the deposition and from producing documents.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970