UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESSA E. BERGMAN, : | |
|     Plaintiff : | |
| : | Civ. Action No. 06-0303 (GK) |
| V. : | |
| JOHN W. SNOW, : | |
| Secretary, Department of the Treasury, : | |
|     Defendant : | |

PLAINITFF'S MOTION TO RECONSIDER
ORDER GRANTING PROTECTIVE ORDER

COMES NOW Plaintiff, Tessa Bergman, by the undersigned counsel, and respectfully moves for reconsideration of the Order entered on March 16, 2007 granting Defendant's Motion for Protective Order. A Memorandum of Law in support of this motion and in opposition to the Motion for Protective Order is attached hereto and incorporated herein.

    Respectfully submitted,

    _____/s/_____
    John D. Quinn, Esquire
    D.C. Bar 267302
    SALE & QUINN, P.C.
    910 16th Street, N.W.
    Suite 500
    Washington, D.C. 20006

    Counsel for Plaintiff

March 16, 2007

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESSA E. BERGMAN, : | |
|     Plaintiff : | |
| : | Civ. Action No. 06-0303 (GK) |
| V. : | |
| JOHN W. SNOW, : | |
| Secretary, Department of the Treasury, : | |
|     Defendant : | |

PLAINITFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER ORDER GRANTING PROTECTIVE ORDER AND OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Plaintiff Tessa Bergman ("Plaintiff") submits her Memorandum of Law in Opposition to the Motion for Protective Order of Defendant John W. Snow, Secretary, Department of Treasury ("Defendant") and states as follows:

Defendant filed a Motion for Protective Order on March 15, 2007 at 9:24 PM. Counsel for Plaintiff first learned of the Motion for Protective Order, which was filed without consultation with counsel for Plaintiff, when counsel first opened his e-mails at 9:15 AM on March 16, 2007. As Plaintiff was preparing a Memorandum of Law in Opposition to the Motion for Protective Order, the Court issued an Order granting the Motion for Protective Order at 11:59 AM on March 16, 2007. With all due respect, Plaintiff was entitled to an opportunity to respond to Defendant's motion before the motion was granted. Plaintiff has a meritorious response to the Motion in that the facts given by Defendant in support of the Motion for Protective Order were inaccurate.

On March 9, 2007, Plaintiff served a notice of deposition on Defendant requesting that Defendant produce, on March 16, 2007 at 10:30 AM, an officer, director, managing agent or

2

other person to give testimony concerning allegations of a hostile work environment in the Internal Revenue Services' Office of Public Liaison and Small Business Affairs, a small office of the IRS that employed Plaintiff, a report related to an investigation of the matter. Exhibit A. Plaintiff believes that the report is highly relevant because it relates to the employment practices of the former Director of the IRS office where Plaintiff was employed who is alleged to have had significant personal involvement in the harassment Plaintiff alleges in this case. Specifically, Plaintiff's expert in this case, Judith Nowak, M.D., will testify that Plaintiff suffered an acute exacerbation of otherwise mild chronic depression due to a hostile work environment and harassment, which acute depressive episode was the basis for Plaintiff's request for a reasonable accommodation under the Rehabilitation Act and ADA. An independent physician retained by the IRS agreed that Plaintiff required a job transfer as an accommodation for her disability. Plaintiff also claims that Defendant retaliated against her by harassing her after she filed a request for a reasonable accommodation.

     Plaintiff served a notice of deposition on Defendant that was hand delivered as follows at 4:24 PM on March 9, 2007:

> Rhonda Fields, Esq.
> Office of United States Attorney
> 555 4th Street, N.W.
> Washington, D.C. 20001

The foregoing is the mailing address counsel for Defendant provided to the Court and is the address used by counsel for Defendant on the motion for protective order filed March 15, 2007. In addition, the notice of deposition was sent by facsimile to co-counsel for Defendant Deanne Sboczak, Esq., of the Internal Revenue Service Office of Chief Counsel on March 9, 2007. Because the deposition is scheduled for March 16, 2007, the notices of deposition served on

March 9, 2007 were timely under Local Rule 30.1, which deems five days advance notice of a deposition as presumptively reasonable notice. The notice was timely, because discovery in this case closes on March 16, 2007.

Counsel for Plaintiff and Defendant have been together in three depositions this week, on March 12, 13 and 15. Neither counsel for Defendant, Ms. Fields nor Ms. Sobczak, made any mention to counsel for Plaintiff of an objection to the March 16th deposition at any of the three depositions held this week although both counsel were present at all three depositions. However, less than an hour after the conclusion of the last deposition held on March 15, counsel for Defendant sent an e-mail to counsel for Plaintiff stating that Defendant would not appear for deposition on March 16, 2007.

The reason given by Defendant for refusing to appear at the deposition was that the notice of deposition was untimely. Specifically, Defendant asserts that the notice of deposition was not served on Defendant until 1:20 PM on March 12, 2007. Motion for Protective Order, p. 1. Defendant is mistaken. Exhibit B is a Delivery Notification of Plaintiff's courier service, Washington Express, showing that the notice of deposition was delivered by hand delivery to Defendant at the above address at 4:24 PM on March 9, 2007. Also included is an affidavit of Washington Express and a copy of the Washington Express delivery log showing that the document was signed for by "Height" at the US Attorney's office at 4:24 PM on March 9, 2007. While the notice of deposition may not have reached counsel for Defendant's desk until the afternoon of March 12th, Plaintiff is not responsible for delays in Defendant's internal mail system. Of course, this does not explain why counsel for Defendant did not raise the issue in any of the three meetings counsel had this week before Defendant abruptly sent an e-mail on the afternoon of March 15 indicating Defendant would not appear at the deposition.

The notice of deposition was also served on Deanne Sobczak, Esq., on March 9, 2007 at 3:09 PM by facsimile to (202) 283-7978, the fax number used by Ms. Sobczak in the pleadings in this case. Exhibit C. Ms. Sobczak was also present in all three depositions this week and made no mention of an objection to the notice.

Defendant also objects because the notice requests the deponent to produce a copy of the report, prepared by IRS employee Pam Largent, on the basis that Plaintiff did not request the document through a written request for production of documents. This argument does not explain Defendant's refusal to present a live witness to testify about allegations of a hostile work environment in the office, job harassment of employees in the office or to the content and findings of the report. Even without physical production of the document, Plaintiff could also use the deposition to learn the identity persons with knowledge of the contents of the report and harassment in the office where Plaintiff was formerly employed who could be called as witnesses at trial. Plaintiff also intended to obtain a formal identification of the document itself in the deposition and the identity of the custodian of the document so Plaintiff could subpoena the document as evidence at trial. Plaintiff overlooked the fact that Plaintiff did not have a copy of the report because the report was submitted *in camera* to the ALJ during the administrative proceedings in this case. Also, neither party in this case filed written requests for production of documents because extensive discovery was done at the administrative level. Defendant was given considerable leniency on this when the Court ordered Plaintiff to produce Plaintiff's psychiatric records even though Defendant did not request those records until long after written discovery in this case closed on December 15, 2007. Plaintiff requests similar leniency here.

Plaintiff believes that the report prepared by Pam Largent contains detailed information about the work environment in IRS' Office of Public Liaison and Small Business Affairs and

5

concludes that there was a hostile work environment and harassment of employees in the office that employed Plaintiff and that the allegations relate, at least in part, to the time period when Plaintiff was employed in that small office. Plaintiff respectfully requests that the Order granting the Motion for Protective Order be vacated, that the Motion for Protective Order be denied and that Defendant be ordered to present a witness to respond to the notice of deposition at an agreeable date and time within 10 (ten) days of the date of the Court's order.

                                                          Respectfully submitted,

                                                _____/s/_____
                                                John D. Quinn, Esquire
                                                D.C. Bar 267302
                                                SALE & QUINN, P.C.
                                                910 16th Street, N.W.
                                                Suite 500
                                                Washington, D.C. 20006

                                                Counsel for Plaintiff

March 16, 2007

Case 1:06-cv-00303-GK    Document 25    Filed 03/16/2007    Page 7 of 7