## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TESSA E. BERGMAN,              :
        Plaintiff            :
                              :   Civ. Action No. 06-0303 (GK)
V.                           :   03/16/07 - Discovery Closed
JOHN W. SNOW,               :   05/01/07- Deadline for filing Dispositive
Secretary, Department of the Treasury,  :      Motions
        Defendant         :

## RESPONSE TO PLAINTIFF'S
## MOTION TO RECONSIDER ORDER GRANTING PROTECTIVE ORDER

Defendant respectfully submits this Response to Plaintiff's Motion to Reconsider Order Granting Protective Order (Motion to Reconsider). Defendant filed a motion pursuant to Federal Rule of Civil Procedure (F.R.Civ. P.) 26(c)(1), for a protective order directing that the plaintiff not be allowed to have discovery pursuant to her Notice for Deposition Duces Tecum. On March 16, 2007, the Court granted defendant's motion and relieved defendant from appearing at the deposition and from producing documents, "until this matter can be resolved with briefing." In response, plaintiff has filed the instant motion to reconsider and supporting memorandum of points and authorities (Memo).

### Argument

**Conceded Arguments**

It is well settled in this Circuit that when a plaintiff files an opposition addressing only certain arguments raised by the defendant, "a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., General Bd. Of Global Ministries*, 238 F.Supp.2d 174, 178 (D.D.C. 2002) (*citing FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997); *see also* Local Rule LCvR 7(b); *Bancouldt v. McNamara*, 227 F.Supp.2d 144, 149 (D.D.C.

1

2002); *Bramwell v. Blakey,* 2006 WL 1442655, *8 (D.D.C.2006)); *Hornbeck Offshore Transp., LLC v. U.S. Coast Guard,* 2006 WL 696053, *23 (D.D.C.2006); *Hooker-Robinson v. Rice,* 2006 WL 508343, *3 (D.D.C. 2006); *Matta v. Snow*, 2005 WL 3454334, *23 (D.D.C.2005).

      In her memorandum of law, plaintiff addresses defendant's argument that the plaintiff did not give "reasonable notice" of the deposition, but does not address or rebut defendant's other arguments.  They include the following arguments submitted by defendant:

      -- Plaintiff's request for documents is in violation of  F. R.Civ P. 34,

      -- Plaintiff has not sought or obtained an Order from this Court making the time period under Rule 34 shorter, nor has the plaintiff sought or obtained  any exemption from the Court's scheduling order closing written discovery on December 1, 2006,

      --Plaintiff's request for a Rule 30(b)(6) witness is overly burdensome.

Therefore, those arguments should be deemed conceded.

**Plaintiff has not shown good cause for her untimely request for document production.**

      It is undisputed that the deadline for written document discovery was December 1, 2006. Plaintiff has offered no good reason for her failure to seek the documents requested in her notice of deposition by the deadline for written discovery requests.  The documents requested were as follows:

> all documents prepared by Pam Largent referring or relating to the IRS Office of Public Liaison and Small Business Affairs and any document that refers or relates to allegations of harassment of employees or hostile work environment in the IRS Office of Public Liaison and Small Business Affairs at any time between January 1, 1999 and December 31, 2001." Ex. 2 at p. 1.

      Plaintiff admits that during the administrative proceedings in this case she had knowledge

2

of one of the documents requested, a document prepared by Pam Largent,   Memo at p. 5.

Plaintiff states that she "overlooked the fact that Plaintiff did not have a copy of the report

because the report was submitted *in camera* to the ALJ during the administrative proceedings in

this case." Memo at p. 5.   Such a document was submitted in camera during the administrative

proceeding;  that was because the agency objected to providing the report, plaintiff filed a motion

to compel testimony from Ms. Largent and production of her documents.  See Ex. A.  The

Administrative Judge conducted an *in camera* review of the document.  The Administrative

Judge ruled that the testimony and document were not relevant to the claims in the case and ruled

that the IRS was not required to provide the document to plaintiff.  Sobczak Aff.   In light of this

history, it is hard to understand how plaintiff "overlooked" not having a copy of the document.

Although plaintiff argues that the document purportedly is relevant to the testimony of its

expert witness, plaintiff does not explain why she did not ask  for leave to re-open documentary

discovery.   Plaintiff filed a Rule 26 (a)(2) statement from her expert, plaintiff was compelled to

submit to an IME, and the parties asked for an extension of the final discovery deadline to allow

completion of expert depositions;  yet plaintiff failed to ask to reopen documentary discovery for

this purportedly relevant document nor mentioned any need for the document or a Rule 30(b)(6)

witness pertaining to that document, or any of the other documents requested, prior to service of

the Notice of Deposition.

Also, to the extent plaintiff refers to a "hostile work environment," defendant notes that

plaintiff's complaint does not allege any claim of discrimination due to hostile work

environment.   Plaintiff's complaint claims a failure to accommodate and acts of retaliation after

she filed her request for accommodation.

3

Additionally, plaintiff simply has failed to offer any reason for not timely seeking the other documents requested pertaining to "allegations of improper, unfair or inappropriate treatment. . . ."

Therefore, defendant should not be required to produce the documents requested.

**REFUSAL TO PRESENT A LIVE WITNESS**

Plaintiff contends that defendant's motion for a protective order "does not explain Defendant's refusal to present a live witness to testify about allegations of a hostile work environment in the office, job harassment of employees in the office or the content and findings of the report. . . ." To the contrary, defendant clearly argued that the request for a Rule 30 (b)(6) witness was overly burdensome.

A Rule 30(b)(6) witness is not just any live witness.

> The Rule 30(b)(6) designee does not give his personal opinions. Rather, he presents the corporation's "position" on the topic. . . . Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. . . . . The corporation must provide its interpretation of documents and events.. . . The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition.

*U.S. v. Taylor,* 166 F.R.D. 356, *361 (M.D.N.C.,1996)(citations omitted). Further

> Rule 30(b)(6) explicitly requires [the agency] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition.

*Id.*, 166 F.R.D. at 362; *accord Alexander v. F.B.I.,* 186 F.R.D. 137, 141 (D.D.C. 1998).

Additionally, "Producing an unprepared witness is tantamount to a failure to appear" and can subject a party to sanctions under Rule 37(d). *U.S. v. Taylor*, 166 F.R.D. at 363; *In re Vitamins*

*Antitrust Litigation,* 216 F.R.D. 168, 173 -174 (D.D.C.2003).

      Plaintiff requested the documents pertaining to and a witness to testify about:

      1.  The facts and circumstances involved in and surrounding any report of Pam Largent related to or referring to the IRS Office of Public Liaison and Small Business Affairs, including all reasons why the report was prepared and all actions taken in response to the report.

      2. The facts and circumstances involved in and surrounding any allegations of improper, unfair or inappropriate treatment of employees the IRS Office of Public Liaison and Small Business Affairs from January 1, 1999 to December 31, 2001, including all allegations of harassment and/or a hostile work environment.

Plaintiff is requesting testimony about allegations made five to seven years ago. A properly prepared  witness for the scope of information requested by plaintiff , e.g. information concerning "any allegations of improper, unfair or inappropriate treatment" [not necessarily allegations of discrimination] of the described employees, would require a search for and review of all possible pertinent documents, whether in EEO files, grievance files, informal complaints, e-mails and interviews with the employees, supervisors and others who might have knowledge of such allegations.

      Since plaintiff did not seek the underlying documents in accordance with Rule 34 (b)  and the Court's Scheduling Order, the information pertaining to allegations of other individuals five to seven years ago is not readily available to defendant, and it is unduly burdensome to require defendant to obtain such information in the reduced time frame requested by plaintiff.  Since plaintiff clearly had to know that Rule 34(b) requires 30 days for production of documents, plaintiff's notice for deposition clearly is a ruse to evade the Court's Scheduling Order closing written discovery in this matter on December 1, 2006  and closing all discovery on March 16,

2007.

**Plaintiff Did Not Give Reasonable Notice**

Plaintiff's Notice was stamped received in the Civil Division on March 12, 2007, at 1:20 pm.   It noticed a deposition for March 16, 2007 at 10:30 am, requiring the defendant to appoint a representative to testify as is described above. Plaintiff contends that the notice was timely because it was delivered to the United States Attorney's Office by Washington Express at 4:24 pm on Friday, March 9, 2007– about one hour before the close of business.[1]

Local Civil Rule 30.1 requires the notice to be served five business days in advance of the scheduled deposition.  *U.S. v. Philip Morris Inc*.,  312 F.Supp.2d 27, 37 (D.D.C. 2004). Pursuant to F.R.Civ. P. 6, weekends are not counted.    Plaintiff's notice was not served  five business days in advance of March 16, 2007 at 10:30am.  It was served four business days and approximately one hour of a business day in advance of the noticed deposition.

In addition to not meeting the specific service requirement of the local rule, plaintiff's notice does not meet the general reasonableness requirement of F.R.Civ. P. 30(b)(1).  *See In re Sulfuric Acid Antitrust Litigation,*  231 F.R.D. 320, 327 (N.D.Ill.,2005)("just as negligence in the air does not exist, neither does reasonableness: the analysis is necessarily case-specific and fact-intensive.").  Among the factors to be considered is  the required preparation time

An obvious fact to be considered is the time between the notice and the

---

[1]  Plaintiff alludes to sending a copy of the notice to Ms. Sobczak at the IRS Counsel's Office on March 9.  Without delving into the possible implications of contacting a represented party, F.R.Civ.P. 5(b) clearly provides that "service on a party represented by an attorney is made on the attorney unless the court orders service on the party."  The docket in the case shows that Ms. Sobczak is not an attorney of record in the matter.

deposition, with an eye toward preparation and travel. *See, e.g., United States v. Philip Morris Inc.*, 312 F.Supp.2d 27, 36-37 (D.D.C.2004)(notice of three business days, "especially to busy litigators who need to prepare to testify about events occurring six to nine years previously," does not constitute "reasonable notice."); *Harry A. v. Duncan*, 223 F.R.D. 536, 538-39 (D.Mont.2004)("It is difficult to conceive how a party can adequately prepare for 85 depositions within two weeks."). . . .

*In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. at 327. As is indicted above, much lead

time would be needed to obtain the underlying information needed to prepare the requested Rule

30(b)(6) witness. Another factor is the competing demand of other matters in the case.

> What would be reasonable even in a late stage of a relatively simple case with few lawyers may take on a very different cast where, as here, the case is exceedingly complex, the depositions are to occur virtually hours before the discovery cut-off, and it was obvious--or at least probable--that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices. The plaintiffs were keenly aware of all of these facts and of the competing demands imposed by the other discovery disputes that had been percolating for some period.

*Id.* Here the deposition was scheduled to occur just hours before the discovery deadline.

Plaintiff's lawyer previously had said he was unavailable for a deposition on March 16, so

defendant's counsel had other matters scheduled. See Ex. 3 at p. 1. As plaintiff admits, during

the week of March 16 the parties had previously scheduled three other depositions. One was of

the plaintiff and the other of the plaintiff's expert.

Another factor which can be considered is whether defendant in any manner impeded

plaintiff's discovery.

> It was not as though there had been some impropriety, and the identities of the witnesses had been concealed by the defendants until late in the game. . . . So far as the present record reveals, the plaintiffs waited months before taking any action  . . . . Thus, in the context of this case, the notices were not reasonable or timely.

*Id.* Here, there was no impropriety on the part of defendant and plaintiff waited months before taking action.

A final factor which may be considered is whether the deposition was noticed so that discovery would be completed by the discovery cut-off required by the Scheduling Order. *Id.* ("Obviously, if the notices of deposition to the Marsulex employees were unreasonable, it necessarily follows that Judge Coar's Supplemental Standing Order would be violated, for the discovery would not then have been initiated in time to be completed by the July 1st cut-off date.") Plaintiff's notice was not served at a time which contemplated completion of discovery by the Scheduling Order cut-off. Plaintiff's notice was served five business days in advance of March 16, 2007 at 4:24 pm – approximately one hour before the close of the business day on the day discovery closed.

Reasonable notice was not made for a deposition of a Rule 30(b)(6) witness starting at 10:30 am on March 16, 2007. Therefore, the plaintiff should not be allowed to have discovery pursuant to her Notice for Deposition Duces Tecum.

CONCLUSION

Wherefore for the foregoing reasons, the defendant respectfully requests that the Court deny plaintiff's motion for reconsideration and grant defendant's motion that disclosure or discovery not be had.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____
RUDOLPH  CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970