DOCUMENTS IDENTIFIED BY DATE

Page

10/7/99 Nowak Note . . . . . 1

10/18/99 Mendola Memo . . . . . 2

10/26/99 Presant ltr . . . . . 3

10/27/99 Sottile Memo to Chief Communication and Liaison . . . . . 4

10/27/99 Memo to Bearman . . . . . 6

10/29/99 King Fax . . . . . 7

11/15/99 Presant ltr . . . . . 8

11/23/99 Nowak ltr . . . . . 9

11/26/99 Presant ltr . . . . . 10

12/1/99 Fulcher ltr . . . . . 11

12/2/99 McIver ltr . . . . . 12

Calendar November 1999 . . . . . 13

JUDITH A. NOWAK, M.D., P.C.
908 New Hampshire Avenue N.W., Suite 302
Washington, DC 20037
Telephone: (202) 887-5495

7 October 1999

To Sue Sottile

Re: Terri Bearman

Ms. Bearman is under my medical care. In my medical opinion, she is temporarily unable to work. I anticipate she will need to be absent from work for a period of thirty days.

Sincerely,

Judith Nowak, MD

WASHINGTON, D.C. 20224

October 18, 1999

MEMORANDUM FOR DR. NEIL L. PRESANT

FROM: Madeline Mendola, Labor Relations Specialist A:HQ:HR:MP:L

SUBJECT: Medical Determination

Attached you will find medical documentation submitted concerning Theresa Bearman. This employee has been on Leave Without Pay for 2-3 weeks and has requested Advanced Sick Leave. Please review the medical documentation and advise if her condition justifies her being totally disabled for work for 30 days or more.

If you have any questions, I can be reached on (202) 622-9269. Thank you for your attention in this matter.

Attachment



DEPARTMENT OF HEALTH & HUMAN SERVICES

Public Health Service

Health Resources and
Services Administration
Bethesda MD 20814

Federal Occupational Health
4350 East West Highway, 3rd Floor
Bethesda, Maryland 20814
npresant@foh.dhhs.gov

October 26, 1999

Ms. Madeline Mendola
Labor Relations Specialist
Internal Revenue Service
A:HQ:HR:MP:L
Washington, DC 20224

Dear Ms. Mendola:

As requested, I have reviewed the medical documentation provided by Ms. Theresa Bearman, an employee of the IRS who has been absent from the workplace for several weeks. The documentation consists of letter dated October 11, 1999 from her psychiatrist, Dr. Judith Nowak. In addition, I spoke directly with Dr.Nowak about the case.

The medical evidence establishes that Ms. Bearman has been suffering from a medical condition that could reasonably be expected to have caused her to miss work during the time in question. Her condition thus justifies her being absent from the workplace. Dr. Nowak estimates that Ms. Bearman should be able to return to the workplace in about 6-8 weeks. She stated, however, that this will require an accommodation. She was not at liberty to discuss this accommodation right now, but the IRS will evidently be receiving this accommodation request shortly through Ms. Bearman's lawyer.

Please call me at (301) 594-0273 if you have further questions concerning this matter.

Sincerely,

Neal L. Presant, MD

Neal L. Presant, M.D, CIME
Occupational Medicine Consultant



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

October 27, 1999

MEMORANDUM FOR CHIEF COMMUNICATIONS AND LIAISON

FROM: Sue Sottile
Susanne M. Sottile
National Director, Office of Public Liaison and Small Business Affairs

SUBJECT: Terri Bearman's Request for Advance Sick Leave

Dave, on October 26, Labor Relations received a letter from Dr. Neal Presant, the IRS' medical representative from the Department of Health & Human Services. Labor Relations had asked Dr. Presant to contact Terri Bearman's doctor regarding her request for 240 hours of advance sick leave.

After speaking to Terri's doctor, Dr. Presant concluded that Terri's condition justified her absence from the workplace since October 11, 1999. In his letter (attached), he also said he supports her doctor's opinion that she should be able to return to work within the next 6-8 weeks.

According to Dr. Presant's letter, Terri's doctor indicated that her return to work will require an accommodation. However, her doctor was not at liberty to immediately discuss the accommodation. Labor Relations should shortly receive additional information from Terri's lawyer.

On October 26, we took action to credit Terri with the advance sick leave for pay period 21. This will ensure she continues to receive her salary unless her absence extends beyond her advance leave balance.

Terri also successfully applied for the Leave Sharing Program. Under this program, she can request that employees within Communications and Liaison donate their annual leave to her. Attached is the standard memorandum for your signature. Typically, the memorandum is posted in the employee's home organization work areas. It can also be posted via e-mail. Any distribution beyond Communications and Liaison or with any other federal agency is Terri's responsibility.

Although we can't be sure what accommodation Terri's lawyer will request, it is possible that it will involve a job transfer to a less stressful office. Considering the responsibilities her present job entails I would support her reassignment to a less stressful job. I would like to discuss this matter with you in more detail at your convenience.

Attachments (2)





# Routing Slip

| | | Action | Initial/Date |
|---|---|---|---|
| *Date:* | **October 27, 1999** | | |
| *To:* | **Chief Communications and Liaison** | | |
| *From:* | **Susanne M. Sottile**<br>**National Director, Office of Public Liaison and Small Business Affairs** | | |

*Subject:* **Leave Donation Request**

*Comments:*

**Attached for your review and signature are Terri Bearman's Request for Advance Sick Leave and Request for Leave Donation memoranda.**

| *Initiator:* | **Barry Fulcher** | *Action Due Date:* | |
|---|---|---|---|
| *Phone:* | **2-6051** | *Control No.:* | |
| *Room:* | **7566** | *Network Filename:* | |

mailed to Teresa 10/28

Internal Revenue Service
**Memorandum**
date: October 27, 1999

to: Ms. Theresa Bearman

from: Recommending Official M:HQ:HR:MP:T
Headquarters Operations

Rene' Marbley

subject: Approval Memorandum to Become a Leave Transfer Recipient

Recently, the Chief, Management Practices and Information Branch approved your request to be a leave recipient in the Leave Transfer Program. You are now eligible to have Internal Revenue Service employees or employees of other Federal Agencies request to have their annual leave transferred to you.

You may begin to initiate action to canvass employees in your office on your behalf. Initially, canvassing will occur in your Chief Officers' area. Expansion of the canvassing area may be initiated only if insufficient donors are found in the initial area.

Internal Revenue Service Employees wishing to donate annual leave to you should complete Optional Form 630-A. Employees wanting to donate to you from another Federal Agency must complete Part A of Optional 630-B. Both forms should be forwarded to: Leave Transfer Coordinator, M:HQ:HR:MP:T, Time and Attendance Management Information Section, Room 1516/IR; 1111 Constitution Avenue, NW Washington, D.C. 20224.

Please notify this office when you return to duty and your medical emergency has ended so that we may complete our records.

Thank you for participating in the Leave Sharing/Transfer Program. If you have any questions regarding the above information, please contact Rene' Marbley on (202) 622-7366.

cc: Manager
Timekeeper

5000 Ellin Road, Lanham, MD 20706
M:HQ:EOM/CPAL/C2-432
Phone: (202) 283-4993 FAX: (202) 283-7296

Internal Revenue Service



| | | | |
|---|---|---|---|
| To: | Neal L. Presant, MD | From: | Kathy G. King |
| Fax: | (301) 594-4991 | Pages: | 10, including the cover page |
| Phone: | (202) 594-0273 | Date: | October 29, 1999 |
| Re: | Letter – re: Theresa Bearman | CC: | [Click here and type name] |

Urgent X For Review Per Conversation Please Reply Please Recycle

Dr. Presant,

I received the attached documentation from Madeline Mendola of Labor Relations:

- Letter from Francine K. Weiss, dated 10/22/99
- Letter from Judith A. Nowak, M.D., P.C., dated 10/11/99 & 10/21/99
- Assessment Letter from Neal L. Presant, dated 10/26/99
- Memorandum from Susanne M. Sottile, dated 10/27/99
- Memorandum to Request Leave Donations, undated

Per my conversation with Madeline this morning, she was not sure if you received the letter from the lawyer or the amended letter from the employee's doctor. Since these two letters were address to your attention she asked if I would forward a copy to you. I'm not sure when the employee is scheduled to return to work, but her physician is requesting job restructuring as a reasonable accommodation. I am aware that you will need additional information/documentation (i.e., PD, Authorization Form, etc.) before making an assessment of this case. When you are back in the office next week, please give me a call so we can discuss this issue further. I also had some questions I would like to discuss with you as well. Thanks and I will talk to you next week.

Attachments

Health Resources and
Services Administration
Bethesda MD 20814

Federal Occupational Health
4350 East West Highway, 3rd Floor
Bethesda, Maryland 20814
npresant@foh.dhhs.gov

November 15, 1999

Ms. Kathy King
Headquarters Operations, C2-451
Equal Opportunity & Organizational Management
Special Programs and Community Management
5000 Ellin Road
Lanham, Maryland 20706

Dear Ms. King:

As requested, I am writing to inform you of what issue I need clarified on the case of Theresa Bearman before I can give you an opinion on her reasonable accommodation request. Dr. Judith Nowak, her psychiatrist, has told me that a major cause of her depression is low self-esteem because she is a lawyer currently not performing in a legal position. She apparently previously worked as a lawyer in the Office of the Chief Counsel and for reasons unknown to me is now working in a non-legal position. While working in a position below one's capacity is certainly a reasonable cause for low self-esteem, I would need to know why she was removed from or voluntarily left the legal position she formerly had. Were there problems with her work? Why did the move take place? Was it totally voluntary? I would need frank answers to these questions to help determine whether giving her a legal position would be a reasonable accommodation in this case.

Please call me at (301) 594-0273 if you have further questions concerning this matter.

Sincerely,

Neal L. Presant, M.D, CIME
Occupational Medicine Consultant

Judith A. Nowak, M.D.,P.C.
908 New Hampshire Avenue, NW
Suite 302
Washington, DC 20037-2346
tel. 202-887-5495
fax. 202-466-5582
23 November 1999

Neil Presant, MD
Internal Revenue Service
HQ:HR:MP:L,1042IR
1111 Constitution Avenue, NW
Washington, DC 20224

Re: Theresa Bearman

Dear Dr. Presant:

I am writing you regarding Ms. Bearman's medical leave of absence which is due to expire any day now. As you know, I have requested an accommodation which I understand is under consideration but not yet decided. As we discussed by telephone today, I am requesting you extend Ms. Bearman's medical leave of absence by one (1) month pending a decision on her accommodation. If you require any other information, please call or fax me and I would be happy to respond. Thank you for your kind consideration.

Sincerely,

Judith A. Nowak, MD

Judith A. Nowak, MD

Health Resources and
Services Administration
Bethesda MD 20814

Federal Occupational Health
4350 East West Highway, 3rd Floor
Bethesda, Maryland 20814
npresant@foh.dhhs.gov

November 26, 1999

Ms. Madeline Mendola
Labor Relations Specialist
Internal Revenue Service
A:HQ:HR:MP:L
Washington, DC 20224

Dear Ms. Mendola:

Since my letter to you of October 26, 1999, I have received further information from Dr. Judith Nowak, the psychiatrist of IRS employee Ms. Theresa Bearman. I had both a telephone call and a fax message from Dr. Nowak on November 24, 1999.

Ms. Bearman's depressive symptoms have continued as there has been no resolution of her accommodation request. Dr. Nowak is requesting that Ms. Bearman be granted another month of leave. As a result of my discussing the case with Dr. Nowak, I concur that 4 more weeks of leave are medically warranted.

Please call me at (301) 594-0273 if you have further questions concerning this matter.

Sincerely,

Neal L. Presant, MD

Neal L. Presant, M.D, CIME
Occupational Medicine Consultant



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

CHIEF COMMUNICATIONS AND LIAISON

December 1, 1999

Ms. Theresa Bearman
Internal Revenue Service
Washington, D.C. 20224

Dear Terri:

On November 26, 1999, Dr. Neal Presant notified Labor Relations and concurred with your physician's request that you be granted another four weeks of leave.

Our timekeeping records indicate that as of November 29, 1999, you exhausted all of your sick leave, annual leave and advance sick leave. As of November 29, you entered into Leave Without Pay (LWOP), status. Therefore, the 160 hours of leave that was authorized by Dr. Presant will be processed as LWOP to the extent it is used.

At this time we are unable to grant you any additional advance leave beyond the 240 hours you already received and used. Unless you are authorized additional leave, you will be expected to report to work effective December 28, 1999.

Terri, on November 19, and per our earlier conversation, I sent a copy of the memorandum, Request for Leave Donation, to the Chief Operations Officer asking that he share it with his personnel. We will periodically check to see if any leave has been donated to you and notify you accordingly. If there are any questions, please contact me at 202-622-6051.

Sincerely,

Barry P. Fulcher
Chief, Business Liaison

DEC 2 1999

Dr. Neal L. Presant, M.D.
Occupational Medicine Consultant
Federal Occupational Health
4350 East West Highway, 3rd Floor
Bethesda, Maryland 20814

Dear Dr. Presant,

Pursuant to your letter of November 15, 1999, to Kathy King, Reasonable Accommodation Specialist, in the Equal Opportunity and Organizational Management Office, attached are documents and all of the information contained in this Agency's files concerning Theresa Bearman. You requested additional information and data regarding her work history and performance so that you could render a recommendation on her reasonable accommodation request.

Due to the urgency of this case and some extenuating circumstances, I am requesting that you expedite this request and provide your recommendation on the subject case by close of business on Friday, December 3, 1999, or no later than Tuesday, December 7, 1999.

If you have any further questions regarding this request, please contact me on (202) 622-4595. Your consideration in this matter is deeply appreciated.

Sincerely,

Joan C. McIver
Acting Chief
Headquarters Labor Relations Section

Enclosures

# November 1999

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| November 1999 | | | | | | |
| | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | | | | |

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| December 1999 | | | | | | |
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 | |

| Monday | Tuesday | Wednesday | Thursday | Friday | Sat/Sun |
|---|---|---|---|---|---|
| November 1 | 2 | 3 | 4 | 5 | 6 / 7 |
| 8 | 9 | 10 | 11 | 12 | 13 / 14 |
| 15 | 16 | 17 | 18 | 19 | 20 / 21 |
| 22 | 23 | 24 | 25 | 26 | 27 / 28 |
| 29 | 30 | | | | |

13 of 13