UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TESSA E. BERGMAN,  :
    Plaintiff  :
    :
    :   Civ. Action No. 06-0303 (GK)
V.  :
JOHN W. SNOW,  :
Secretary, Department of the Treasury,  :
    Defendant  :

**STATEMENT OF GENUINE ISSUES**

Defendant respectfully submits this statement of genuine issues in response to plaintiff's statement of material facts

1.  *From September 1998 through March 27, 2000, Plaintiff was an employee of Defendant Department of Treasury, working as a Management Program Analyst in the Office of Public Liaison and Small Business Affairs of the Internal Revenue Service. Source:Affidavit of T. Bergman, Exhibit ("Exh.") A, ¶ 1.*

    No Dispute

2.  *Through March 27, 2000, Plaintiff was employed at GS 14, Step 6, on the government pay scale. Source:Exh. A, ¶ 2.*

    No Dispute

3.  *On or about October 22, 1999, Plaintiff, through her attorney, submitted a written request for a reasonable accommodation under the Rehabilitation Act of 1973, as amended (the "Act"). Source:Exh. A, ¶ 7.*

    No Dispute

4.  *Defendant retained Neil Presant, M.D., to advise Defendant whether Plaintiff had a*

*disability that required a reasonable accommodation under the Act. Source: Deposition of Barry Fulcher, Exh. B, pp. 11-12, 123-24; Exh. C, Hearing Transcript ("HT") (Bums), p. 222.*

Dr. Presant is a consultant with the Department of Health and Human Services. Presant Dec. at ¶1. However, this fact is not material to the outcome of any claim in this case.

5. *Dr. Presant had access to all of Plaintiff's medical records in the possession, custody and control of Plaintiff's Psychiatrist, Judith Nowak, M.D. Source: Affidavit of Judith Nowak, M.D., Exh. E, ¶ 5.*

**Denied.** Dr. Presant does not specialize in psychiatry or psychology. Presant Dec.. at ¶2. Prior to issuing his December 3, 1999 opinion letter, Dr. Presant "did not examine Ms. Bearman and was not given underlying medical or psychiatric information concerning Ms. Bearman such as medical charts or notes." The information available to him were "Dr. Nowak's letters dated October 11 and October 21, 1999, and a letter, with attachments, from Ms. Bearman's attorneys dated October 22, 1999. I also had approximately two telephone conversations with Dr. Nowak. I accepted Dr. Nowak's letters at face value. I did no independent assessment of Ms. Bearman's condition." Presant Dec.. at ¶4-6. However, this matter is not material to the decision of any issue in this case since plaintiff has not met her burden of proving she was an individual subject to the protections of the Rehabilitation Act.

6. *In performing his functions as consultant to the Defendant in this matter, Dr. Presant consulted with Plaintiffs Psychiatrist, Judith Nowak, M.D. Source:Exh. E, ¶ 4.*

**Denied**. Defendant denies that Dr. Presant "consulted" with Dr. Nowak. See response to paragraph 5. However, as is stated above, this matter is not material to the decision of any issue in this case.

7.      *On or about December 3, 1999, Dr. Presant issued a written determination that Plaintiff had a disability, acute depression, that required a reasonable accommodation under the Act. Source:Exh. A, ¶ 10, Attachment 1; Exh. C, HT (Sottile), pp. 488-89.*

**Denied**.    Dr. Presant's letter states "It is also very plausible that a major contributor to her depression is low self-esteem resulting from being in a position in which the required work product is not commensurate with her training and capabilities.  Thus, I would recommend from a medical point of view that she be accommodated with a position appropriate to her legal and educational background. . . ."  PSJM at Ex. A Attachment 1. However, this matter is not material to the decision of any issue in this case.  Plaintiff has failed to establish that she was "disabled" or  a" qualified individual with a disability" as defined by the act.  See Defendant's SJM at p. 13-33.

8.      *As a reasonable accommodation under the Act, Dr. Presant recommended that Plaintiff's job be restructured to include substantive legal work or that Plaintiff be reassigned to an employment position that involved substantive legal work. Source:Exh. A, ¶ 10, Attachment 1.*

**Denied**.    Dr. Presant's letter states "It is also very plausible that a major contributor to her depression is low self-esteem resulting from being in a position in which the required work product is not commensurate with her training and capabilities.  Thus, **I would recommend from a medical point of view** that she be accommodated with a position appropriate to her legal and educational background. . . ."  PSJM at Ex. A Attachment 1. (Emphasis added).  Dr. Presant did not give a legal opinion as to whether an accommodation was required under the Rehabilitation Act, or as to whether the accommodation requested was reasonable under the Act.  However, this matter is not material to the decision of any issue in this case.  Plaintiff has failed

to establish that she was "disabled" or a" qualified individual with a disability" as defined by the act. See Defendant's SJM at p. 13-33.

9.  *It was not feasible to restructure Plaintiff's current position to include substantive legal work. Source:Exh. A, Attachment 5; Exh. C, HT (Sottile), p. 549.*

 No Dispute

10.  *On or about December 3, 1999, Defendant, through employees of the Internal Revenue Service, made a determination that the reasonable accommodation it was required to find for Plaintiff under the Act was reassignment to an employment position involving substantive legal work. Source: Exh. A, ¶ 10, Attachment 1; Exh. B, pp. 11-12, 72-75, 123-24; Exh. C, HT (Williams), p. 253; (Fulcher), pp. 352-54, 435-36, 449-50; (Sottile), pp. 488-89.*

 Defendant does not dispute that based on Dr. Presant's letter the Agency searched for a position involving substantive legal work. Defendant does not dispute that employees of the IRS made a **mistaken** determination that a reasonable accommodation was required for plaintiff.

11.  *At all times between October 22, 1999, and March 27, 2000, Plaintiff was a qualified individual with a disability within the meaning of the Act. Source: Exh. A, ¶¶ 9-10, Attachment 1; Exh. B, pp. 11-12, 72-75, 123-24; Exh. C, HT (Williams), pp. 245, 265-66, 26970; (Fulcher), pp. 352-54, 427-28, 449-50; (Sottile), pp. 488-89; (Nowak), pp. 30-32, 36-43, 4648; Exh. D, p. 5.*

 **Denied**. Status as a "qualified individual with a disability" is a legal conclusion and not a factual matter. Defendant denies that plaintiff is a qualified individual with a disability for the reasons set forth in defendant's Motion for Summary Judgment at pp. 13-33; Opposition to Plaintiff's Partial Summary Judgment Motion at p.17-20.

12.     *Based on Dr. Presant's opinion, on or about December 3, 1999, Defendant, through employees of the Internal Revenue Service, made a determination that Plaintiff had a disability that required Defendant to find a reasonable accommodation for Plaintiff under theAct. Source:Exh. A, ¶ 11, Attachment 1; Exh. B, pp. 11-12, 72-75, 123-24; Exh. C, HT (Burns), pp. 221, 226; (Williams), p. 245; (Fulcher), pp. 352-54, 435-36, 449-50.*

Defendant does not dispute that the employees of the IRS made a **mistaken** determination that they were required to accommodate plaintiff as requested.

13.     *Defendant's determination, based on the opinion of Dr. Presant, was a conclusive and final determination by Defendant that Plaintiff was a qualified individual with a disability who required a reasonable accommodation under the Act. Source:Exh. B, pp. 11-12, 56, 72-75,109, 123-24; Exh. C, HT (Bums), pp. 225-28; (Williams), pp. 245, 265-66, 269-70, 272, 274-75; (Fulcher), pp. 427, 428; (Sottile), p. 527.*

**Denied**.  This statement is a legal conclusion and not a statement of fact.  The employees at the IRS legally were not able to make a "conclusive and final determination" concerning plaintiff's legal status as a qualified individual with a disability.  See defendant's Estoppel argument, Defendant's Opposition at pp.2-8.

14. *Defendant offered repeated testimony in the administrative proceedings that the determination based on the opinion of Dr. Presant was a conclusive and final determination by Defendant that Plaintiff was a qualified individual with a disability who required a reasonable accommodation under the Act. Source:Exh. B, pp. 11-12, 56, 72-75, 109, 123-24; Exh. C, HT (Bums), pp. 225-28; (Williams), pp. 245, 265-66, 269-70, 272, 274-75; (Fulcher), pp. 427, 428; (Sottile), p. 527.*

Defendant does not deny that statements cited were made as is reflected in the transcripts. The defendant does deny the legal conclusion that such statements were a "conclusive and final determination" concerning plaintiff's legal status as a qualified individual with a disability. See defendant's Estoppel argument, Defendant's Opposition at pp. 2-8.

*15. On or about December 3, 1999, Barry Fulcher, an employee of Defendant, was assigned the lead responsibility to search for a reasonable accommodation under the Act for Plaintiff. Source:Exh. B, pp. 11, 38, 57, 73; Exh. C, HT (Sottile), pp. 529-30.*

       No Dispute

16.    *Beginning in early December 1999 and continuing until March 27, 2000, Defendant was aware that there were open attorney positions in the IRS Office of Chief Counsel in Washington, D.C., at Plaintiffs grade level. Source: Exh. A, ¶ 12, Attachment 2; Exh. B, pp. 28, 38, 57; Exh. F, Supplemental Responses, No. 6.*

       No Dispute

17.    *On several occasions between December 3, 1999, and March 27, 2000, Plaintiff requested reassignment to an open attorney position in the IRS Office of Chief Counsel in Washington, D.C., at Plaintiff's grade level. Source: Exh. A, ¶¶ 12, 13, Attachment 3; Exh. B, pp. 28, 38, 57.*

       No Dispute

18.    *At all times between December 3, 1999, and March 27, 2000, there were open attorney positions in the IRS Office of Chief Counsel in Washington, D.C., at Plaintiff's grade level. Source: Exh. A, ¶¶ 12, 13, Attachment 2; Exh. D, Deposition of Susan Nizer, pp. 13-15; Exh. F, Supplemental Interrogatory Responses of Defendant, No. 6.*

    No Dispute

19.   *At all times between December 3, 1999, and March 27, 2000, there were no attorney positions open in the Internal Revenue Service at Plaintiffs grade level in the Washington, D.C., metropolitan area. Source: Exh. C, HT (Sottile), pp. 529-30; (King), p. 298.*

    No Dispute

20.   *At all times between December 3, 1999, and early February 2000, there were no attorney positions open in the Internal Revenue Service in the Washington, D.C., metropolitan area. Source: Exh. C, HT (Sottile), pp. 529-30.*

    No dispute

21.   *At all times between December 3, 1999, and March 27, 2000, the open attorney positions in OCC were the only attorney positions at Plaintiffs grade level open in the Department of Treasury in the Washington, D.C., metropolitan area that Defendant identified in its search to find a reasonable accommodation for Plaintiff. Source: Exh. C, HT (Sottile), pp. 529-30.*

    No dispute

22.   *Plaintiff was at all times fully qualified for an open attorney position in the IRS Office of Chief Counsel in Washington, D.C., at Plaintiffs grade level. Source: Exh. A, ¶ 14; Exh. B, pp. 39, 63; Exh. F, Response to Second Interrogatories, No. 5.*

    Defendant does not dispute that plaintiff appears to meet the minimum qualifications requirements for the vacancy announcements appearing in PSJM, Ex.A-Attachment 2.

23.   *At all relevant times in 1999 and 2000, Plaintiff was a highly experienced income tax attorney. Source:Exh. A, ¶ 14.*

    Defendant does not dispute the educational credentials and bar membership reflected in

7

PSJM Ex. A at ¶ 4.

24.     *Plaintiff was awarded a J.D. degree from the University of North Carolina School of Law in 1978. Source:Exh. A, ¶ 14.*

        Not disputed

25.     *Plaintiff was awarded an LLM degree in taxation from Georgetown University School of Law in 1982. Source:Exh. A, ¶ 14.*

        Not disputed

26.     *In 1999 and 2000, Plaintiff was a member in good standing of the State Bar of California. Source:Exh. A, ¶ 14.*

        Not Disputed

27.     *Plaintiff was employed by the IRS Office of Chief Counsel as an attorney from 1984 through 1988. Source:Exh. A, ¶ 15.*

        Not Disputed

28.     *Plaintiff was awarded a Certificate of Merit and received a cash bonus for her work in the IRS Office of Chief Counsel. Source:Exh. A, ¶ 15.*

        Not Disputed

29.     *After she left the IRS Office of Chief Counsel in 1988, Plaintiff was employed as a tax attorney with Mayer, Brown & Platt and Sonnenschein, Nath & Rosenthal in Chicago, Illinois. Source:Exh. A, ¶ 15.*

        Not Disputed

30.     *From 1993 to 1995, Plaintiff was employed as tax counsel to Rep. William Jefferson, a member of the House Ways and Means Committee. Source:Exh. A, ¶ 15.*

    Not Disputed

31. *From September 1995 to February 1996, Plaintiff was employed as tax counsel to Senator John Breaux, a member of the Senate Finance Committee. Source:Exh. A, ¶ 15.*

    Not Disputed

32. *Beginning December 3, 1999, and continuing through March 27, 2000, Defendant did not reassign Plaintiff to one of the open attorney positions in the IRS Office of Chief Counsel in Washington, D.C., at Plaintiff's grade level. Source:Exh. A, ¶ 16, Attachment 3; Exh. B, p. 30; Exh. F, Second Interrogatory Responses, No. 5.*

    Not Disputed

33. *Reassignment of Plaintiff between December 3, 1999, and March 27, 2000, to one of the open attorney positions in the IRS Office of Chief Counsel in Washington, D.C., at Plaintiffs grade level would not have imposed an undue burden on Defendant. Source:Exh. B, pp. 39, 63; Exh. F, Second Interrogatory Responses, No. 5; Exh. G, pp. 16-18.*

    **Denied**.  This statement is a legal conclusion and not a statement of fact. Accommodation of plaintiff pursuant to her request would have imposed an undue burden on defendant.  See Defendant's Opposition at p.17-20

34.. *The only reason Defendant did not reassign Plaintiff to an open attorney position in the IRS Office of Chief Counsel in Washington, D.C., at Plaintiffs grade level was because Defendant determined that the IRS Office of Chief Counsel was not obligated to accept Plaintiff, because the IRS Office of Chief Counsel was a separate appointing authority from the Internal Revenue Service which employed Plaintiff. Source:Exh. A, ¶ 17, Attachment 3; Exh. B, pp. 56, 113-14; Exh. C, HT (Fulcher), pp. 356-58, 448-51, 458-59; (Sottile), pp. 530-32; Exh. F, Second*

*Interrogatory Responses, No. 5; Supplemental Interrogatory Responses, No. 6.*

The reason defendant did not reassign plaintiff to the Chief Counsel's Office was because of the provisions of 29 C.F.R. §1614.203(g).

35. *Defendant had been advised by Plaintiff and by its own staff that Defendant was obligated to reassign Plaintiff to an open position in OCC as a reasonable accommodation under the Act. Exh. A, Attachment 3; Exh. B, pp. 72-75; Exh. C, HT (Fulcher), pp. 356-58, 448-51; (King), p. 303.*

Defendant does not dispute that plaintiff sent to defendant correspondence stating that the defendant was obligated to reassign plaintiff to an open position in OCC.. Exh. A, Attachment 3 Defendant does not dispute that Kathy King testified that the obligation under the Rehabilitation Act to reassign employees applies to the agency as a whole. However, the testimony was in the present tense. Hearing TR. at p. 303. The testimony was taken in March 2003, after the CFR had been amended. See defendant's summary judgement exhibit EEO Tr. at p. 1. The other citations do not support plaintiff's statement. Defendant denies that it was under any legal obligation to reassign plaintiff to an open position in OCC. See Defendant's Opposition at p.12-13, and defendant's SJM at p. 14-33.

36. *But for Defendant's determination that it was not obligated to place Plaintiff in one of the open OCC positions, Plaintiff would have been reassigned to an attorney position at her grade level in OCC in December 1999. Source:Exh. C, HT (Fulcher), pp. 458-59.*

**Denied.** The plaintiff was not placed in Office of Chief Counsel because the relevant C.F.R. did not require that she be placed in that Office. See defendant's Opposition at p. 12-20

37. *On or about March 7, 2000, Plaintiff was offered a position as an estate tax attorney in*

*the Virginia field office of the IRS as a reasonable accommodation under the Act. Source:Exh. A, ¶ 18, Attachment 4.*

  Defendant does not dispute that plaintiff was offered said position in response to her request for an accommodation to an attorney position.

38. *The position was a GS 12, Step 00, position on the government pay schedule. Source:Exh. A, ¶ 18, Attachment 4.*

  Not Disputed.

39. *Plaintiff was informed at that time that if she did not accept the estate tax attorney position Defendant would make no further effort to reassign her to another job. Source:Exh. A, ¶ 19, Attachment 4.*

  **Denied.** Plaintiff was told "Since this offer is at a lower grade, you are not obligated to accept it. Please be advised, however, that in as much as this offer represents the reasonable accommodation you requested, the Agency's obligation, if any, to accommodate you through reassignment may cease if you decline this offer. " PSJM at Attachment 5. However, this fact is not material to the outcome of any material issue in this case.

40. *Plaintiff accepted the transfer to the Virginia field office as an estate tax attorney, GS 12, Step 00, in early March 2000. Source:Exh. A, ¶ 19.*

  Not Disputed.

41. *While Plaintiff was offered a pay retention agreement, her pay was thereafter frozen at her current pay level of GS 14, Step 6. Source:Exh. A, ¶ 19.*

  Not Disputed

42. *Between March 2000 and March 15, 2007, Plaintiff has lost wages of $68,328 as a result of the lower wages paid to her due to Defendant's actions and due to the terms of the pay retention agreement. Source:Exh. A, ¶ 8, Attachment 6.*

**Denied**. Any loss in wages was due to plaintiff's acceptance of the reassignment offered. PSJM Exhibit A, Attachment 5 .

        Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970