UNITED STATES EQUAL OPPORTUNIUTY EMPLOYMENT COMMISSION
Washington, D.C.

THERESA E. BEARMAN,                    )
                                       )
                    Complainant,       )
                                       )
    v.                                 )          No. 00-1103
                                       )
PAUL H. O'NEILL, SECRETARY OF          )
TREASURY, et al.,                      )
                                       )
                    Respondents.       )

COMPLAINANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Complainant, Theresa E. Bearman, by the undersigned counsel, submits her

memorandum of law in support of her motion for partial summary judgment against

Respondent, Paul H. O'Neill, Secretary of the Treasury, et al., and states as follows.

1.      Complainant's claim that respondent failed to provide a reasonable

        accommodation to her is grounded on the fact that she was transferred

        to a GS-12 job, a position two grade levels below her GS-14 position,

        after a delay of approximately 4 months. During this long delay,

        complainant requested, on multiple occasions, that she be transferred to

        one of several vacant GS-14 level attorney-advisor job positions in the

        IRS' Office of Chief Counsel.

2.      There is no dispute that complainant made a written request for a

        reasonable accommodation on or about October 19, 1999 and that

        respondent, on the advice of a physician/consultant made a

EXHIBIT

Ex A

determination that complainant was entitled to a reasonable accommodation on December 3, 1999 and that the reasonable accommodation required was a job reassignment. Exh. A. pp. 11-12. There is also no dispute that multiple positions at the GS-14 level were open in the Office of Chief Counsel immediately after respondent determined that complainant had a disability that required a reasonable accommodation through reassignment. See, Exh. B at 14-15 and Exh. C. There is also no dispute regarding complainant's qualifications for a position in the Office of Chief Counsel. Complainant is a former employee of the Office of Chief Counsel who left in good standing. She possesses an L.L.M. in Taxation and is a highly experienced tax attorney. See, Exh. C.

3.    The respondent Department of Treasury presented a witness pursuant to Fed.R.Civ.P. 30(b)(6). That witness was unable to give any testimony as to why Ms. Bearman was not assigned to an open GS-14 position in the Office of Chief Counsel. The Department of Treasury witness testified as follows:

BY MR. QUINN: Can you tell me every reason why Ms. Bearman was not reassigned to one of those open positions (the open positions in Office of Chief Counsel referred to in "2" above)?

BY THE WITNESS: I don't know the answer to that question.

* * * * * * * *

BY MR. QUINN: She wasn't disqualified because she was not a part of the Office of Chief Counsel?

BY THE WITNESS: She has to apply.

BY MR. QUINN: You're saying she wasn't - - she didn't apply?

BY THE WITNESS: I don't know. . . (continuing)   I told you I have
no personal knowledge about that, and I - - I looked at no records
which would help me answer that question.

Exh. D. pp. 18-19.

BY MR. QUINN: So, you're saying that the Department of Treasury
didn't have to accommodate Ms. Bearman by placing her in the Chief
Counsel's Office?

BY THE WITNESS: That's a legal conclusion.

Exh. D. p. 36.

BY MR. QUINN: Well, was the reason why Ms. Bearman was not  - -
is a reason why Ms. Bearman was not reassigned to the Chief
Counsel's Office the explanation that you've given, that they're two
separate entities?

BY THE WITNESS: Yes, it's certainly - - it's certainly a possibility
that that - - that could be one of the reasons.

BY MR. QUINN: I'm not asking for possibilities.  I'm asking for what
happened.

BY THE WITNESS: I told you that I don't have personal knowledge
about why she was not placed as - - in the Office of Chief Counsel.

4.     Subsequently, after the close of discovery, complainant received amended

interrogatory answers on April 19, 2002 stating that respondent did not even

consider placing complainant in one of the many vacant positions in the Office of

Chief Counsel. Respondent's amended interrogatory answers states as follows:

The complainant was not transferred to a position in the Office of Chief
Counsel because the Office of Chief Counsel made a determination that it had
no legal obligation to place complainant, an IRS employee, in a position in the
Office of Chief Counsel because the Office of Chief Counsel and the Internal
Revenue Service are separate organizations with separate personnel
authorities.  Thus, the inquiry dated January 4, 2000, made by Barry Fulcher,
as to whether the Office of Chief Counsel would be willing to accept the

complainant for a vacancy was not acted upon by the Office of Chief Counsel. In making this decision, Richard Mihelcic, the Associate Chief Counsel, Finance and Management, neither received nor considered any information other than the legal obligation of the Office of Chief Counsel.

Exh. E.

5.  The matter of respondent's failure to provide an informed witness to explain why complainant was not assigned to an open position in the Office of Chief Counsel, but was instead assigned to a GS-12 field position four months later, is the subject of a pending motion to compel. Complainant expects to submit supplementary material in support of this motion after additional discovery is ordered on this issue.

6.  The respondent Department of Treasury had a primary obligation to reassign complainant to a vacant position (attorney advisor, Office of Chief Counsel ) at the same grade level (GS-14) open in the same agency (Department of Treasury) unless it can meet its burden of proving that such reassignment would create an "undue hardship" for respondent. Under the Rehabilitation Act, the Fifth Circuit held that "the burden of persuasion in proving inability to accommodate always remains on the employer." *Prewitt v. United States Postal Serv.*, 662 F.3d 292, 308 (5th Cir. 1981). Also see, *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). The ADA's reasonable accommodation requirement puts the burden on the employer to show that a proposed accommodation will cause undue hardship. *See* 42 U.S.C. 12112(b)(5)(A). Respondent's own designated witnesses' testimony and interrogatory answers state that respondent has no explanation why it did not reassign complainant to one of the many the open positions in Office of Chief Counsel, other than the assertion that it was not required to do so. Since

respondent does not claim that reassigning complainant to Chief Counsel would

cause undue hardship, respondent cannot establish undue hardship.

7.  The only argument made (after the close of discovery) is that respondent was not

*obligated* to reassign complainant to a position in the Office of Chief Counsel.

However, pursuant to 29 C.F.R. 1614.203(g) the respondent agency (Department

of Treasury) is obligated to reassign to "any funded vacant position located in the

same commuting area and serviced by the same appointing authority, at the same

grade level." The obligation is not limited to one particular branch or office, but

extends to the entire department. *Flowers v. Henderson*, 1999 WL 767730

(E.E.O.C. 1999) at p. 8. As an Internal Revenue Service employee, Ms. Bearman

was an employee of the Department of Treasury. Complainant's specific request

for reassignment was to an open position advertised by the Department of

Treasury, Legal Division, Office of Chief Counsel for the Internal Revenue

Service. Exh. C. Employees of the IRS's Office of Chief Counsel are, like

complainant, employees of the Department of Treasury. The IRS's own

personnel policy specifies that the reasonable accommodation requirements of the

law may require reassignment anywhere within the entire Department of

Treasury. Exh. F.

8.  Because respondent had a legal obligation to reassign complainant to the vacant

positions in the office of Chief Counsel and did not do so and because respondent

has not shown and cannot show undue hardship, complainant respectfully

requests that partial summary judgment be entered in her favor on the issue of

liability.

Respectfully submitted,

John B. Quinn
CLAXTON, SALE & QUINN, P.C.
910 16th Street, N.W.
Suite 500
Washington, D.C. 20006
(202) 833-4170


Counsel for Theresa E. Bearman

## CERTIFICATE OF SERVICE

I certify that the foregoing was served by facsimile and first class mail, postage prepaid, on this 6th day of May, 2002 on the following:

Deanne M. Sobczak, Esquire
General Legal Services
Office of Chief Counsel (GLS)
Internal Revenue Service
P.O. Box 44369
Washington, D.C. 20026
Fax: (202) 283-7978

John D. Quinn

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## WASHINGTON FIELD OFFICE

| | | |
|---|---|---|
| THERESA E. BEARMAN,<br>Complainant,<br><br>v.<br><br>PAUL H. O'NEILL, SECRETARY,<br>DEPARTMENT OF THE TREASURY,<br>Agency. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | EEOC Case No.<br>100-A1-7426X<br><br>Agency Case No.<br>TD 00-1056<br><br>DATE: May 30, 2002 |

### AGENCY'S RESPONSE TO COMPLAINANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND CROSS MOTION FOR SUMMARY JUDGMENT

Pursuant to 29 C.F.R. § 1614.109(g), the Agency moves that the first issue in this complaint, regarding the Agency's alleged failure to reasonably accommodate the Complainant, be dismissed on summary judgment as there are no genuine issues of material fact in dispute,[1] and because the IRS accommodated the Complainant. The Agency also moves that issues (7) and (8) be dismissed because the Complainant is not aggrieved with regard to the events at issue and that the remaining issues be dismissed because the Complainant has failed to establish a prima facie case and she has failed to show that the Agency's legitimate, nondiscriminatory reasons regarding the accepted issues were a pretext for discrimination.

---

[1] A dispute about a material fact is genuine "if the evidence is such that a reasonable [trier-of-fact] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate when the adjudicator determines that, as governed by the applicable substantive law, no genuine issue of material fact exists. *Gaskins v. Frank, Postmaster General, United States Postal Service*, EEOC No. 01904286 (1991).



EXHIBIT

*B*

2

## FACTS

The following facts as set forth in affidavits located in the Investigative File (IF) and in deposition transcripts are material to this complaint and are not disputed.

Through her attorney, the Complainant requested reasonable accommodation on October 22, 1999. IF, p. 56. Her attorney specifically requested the following: "job restructuring so that the functions of her position in the Office of Public Liaison & Small Business Affairs include the full time practice of law. If this is not possible in her present position, Dr. Nowak recommends a transfer to the Chief Counsel's office ... ." IF, pp. 56 - 57. The IRS requested an opinion on the Complainant's reasonable accommodation request from an occupational medicine consultant, Dr. Present. See IF, p. 283. Dr. Present requested additional information regarding the Complainant's request and in response, her attorney provided a letter dated November 24, 1999, describing the Complainant's work history and her most recent performance appraisal. See IF, pp. 226, 280. After reviewing the additional documentation, by letter dated December 3, 1999, Dr. Present recommended from a medical point of view, that the Complainant be accommodated with a position appropriate to her legal and educational background. IF, p. 280.

Shortly after receiving Dr. Present's recommendation, Barry Fulcher, the Complainant's immediate manager, sent memoranda dated January 4, 2000, to various offices within the IRS seeking an attorney position for the Complainant. IF, p. 25. Mr. Fulcher also sent a memorandum dated January 4, 2000, to the Office of Chief Counsel, IRS, inquiring whether the Office of Chief Counsel would be willing to accept the

3

Complainant in an attorney vacancy. IF, p. 22. After only 2 months, an attorney position was located in the Virginia/West Virginia District, of the IRS in the Estate Tax section. IF, p. 288. The position was offered to the Complainant on March 7, 2000. IF, p. 288. The Complainant accepted this attorney position on March 16, 2000. IF, p. 289. The position was at a GS-12 level; however, the Complainant was provided pay retention. IF, p. 319. Despite the success the IRS had in finding the Complainant an attorney position in three months from the date the Doctor recommended the accommodation, the Complainant is alleging that the IRS failed to accommodate her as the first issue in the complaint.

The Complainant requested a medical leave absence by letter from her doctor dated October 11, 1999. IF, p. 59. This absence was approved and by letter dated December 1, 1999, Mr. Fulcher notified her that she had been granted an additional four weeks of leave. IF, p. 41. By letter dated December 3, 1999, the Complainant's physician stated that the Complainant could return to work the following week on a part time schedule. IF, p. 73. Consequently, the Complainant was not in the office for approximately two months from October 11, 1999, through December 15, 1999.

The foregoing facts, as set forth in affidavits and documents in the Investigative File, are material to this complaint. Moreover, there are no genuine issues as to any of the material facts or as to credibility. This complaint is appropriate for findings and conclusions without a hearing as there is no genuine issue of material fact regarding the reasonable accommodation issue or the

Not only are there no genuine issues of material fact in dispute, but as set forth below, the Complainant was not aggrieved with respect to issues (7) and (8) and she

4

cannot establish a prima facie case of discrimination with respect to the other issues.
Even if she was able to establish a prima facie case, management has articulated
legitimate, nondiscriminatory reasons. The Complainant has failed to present any
evidence to meet her burden to show by preponderant evidence that the Agency's reasons
are not the true reasons but a pretext for discrimination.

## ARGUMENT

## A.  The Agency Provided Reasonable Accommodation to the Complainant

### 1.  The Complainant's Argument that the Agency had a Legal Obligation to Reassign her to the Office of Chief Counsel Fails.

The Complainant argues that the Agency failed to accommodate her because she
was not assigned to an open position in the Office of Chief Counsel. It is undisputed that
the Complainant was an employee of the IRS. As such, the Agency accommodated her by
finding an attorney position within the IRS. Contrary to the Complainant's assertions, the
IRS found a position for her in a short period of time. This is especially true when taking
into consideration the necessary approvals and reviews of finding an individual a
reassignment.

Because the IRS found the Complainant a position that satisfied her request for
reasonable accommodation within the IRS, the issue about why she was not assigned to
the Office of Chief Counsel is not relevant. Nonetheless, although defective, the
Complainant sets forth an argument that the Agency had a legal obligation to reassign
complainant to the vacant positions in the Office of Chief Counsel. In support of this
argument, the Complainant cites 29 C.F.R. § 1614.203(g), which states that "an agency

5

shall offer to reassign the individual to a funded vacant position located in the same commuting area and serviced by the **same appointing authority**, and at the same grade or level." (emphasis added). This regulation fails to support the Complainant's argument, but rather validates the Agency's reasonable accommodation of the Complainant because the IRS and the Office of Chief Counsel have distinctly separate appointing authorities. See Deposition testimony of Susan Nieser (Attachment 1); Department of the Treasury, Internal Revenue Service and Department of the Treasury, office of Chief Counsel, Internal Revenue Service, and National Treasury Employees Union, 56 FLRA No. 76 (2000) (Attachment 2); Treasury Order 107-07 (Attachment 3).

Based on the EEOC regulations, the IRS was not required to offer to reassign the Complainant to the Office of Chief Counsel. The regulations only require that the Agency offer a reassignment to a position serviced by the same appointing authority. 29 C.F.R. § 1614.203(g). See McQueen v. Department of Justice, EEOC No. 03930006 (1993) (noting that 29 C.F.R. § 1614.203(g) was revised due to concerns that it would be impractical and extremely difficult to reassign employees from one agency component to another and explaining that the regulation limits the scope of reassignment to parts of the agency located within the same commuting area and sharing the same appointing authority.) (Attachment 4).

The regulation also provides, "In the absence of a position at the same grade or level, an offer of reassignment to a vacant position at the highest available grade or level below the employee's current grade or level shall be required, ... ." 29 C.F.R. §

6

1614.203(g). In this case, the Agency found a GS-12 attorney position for the

Complainant, the highest grade or level below the Complainant's grade available within the

IRS. Even though at a GS-12 level, the Agency provided pay retention for the Complainant

at a GS-14 rate. IF, p. 319. Curiously, although it appears the Complainant has

complaints about the GS-12 level of the attorney position offered to her as an

accommodation, when the position was upgraded to a GS-13 level, she declined the

upgrade. *See* Deposition testimony of Complainant (Attachment 5).

    2. The Agency Reasonably Accommodated the Complainant

    An agency is required to made reasonable accommodations to the known physical

limitations of qualified individuals with disabilities. 29 C.F.R. § 1614.203(c)(1). *See*

*Bassingwaithe v. Army,* EEOC No. 03970051 (1997) (Attachment 6). This requirement

does not include considering every possible reassignment, finding the ideal position, or

initiating an ongoing search beyond a specific facility or installation. *Mattie v. Army,*

EEOC No. 03900079 (1990)(citing *Carter v. Tisch,* 822 F.2d 465, 468-469 (4th Cir.

1987)) (Attachment 7). The agency is not obligated to offer the complainant the perfect

accommodation or the accommodation of choice, merely one that is reasonable. *Pisman*

*v. Army,* EEOC No. 03980042 (1998) (Attachment 8); *Ramona v. United States Postal*

*Service,* EEOC No. 01943804 (1995) (Attachment 9).

    In accordance with the regulations, the IRS provided the Complainant with a

reasonable accommodation when it reassigned her from a non-attorney position to an

attorney position. The Complainant apparently wants to have the ability to pick and choose

7

what she believes to be the best position, even if that position is outside the appointing

authority of the IRS. Regardless of what the Complainant believes to be the ideal position,

the Agency is not required to provide the Complainant with her position of choice. *Id.* The

Agency fulfilled its obligation under the regulations by finding a reassignment for the

Complainant. Accordingly, the issue regarding failure to reasonably accommodate should

be dismissed and a recommended decision of no discrimination should be issued.

## B.  The Complainant is Not Aggrieved with Respect to Issues (7) and (8)

For an allegation to fall within the purview of the EEO process and to establish a

prima facie case of reprisal, the complainant must be an aggrieved employee. *See Wiley*

*v. United States Postal Service*, EEOC No. 01941864 (1995). An employee is aggrieved

when some personal loss or harm has been suffered with respect to a term, condition, or

privilege of employment. *Trafficante v. Metropolitan Life Insurance Co.*, 409 U.S. 205

(1972); *Blomquist v. Small Business Ass'n*, EEOC No. 01956307 (1996) (citing *Diaz v.*

*Dep't of the Air Force*, EEOC No. 05931049 (1994)). To state a claim under the EEOC

regulations, an employee must allege and show an injury in fact. *Daugherty v. United*

*States Postal Service*, EEOC No. 01950823 (1995) (citing *Diaz v. Department of the Air*

*Force*, EEOC No. 05931049 (1994) and *Trafficante v. Metropolitan Life Insurance Co.*,

409 U.S. 205 (1972)).

Issue (7) alleges that the Complainant was expected to perform the work of a full

time employee while working part time. When asked to explain this issue, the

Complainant testified, "Nothing was asked of me." Deposition testimony of Complainant

8

(Attachment 10).  The Complainant further stated, "I was expected to return to doing what I had done before October 1999, which was to sit at my desk and look busy." *Id.* With regard to this issue, the Complainant said she had nothing to do and she had roughly six to seven hours a day free time. *Id.*

In light of her testimony, the Complainant's allegation in issue (7) that she was expected to perform the work of a full time employee while working part time is nonsensical.  She obviously fails to state a claim with respect to this issue and it should be dismissed.

Issue (8) involves an allegation that the Complainant's former attorney was subjected to abusive language by GLS employees[2] when the Complainant's attorney requested the status of the Complainant's requests for accommodation.  The Complainant clearly fails to state a claim with regard to this issue because she was not harmed by the actions of Julie Barry, a GLS attorney, with regard to her former representative.

In her responses to Interrogatories, when asked to state how Julie Barry discriminated against her, the Complainant stated that she did not know what actions Ms. Barry took in this matter.  (Attachment 11).  The Complainant then testified that Julie Barry's hanging up on her attorney was part of the Agency's alleged failure to accommodate her.  (Attachment 12).  As the evidence shows, the Agency accommodated the Complainant.  Accordingly, the Complainant fails to show that this event caused an

---

[2]GLS is the acronym for General Legal Services, the Legal Division within the Office of Chief Counsel that provides legal advice to the Internal Revenue Service and to the Office of Chief Counsel on personnel matters and labor matters.

9

adverse impact on the terms, conditions, or privileges of her employment, thus, she is not

aggrieved with respect to the events alleged in this issue.

Since the Complainant is not aggrieved by the events alleged in issues (7) and (8),

these issues should be dismissed and a recommended decision of no discrimination

should be issued.

## B.  The Complainant has Failed to Establish a Prima Facie Case with Respect to Issues (1) through (9)

To establish a prima facie case of discrimination, the Complainant must

demonstrate that she was treated differently than individuals outside her protected

groups.[3] *Knight v. Navy,* EEOC No. 0390029 (1993).  Thus, to establish a prima facie

case, the Complainant must show that non-disabled employees within her job category

and under the same supervision, were treated differently with respect to the nine issues in

the complaint.  The Complainant cannot meet this burden because there were no

individuals outside the Complainant's protected group who were treated differently than the

Complainant.

## C.  Management has Articulated Legitimate Nondiscriminatory Reasons

Assuming for argument that the Complainant has established a prima facie case of

discrimination, the burden shifts to management to articulate a legitimate,

nondiscriminatory reason in support of its actions.  This is not a burden of persuasion, but

rather a burden of production to "clearly set forth, through the introduction of admissible

---

[3]In her deposition, the Complainant testified that she is no longer alleging religion as a
basis of discrimination.  (Attachment 7)

10

evidence, the reasons for its employment decision." *Texas Dep't of Community Affairs v.*

*Burdine*, 450 U.S. 248, 254-256 (1981).

Management sets forth legitimate non discriminatory reasons with respect to all of

the issues in the complaint. Specifically, with regard to the payment arrangement, Mr.

Fulcher was responding to a telephone call from Customer Service because the

Complainant had failed to re-pay an outstanding debt. IF, p. 247. Mr. Fulcher denied the

Complainant's request for religious compensatory time because she did not follow the

requirements that she submit a request in advance. IF, p. 247. Moreover, it did not

appear that the Complainant would be able to re-pay the time because she already had a

substantial amount of advanced leave. IF, p. 247. With regard to being placed on absent

without leave, the Complainant did not return to work as scheduled, and was charged

accordingly. IF, p. 248. Furthermore, the Complainant's use of the internet and telephone

was not monitored. IF, pp. 248, 256.

### D. The Complainant has Failed to Show that the Agency's Reasons Were a Pretext for Discrimination

Since management has articulated legitimate, non discriminatory reasons, the

burden shifts to the Complainant to demonstrate that the agency's reasons were not its true

reasons for its action but were a pretext for discrimination. The Complainant failed to

demonstrate by a preponderance of the evidence that the agency's reasons for its actions

merely were a pretext for discrimination. *See Washington v. Department of the Navy,*

EEOC Petition No. 03900056 (May 31, 1990).

The Complainant has not presented sufficient evidence to demonstrate that the

11

agency's explanations were not true or based on illegal considerations or discriminatory

animus. She has not demonstrated that the actions taken by management officials were

illegitimate or outside the normal exercise of managerial rights and responsibilities, or not

similarly applied to others. Accordingly, the Complainant has failed to present sufficient

evidence that the agency's reasons for its actions were a pretext for discrimination.

Consequently, a finding of no discrimination should be issued.

## CONCLUSION

There exists no genuine dispute of material fact in this complaint of discrimination.

The undisputed facts, as set forth in the Investigative File and deposition transcripts, clearly

show that the Agency provided reasonable accommodation to the Complainant.

Furthermore, the Complainant cannot establish a prima facie case of discrimination. Even

if she could, management articulated legitimate, nondiscriminatory reasons for all of the

events at issue. Finally, the Complainant failed to meet her burden to show by a

preponderance of the evidence that the Agency's reasons were a pretext and that the

Agency was motivated by unlawful discrimination. Accordingly, the Complainant's Motion

for Partial Summary Judgment should be dismissed. Moreover, findings and conclusions

should be issued without a hearing, recommending dismissal of the complaint, or in the

alternative portions of the complaint.

12

Respectfully submitted,

DEANNE SOBCZAK

Attorney, Area Counsel Washington, D.C.

General Legal Services

Internal Revenue Service

950 L'Enfant Plaza, SW   Floor 2

Washington, D.C.  20024

Tele:  (202) 283-7923

FAX:  (202) 283-7978

Before the
## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## OFFICE OF FEDERAL OPERATIONS
Washington, D.C.

Theresa Bearman                           :

                                          :

            Appellant,                     :

                                          :

            v.                             :        Docket No. 01A41790

John W. Snow, Secretary of the            :
U.S. Department of Treasury               :

                                          :

            Appellee.                      :

## APPELLANT'S BRIEF IN SUPPORT OF REQUEST FOR RECONSIDERATION

Appellant Theresa Bearman[1] respectfully requests reconsideration of the decision of the Commission dated June 30, 2005, and in support thereof states as follows:

### Preliminary Statement

The decision issued on June 30, 2005, upheld the ultimate finding of Administrative Law Judge Khare that Appellant had not proven unlawful employment discrimination by a preponderance of the evidence pursuant to the **Americans with Disabilities Act of 1990 (Pub. L. 101-136) (hereinafter referred to as "the ADA")** and the **Federal and Vocational Rehabilitation Act of 1973, (Pub. L. 93-112) (hereinafter referred to as the "Act"), as amended (29 C.F.R 1614.203) (1992) (hereinafter referred to as the "1992 Amendments").**

---

[1] After the proceedings in the present case commenced, Theresa E. Bearman legally changed her name to Tessa Elena Bergman.

EXHIBIT

_C_

That finding in the June 30 decision that Appellant failed to meet her burden of proving unlawful discrimination is clear error as there was *no* factual burden of proof in this case. All parties had stipulated that the issue as to whether there was unlawful employment discrimination was an issue of law, not an issue of fact to be determined by a preponderance of the evidence. To explain further, although Appellant did present a case of discrimination in fact, that was only a fallback factual case of actual discrimination. The parties presented cross-motions for summary judgment stipulating that the issue of discrimination could be decided as a matter of law based on stipulated facts, and that was the real issue to be decided.

This case thus involved a **single controlling question of law** that was submitted to Judge Khare on cross-motions for partial summary judgment. Pursuant to those motions, all parties had stipulated that **there were no material disputes of fact** and that the controlling issue of whether there was unlawful discrimination in this case could be decided as a matter of law. Judge Khare, after taking almost **15 months** from the date the case was assigned to her to hold a hearing, despite the fact that the governing regulations require that discovery, the holding of a hearing, and the issuance of a decision be completed within **180 days** from the date the case is assigned to the judge (in this case, December 21, 2001),[2] nevertheless proceeded to hearing without

---

[2] This case has been pending for more than five years. Appellant filed her complaint in February 2000. Appellee was unable to complete its investigation of the complaint within the 180-day period prescribed by 26 C.F.R. 1614. The EEO complaint process was further delayed due to the fact that Appellee's Regional Office for the processing of complaints assigned it to an employee who first was on disability leave and then, soon thereafter, retired. Next, Appellant's file was lost by the Appellee's regional office for five additional months, a fact that was only discovered by the regional processing office when Appellant, fortuitously as it turns out, phoned the aforesaid office to ask for the status of her hearing request. The case file was ultimately found and assigned to Judge Khare on December 21, 2001, 22 months following the initial filing of the complaint. Judge Khare did not hold the hearing in this case until March 2003, 15 months

2

either hearing argument on or deciding the cross motions for summary judgment. She then dismissed the issue that all parties recognized as the *controlling* issue in a mere footnote, without ever addressing, much less providing a legal analysis of, the controlling issue of law in the decision. Not only was this footnote internally inconsistent, but it also contained citations that directly contravened the very position that Judge Khare was attempting to justify and which fully supported Appellant's claim of discrimination.

Although this case may appear to be somewhat complex, this is a misleading perception. The simple question to be answered here concerns the breadth of the scope of the search for a vacant, funded position that the Act imposes upon an employer charged with finding a reassignment as a reasonable accommodation for an employee who is a "qualified individual with a disability" within the meaning of the Act. The controlling issue of law in this case is really a simple and straightforward one. *That issue is whether, in searching for alternative employment as a reasonable accommodation for an employee with a disability, a Federal agency may limit the scope of its search to a single sub-unit of a Federal agency (i.e. the Internal Revenue Service (IRS) is an agency within Appellee U.S. Department of Treasury) or whether it is required by law to search for alternative employment on an agency-wide basis (the entire Treasury Department, which includes the IRS' Office of Chief Counsel).*

---

after assignment, and finally rendered an adverse decision in November 2004, almost two years from the date it was assigned to Judge Khare, rather than the 180 days required in 26 C.F.R. 1614 for the holding of a hearing and the rendering of a decision. Appellant filed a timely appeal on January 15, 2005. The appeal brief, filed on February 15, 2005, four years from the initial filing of the complaint, was not assigned to an attorney until May 2005, 15 months following the filing of the appeal. A decision was issued on the appeal on June 30, 2005. The total time that elapsed from the filing of the initial complaint in February 2000 to the rendering of an appellate decision was five years and four months.

Moreover, in order to uphold Judge Khare's decision that an agency-wide search as opposed to a much more limited one was not required, one must agree with the proposition that *a self-enacting law passed and signed into law by the President in 1992, which specifically requires the broader agency-wide search, didn't take effect until ten years later, when final administrative regulations were ultimately issued.*

Appellant was an employee of the U.S. Department of Treasury, working for the Internal Revenue Service, a bureau within the aforementioned Department, in Washington, D.C. It was an undisputed fact that Appellant had a disability that required the reasonable accommodation of reassignment to a different job, since Appellee stated that it could not reconfigure Appellant's present position to satisfy the requirements needed for an accommodation. It was also undisputed that, during the full time that Appellee was seeking to reassign Appellant to a vacant position as required by the Americans with Disabilities Act of 1990 (hereinafter the "ADA"), there were vacant, funded positions in the IRS's Office of Chief Counsel ("OCC") in Washington, D.C. It is also undisputed that Appellant was eminently qualified for those positions, having left the OCC's prestigious international tax division just a few years earlier, serving with distinction and high merit. Nevertheless, Appellee refused to reassign Appellant to any of the then vacant, funded positions in OCC, never giving a reason for its failure to do so, other than to state that the IRS's Office of Chief Counsel is under a "separate appointing authority" from that of the IRS.

Thus, as previously stated, the controlling issue of law relates to the required scope of the search for a vacant, funded position that Appellee was required to make

under the Federal and Vocational Rehabilitation Act of 1973, (Pub. L. 93-112) (hereinafter referred to as the "Act"), as amended (29 C.F.R 1614.203) (1992) (hereinafter referred to as the "1992 Amendments"). Both parties agreed that the Rehabilitation Act now requires (pursuant to final regulations under the Act issued in June 2002) an agency-wide search for alternative employment, which in the case of an IRS employee would include the entire U.S. Department of Treasury and would certainly include the OCC, which is part of the U.S. Department of Treasury Office of General Counsel. Appellee U.S. Department of Treasury contends, however, that, although the law – in this case, specifically, the 1992 Amendments to the Rehabilitation Act, which were specifically designed to bring the Rehabilitation Act into accordance with the more generous and broader scope of the ADA - requiring a broader search was signed into law in 1992, the law did not become effective for more than ten years, after Appellee had been reassigned to a vacant IRS position at a lower grade level by two (GS 14, step 6 to GS 12). Appellant respectfully submits that that decision embraces an important yet clearly erroneous interpretation of the controlling law that if not corrected will have a substantial impact upon all Federal employees and upon the U.S. Department of Treasury, most specifically its practices and procedures.

## STATEMENT OF FACTS

This is an appeal from a decision by Administrative Law Judge Laura Khare, issued November 25, 2003, finding that Appellee U.S. Department of Treasury did not discriminate against Appellant based on disability within the meaning of the Rehabilitation Act of 1973 (Pub. L. 93-112), as amended (29 C.F.R 1614.203) (1997).