**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Public Health Service

Health Resources and
Services Administration
Bethesda, MD 20814

Federal Occupational Health
4350 East West Highway, 3rd Floor
Bethesda, Maryland 20814
npresant@foh.dhhs.gov

December 3, 1999

Ms. Joan McIver
Acting Chief
Headquarters Labor Relations Section
HQ:HR:MP:L Room 1042
1111 Constitution Avenue NW
Washington, DC 20224

Dear Ms. McIver:

As requested, I have reviewed the additional documentation provided on behalf of Ms. Teresa Bearman, an IRS employee who is requesting a workplace accommodation. The documentation is not medical but rather consists of a letter describing her work history dated November 24, 1999 from the law offices of Kalijarvi, Chuzi, & Newman and her most recent performance appraisal as a Program Analyst.

I am an occupational medicine physician rather than a lawyer by training and would not presume to be able to independently judge the work of a tax attorney. The work history statement from her attorney appears plausible and her performance appraisal indicates that she has met all the critical elements of her current position. In the absence of any controverting evidence from the IRS, I assume that Ms. Bearman is a competent tax attorney. It is also very plausible that a major contributor to her depression is low self-esteem resulting from being in a position in which the required work product is not commensurate with her training and capabilities. Thus, I would recommend from a medical point of view that she be accommodated with a position appropriate to her legal and educational background if there is such a position available in your agency.

Please call me at (301) 594-0273 if you have further questions concerning this matter.

Sincerely,

Neal L. Presant, M.D., CIME
Occupational Medicine Consultant



EXHIBIT
IF 280, 288-92

TOTAL P.02

280

TOTAL P.02

CHIEF COMMUNICATIONS
AND LIAISON

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

March 7, 2000

Theresa Bearman
2911 South Dinwiddie Street
Apartment C-2
Arlington, Virginia 22206

Re: Request for Reasonable Accommodation

Dear Terri:

This letter responds to your request for a reasonable accommodation.

Based on the information provided by your physician, it is her opinion that you are unable to perform the duties of your current GS-14 program analyst position because of your medical condition, and that a reasonable accommodation would include either restructuring your current position to include the full time practice of law, or reassigning you into an attorney position. We have reviewed the request and I have determined that it is not possible for the Service to restructure your current position to include the full time practice of law. As previously stated, we have made an exhaustive review of vacant attorney positions in the Washington D.C. metropolitan area. Our search was restricted to those locations because you told me you were not mobile outside them.

As a result of our review, the Service is making you a reassignment offer to the following vacant attorney position:

> Position: GS-905-12, Attorney (Estate Tax)
> Office: Virginia/West Virginia District, Southeast Region
> Division: Examination Division
> Post of Duty: Baileys Crossroads, Virginia

Because this position is at a lower grade than your current GS-14 position, the Agency is also offering you pay retention. Under pay retention, you will retain either your current salary or 150 percent of the tenth step of the new grade, whichever is less. Additionally, during the time you are on pay retention, you will receive 50 percent of all comparability increases based on the tenth step of your new grade. Your entitlement to pay retention will cease when your salary can be accommodated within the pay range of your new grade or if you are promoted. The journeyman level of the Attorney (Estate Tax) position is a GS-12.

Since this offer is at a lower grade, you are not obligated to accept it. Please be

288

advised, however, that inasmuch as this offer represents the reasonable accommodation you requested, the Agency's obligation, if any, to accommodate you through a reassignment may cease if you decline this offer.

Please let me know by March 16, 2000, whether you will accept this offer. I have attached hereto a Position Description for the GS-905-12 Attorney (Estate Tax) position as well as additional information concerning the current General Schedule Pay Rates and information concerning pay retention.

Please sign this letter below on the designated signature line if you accept this offer. I am also available to assist you if you have any further questions concerning this position or retained pay.

Sincerely,

*Barry P. Fulcher*

Barry P. Fulcher
Chief, Business Liaison

I, Theresa Bearman, hereby accept the offered position of GS-905-12, Attorney (Estate Tax), in the Virginia/West Virginia District.

_Theresa Bearman_           _3-16-00_
Theresa Bearman           Date

289

DRAFT

February 10, 2000

Neal L. Presant, M.D.
Federal Occupational Health
435 East West Highway
Room 3-2A2
Bethesda, Maryland 20814

Re: Theresa Bearman
    Request for Medical Evaluation

Dear Dr. Presant:

The Internal Revenue Service is writing to request that your office conduct an independent medical evaluation of Ms. Theresa Bearman, for the purpose of determining any restrictions on her work or duties which may be necessary because of her medical condition.

Ms. Bearman is a GS-14 program analyst in the Office of Public Liaison and Small Business Affairs. We understand that you have already been provided with a copy of her position description. According to her representatives, Ms. Bearman suffers from a "severe Major Depressive Disorder." Ms. Bearman's representatives further indicate that, because of her medical condition, she needs to be reasonably accommodated. Ms. Bearman's physician, Judith A. Nowak, M.D., indicates that Ms. Bearman's disability could be reasonably accommodated by either restructuring her current position to include the full time practice of law or reassigning her into such a position in the Office of Chief Counsel.

Pursuant to 29 C.F.R. § 1630.14 and 5 C.F.R. § 339.202, the Service is requesting that your office conduct an independent evaluation of Ms. Bearman in order to assess her medical condition and her medical limitations and capabilities. The Service is requesting this independent evaluation for two reasons. First, the Service is somewhat perplexed by the various opinions expressed by Dr. Nowak, and would therefore appreciate receiving a second opinion regarding Ms. Bearman's medical capabilities and limitations. Additionally, while Dr. Nowak has suggested one particular accommodation, the Service would appreciate a better understanding of Ms. Bearman's limitations so that it may make an independent assessment of the various options

1

290

Neal L. Presant, M.D.

available to accommodate Ms. Bearman's medical condition. With regard to the opinions expressed by Dr. Nowak: on October 11, 1999, Dr. Nowak stated that she has been following Ms. Bearman since June of 1996 and that Ms. Bearman suffers from "chronic low grade depressive symptoms (Dysthymic Disorder DSMIV 300.40) with distinct periods of worsening consistent with a diagnosis of Major Depressive Disorder (DSMIV 296.33)." Dr. Nowak further explained that there has been a worsening of Ms. Bearman's condition since approximately mid-August 1999 with a dramatic worsening since approximately the beginning of October 1999. Dr. Nowak states that Ms. Bearman's condition has resulted in a relapse into "severe Major Depressive Disorder (DSMIV 296.34);" and that her symptoms include "severe fatigue, irritability, marked difficulty concentrating, much difficulty taking initiative, social withdrawal, anhedonia and a depressed hopeless mood but no suicidal ideation." Dr. Nowak concludes that Ms. Bearman "simply cannot stay at her desk or attend to her work; even at home, Ms. Bearman is requiring the aid of family and friends with basic demands of daily living. Therefore, she is unable to work. There are no accommodations that could be made at the present time by her employer that would result in her being able to work."

Shortly thereafter, on October 21, 1999, Dr. Nowak stated that since she has now had the opportunity to "understand Ms. Bearman's situation in greater depth," she now believes Ms. Bearman could function at her job and return to work if either her job were restructured to include the full-time practice of law or if she were reassigned to the Office of Chief Counsel, Internal Revenue Service. Dr. Nowak explained that Ms. Bearman's self esteem was very low in her current position.

Thereafter, on December 3, 1999, Dr. Nowak released Ms. Bearman to return to her current non-attorney position on a part-time basis. This release was apparently premised on Ms. Bearman's need to return to work for financial reasons. Dr. Nowak stated that although Ms. Bearman was not fully recuperated, she believed that Ms. Bearman was "sufficiently improved to be able to return part-time with short term accommodations, especially if [Ms. Bearman] can anticipate the near future granting of the longer term accommodation" that had been requested. Finally, on January 21, 2000, Dr. Nowak stated that Ms. Bearman's previous attempt to return to work on a part-time basis resulted in a further deterioration of her condition due to the hostility of the environment to which she returned and expressed her "professional medical opinion" that Ms. Bearman not be required to return to work until such time as her request for a reasonable accommodation is acted upon.

2

291

Neal L. Presant, M.D.

As you can see, the Service perceives that it has been receiving inconsistent opinions from Dr. Nowak. Dr. Nowak first stated that Ms. Bearman could not work and could not be accommodated because she could not even be expected to sit at a desk. This opinion was shortly followed by another opinion that Ms. Bearman apparently could be expected to work but only if she could work as a full-time attorney. Thereafter, Dr. Nowak then medically released Ms. Bearman to return to her current non-attorney position because of Ms. Bearman's financial situation. In addition to Dr. Nowak's confusing medical opinions, the Service does not believe it has received sufficient information concerning Ms. Bearman's current medical condition so that it may adequately assess Ms. Bearman's capabilities and limitations and thereby determine whether there are any accommodations, besides restructuring her current position to include the full-time practice of law or reassigning her to the Office of Chief Counsel, which may be appropriate. Given Ms. Bearman's medical condition and Dr. Nowak's changing opinions, the Service is not entirely convinced that reassigning Ms. Bearman to a stressful position including the full-time practice of law is appropriate. Furthermore, there are very few attorney positions in the Service and the Service have no authority to reassign Ms. Bearman to the Office of Chief Counsel. Consequently, the accommodations suggested by Dr. Nowak may not be possible.

Accordingly, we would appreciate it if a psychologist or psychiatrist in your office could perform an independent evaluation of Ms. Bearman for the above-stated purposes. Please let us know what information your office requires from the Service in order to perform this evaluation. If you believe an individual consultation with Ms. Bearman is needed in order to perform this evaluation, the Service will make her available.

Thank you in advance for your immediate attention to this matter. If you have any questions, feel free to contact me at (202) 283-4993.

Sincerely,

Kathy G. King
Senior Reasonable Accommodation Specialist

292