IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESSA E. BERGMAN | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. <u>06-0303 (GK)</u> |
| v. | : |
| | : |
| HENRY M. PAULSON, JR. | : |
| SECRETARY OF THE TREASURY | : |
| | : |
| Defendant. | : |

PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF MATERIAL FACTS


1.      By letter dated October 11, 1999, plaintiff's doctor, Dr. Judith Nowak, wrote that plaintiff had "suffered an acute exacerbation of a chronic medical illness which necessitates a medical leave of absence"  IF at pp. 59-60, 10/11/99 Nowak ltr.  The doctor further wrote that plaintiff had:

> relapse[d] into severe Major Depressive Disorder (DSMIV 296.34).  Her symptoms include fatigue, irritability, marked difficulty concentrating, much difficulty taking initiative, social withdrawal, anhedonia and a depressed hopeless mood but no suicidal ideation.  Ms. Bearman simply cannot stay at her desk or attend to her work:  even at home, Ms. Bearman is requiring the aid of family and friends with basic demands of daily living.  Therefore, she is unable to work.  There are no accommodations that could be made at the present time by her employer that would result in her being to work.
>
>      *** I cannot predict with great specificity how long it will be before Ms. Bearman is able to return to work but the time course of past periods required for recovery suggests that a period of 30 days out of work is a reasonable expectation.

*Response:  Plaintiff does not question the accuracy of the quotation of Dr. Nowak's letter.  The statement in the letter that Plaintiff is unable to work must be read together with Dr. Nowak's letter of October 22, 1999 where she states that Plaintiff could work if an accommodation were*

*made and her job was restructured to include substantive legal work or she was transferred to another job involving substantive legal work. In further response, Plaintiff refers to Dr. Nowak's Affidavit, Exh. K.*

2. By letter dated October 22, 1999, plaintiff's counsel requested an accommodation for plaintiff. Attached thereto was a letter from Dr. Nowak dated October 21, 1999. IF at pp. 56-58. Dr. Nowak's letter stated:

> I have had the opportunity to understand Ms. Bearman's situation in greater depth. I believe she could function at her job and return to work if an accommodation is made. This accommodation is a job restructuring so that the functions of her position in the Office of Public Liaison & Small Business Affairs include the full time practice of law. If this is not possible in her present position, I would recommend a transfer to the Chief Counsel's office where [plaintiff] previously worked for over three years and received a certificate of merit. The reason for this is that Ms. Bearman's self esteem is at a very low level in her current position. Without this accommodation, her health is likely to deteriorate, forcing her to be hospitalized and unable to work.

IF at p. 61.

*Response.* *Plaintiff does not dispute the accuracy of the quotation. Dr. Nowak clarified in her deposition and in her affidavit that she meant by this language that Plaintiff was acutely depressed. Self-esteem is a manifestation of depression but is separate and distinct from depression and had no bearing at all on the request for a job transfer. Nowak Aff., Exh. K; Nowak Depo. ,Exh H.*

3. Plaintiff submitted a Rule 26 expert statement from Dr. Nowak dated December 14, 2006. Docket Number 15 at Document 15-2. The statement says that "In October 1999 Ms. Bergman had a disability as a result of her depression that prevented her from doing her job as then configured." 12/14/99 Nowak letter at p. 1. The Rule 26 statement does not mention any other major life function allegedly significantly impaired by plaintiff's depression. The cover letter submitted by plaintiff's counsel similarly does not claim that

Dr. Nowak will testify to significant impairment of any major life activity other than work. *Id.* at Document 15-1.

*Response*  *Plaintiff stated the overall opinions that Dr. Nowak was expected to render, including the overall opinion that Plaintiff suffered from a disability that required a reasonable accommodation under the Act. Defendant deposed Dr. Nowak on the issues of major life functions and any failure to ask questions is not the fault of Plaintiff.. Dr. Nowak testified clearly that plaintiff suffers from diminished cognitive function, executive reasoning and organization as a result of her disability. Exh. H. Dr. Nowak also testified that Plaintiff was unable to manages such routine functions as cooking, cleaning and housework. The foregoing functions, and an inability to work, are all regarded as major life functions under 29 C.F.R. 1620, et seq and in the applicable case law. Plaintiff incorporates Exh. H, Exh. K,, Exh C, HT Nowak.*

        Respectfully submitted,

_____
John D. Quinn, Esq,
Stephen Sale, Esq.
Sale & Quinn, P.C.
910 16th Street, N.W., Suite 500
Washington, DC  20006
Tel:  (202) 833-4170
Fax: (202) 887-5137

Counsel for Plaintiff

May 21, 2007