# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESSA E. BERGMAN : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 06-0303 (GK) |
| v. : | |
| : | |
| HENRY M. PAULSON, JR. : | |
| SECRETARY OF THE TREASURY : | |
| : | |
| Defendant. : | |
| : | |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVE MOTION TO
## SUBMIT SUPPLEMENTAL BRIEF

Plaintiff Tessa E. Bergman moves to strike Defendant's Motion for Summary Judgment, and alternatively moves for leave to submit supplemental brief on summary judgment. A memorandum of points and authorities is attached hereto and incorporated herein.

                                                                                Respectfully submitted,

                                                                       _____/s/_____
                                                                       John D. Quinn, Esq,
                                                                       Stephen Sale, Esq.
                                                                       Sale & Quinn, P.C.
                                                                       910 16th Street, N.W.,
                                                                       Suite 500
                                                                       Washington, DC  20006
                                                                       Tel:  (202) 833-4170
                                                                       Fax: (202) 887-5137

                                                                       Counsel for Plaintiff

Dated: June 21, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TESSA E. BERGMAN : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. <u>06-0303 (GK)</u> |
| v. : | |
| : | |
| HENRY M. PAULSON, JR. : | |
| SECRETARY OF THE TREASURY : | |
| : | |
| Defendant. : | |
| : | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVE MOTION TO SUBMIT
SUPPLEMENTAL BRIEF**

Plaintiff Tessa E. Bergman ("Plaintiff") submits her Memorandum of Points and Authorities in Support of Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment, and alternative motion to submit supplemental brief, and states as follows:

<u>Preliminary Argument</u>

Defendant Henry M. Paulson, Jr., Secretary of the Treasury ("Defendant"), as required by Local Rule 56.1, submitted a Statement of Material Facts not in Dispute ("Defendant's SOMF") limited to three narrow and allegedly uncontested facts it contends support entry of summary judgment in favor of Defendant as a matter of law. Defendant then proceeded to argue grounds for summary judgment that are totally unrelated to the limited facts alleged to be uncontested in Defendant's SOMF. In its Reply Brief, Defendant made new legal arguments, which do not accurately state the law and which unfairly characterize the facts. Plaintiff requests that the

Court strike Defendant's arguments that are beyond the scope of the limited factual allegations made in Defendant's SOMF.

When read in relation to the actual uncontested facts in this case, the case law argued by Defendant in its Reply Brief compels entry of partial summary judgment in favor of Plaintiff. Accordingly, Plaintiff requests that the Court consider the arguments set forth herein with respect to the pending summary judgment motions of Plaintiff and Defendant.

    A.    *Defendant's SOMF Was Limited to Three Narrow Facts.*

Defendant's motion for summary judgment is based on the following three facts:

1. An excerpt of a letter from Plaintiff's expert Judith Nowak, M.D., dated October 11, 1999, stating that Plaintiff is unable to work due to depression;

2. An excerpt from a letter from Dr. Nowak dated October 22, 1999, stating that Plaintiff could return to her job and work if she received a reasonable accommodation for her depression (substantive work) and that Plaintiff could work in another position if she received a reasonable accommodation under the Act (a job involving substantive work); and

3. An excerpt from Plaintiff's Rule 26 expert opinion statement from Dr. Nowak stating that "In October 1999 Ms. Bergman had a disability as a result of her depression that prevented her from doing her job as then configured."

From this narrow statement of material facts not in dispute, Defendant submitted a 45-page Memorandum of Points and Authorities ("Defendant's Memorandum") containing arguments mixed together with deposition quotations and references to other documents that are not mentioned in Defendant's SOMF and that were not even attached to Defendant's Memorandum. This is highly improper. A party moving for summary judgment must submit a "separate" and "concise" statement isolating pertinent material facts it claims are not in dispute and must submit a legal argument showing why those facts entitle the moving party to summary judgment. *Robertson v. American Airlines, Inc.,* 239 F. Supp.2d 5, 9 (D.D.C. 2002). In effect, Defendant has filed no statement of material fact at all, because Defendant argues for summary

2

judgment on entirely different facts, based largely on deposition transcripts and other documents that were not even attached to Defendant's Motion for Summary Judgment. Nowhere is this more clear than in Defendant's Reply Brief submitted on June 11, which does not even mention any of the three narrow facts submitted in support of Defendant's Motion for Summary Judgment in Defendant's SOMF. Consequently, in responding, Plaintiff did not have a fair opportunity to respond to a clear and concise universe of specific facts with an argument as to why those facts do not entitle Defendant to summary judgment. As the court observed in *Robertson*:

> Although the rule's directive to movants varies slightly from the rule's directive to non-movants, both the movant and the non-movant bear the obligation of clarifying relevant issues for the district court. LCvR 56.1. As our court of appeals has stated, the purposes of the rule 'clearly are not served when one party, particularly the moving party, fails in his statement to specify the material facts upon which he relies.'
>
> Because the rule helps the district court maintain docket control and decide motions for summary judgment efficiently, the D.C. Circuit has repeatedly upheld district court rulings that hold parties to strict compliance with this rule.

*Id*, pp. 7-9 (citations omitted).

B. *Plaintiff's Response to Defendant's New Arguments.*

Defendant focuses on one principal argument in its Reply Brief--that Plaintiff does not have a disability within the meaning of the Act--because plaintiff failed to prove that she is incapable of performing a broad category of jobs. Defendant's Reply Brief contains a new argument that Plaintiff had the affirmative burden of proving not only that she was disqualified from a broad range of job positions but that she also had to show that such jobs were consistent with her background and skills. Defendants Reply, pp. 16-20. Defendant also incorporates this argument into its Opposition to Plaintiff's motion for partial summary judgment. Accordingly, if such arguments are considered, Plaintiff asks that the following be considered in opposition to

3

Defendant's motion for summary judgment and in support of Plaintiff's motion for partial summary judgment.

The pertinent regulations at 29 C.F.R. § 1630.9 provide as follows:

(a) It is unlawful for a covered entity not to make reasonable accommodation to the known physical or mental limitations of an otherwise qualified applicant or *employee with a disability*, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of its business.

Defendant's Motion for Summary Judgment and Defendant's Opposition to Plaintiff's Motion for Summary Judgment turn largely on the claim that Plaintiff was not an "employee with a disability" within the meaning of 29 C.F.R. § 1630.9. An "employee with a disability" as defined in 29 C.F.R. 1630.2(g) means an employee with a "physical or mental impairment that substantially limits one or more major life activities" of an individual. Plaintiff claims that she is an employee with a disability because: (1) Defendant determined that she was disabled and so testified; and (2) Plaintiff, in fact, presented evidence of cognitive impairment; and (3) Plaintiff was also disabled from the major life function of work. In arguing that Plaintiff is not disabled from work, Defendant argues that Plaintiff has not presented evidence showing that she is disabled from a broad category of jobs consistent with her skills. In making this argument, Defendant does not mention that when an employer determines that an employee is disabled, that employee is deemed to be an employee with a disability. Stated otherwise, an employee is disabled when he shows an actual disability or when he is "regarded [by his employer] as having such an impairment." 29 C.F.R. 1630.2(g)(1). The regulations specifically state that an individual is deemed to have such an impairment--and therefore is deemed to be disabled--if he: (1) "has a physical or mental impairment that does *not* substantially limit major life activities but

4

is treated by a covered entity" as having such a limitation; or (2) does *not* have any impairment at all but "is treated by a covered entity as having" such an impairment. 29 C.F.R. 1630.2(k)(1)(3).

The Supreme Court has explained that a person is "regarded as" disabled within the meaning of the ADA if a covered entity *mistakenly* believes that the person's actual, nonlimiting impairment substantially limits one or more major life activities. *Murphy v. United Parcel Serv., Inc.,* 527 U.S. 516, 521-22, 119 S.Ct. 2133, 144 L. Ed. 2d 484 (1999)*; See also, Sutton v. United Air Lines, Inc.,* 527 U.S. 471,489, 119 S. Ct. 2139, 144 L. Ed. 2d 450 (1999). An employee is disabled if an employer "makes an employment decision based on a physical or mental impairment, whether real or imagined." *Id. at 490.* Employees who are mistakenly regarded as disabled are covered by the Act to protect employees from "misconceptions [that] often result from stereotypic assumptions not truly indicative of ….individual ability." *Id. at 489.* This Circuit has held as follows:

> A person is 'regarded as' disabled if his employer '*mistakenly* believes that [the] person has a physical impairment that substantially limits one or more major life activities' or 'mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities.'

*Haynes v. Williams,* 392 F.3d 478, 481-82 (D.C. Cir. 2004) (emphasis supplied) (citations omitted). Thus, where an employer "erroneously believed" that an employee suffered from an impairment that substantially limited a major life activity when, in actuality, the employee did not have any such impairment, that employee is deemed to be disabled under the Act. *Id.* It is very clear that an individual who an employer mistakenly believes is disabled is an individual with a disability under the Act, **even if he is not disabled at all**.

While Defendant argues now that Plaintiff did not have an ADA disability, Defendant argued repeatedly below that Defendant *regarded* Plaintiff as having an ADA disability. On summary judgment, Defendant concedes that it had determined that Plaintiff did have an ADA

5

disability but now claims that this determination was a "mistake." It is irrelevant whether Plaintiff actually had an ADA disability or whether Defendant mistakenly determined that Plaintiff had a disability under the Act, because Defendant, at a minimum, *believed* Plaintiff had an ADA disability.

On December 3, 1999, Dr. Presant determined that Plaintiff had a disability, acute depression, that required a job restructuring or job transfer to a position involving legal work. Defendant's manager determined at that time that Plaintiff had a disability that required an accommodation under the Act. Exh. C, HT (Sottile), pp. 488-89; Exh. A, ¶ 10, Attachment 1. David Williams, the Chief of the Office that employed Plaintiff, testified that Dr. Presant's decision was "dispositive" and that, once the decision was made, "we have to follow it, and we did." Exh. C, HT (Williams), p. 265. Mr. Williams also testified that, "When Dr. Presant, as the agency third party validator, said this is a reasonable accommodation case, that is the end of the story." Exh. C, HT (Williams), p. 266. The official appointed as Defendant's designee under Rule 30(b)(6) to testify as to whether Plaintiff was a qualified individual with a disability, Barry Fulcher, testified that Dr. Presant's December 3rd opinion was the "final say-so," Exh. C, HT (Fulcher), at 427, and that Defendant was "in fact *required* to find a reasonable accommodation" for Plaintiff under the Act. Exh. B, pp. 11-12; 123-24. Defendant's corporate designee testified under oath no less than <u>six</u> times in his deposition that Defendant was *obligated* to provide a reasonable accommodation to plaintiff under the Act. Exh. B, pp. 11-12, 56, 72, 73, 74, 75, 123-124.

Defendant does not deny that multiple statements of senior IRS officials and corporate designees acknowledged that Defendant was ***required to find a reasonable accommodation for Plaintiff under the Act.*** The statements were given under oath and comprise the *only* record in

6

this case. Rather than submit evidence, affidavits or testimony to contradict the statements, Defendant simply states that the multiple statements of Defendant that it was required to find a reasonable accommodation for Plaintiff under the Act were a "mistake." Specifically, Plaintiff asserted the following material facts as to which there is no genuine dispute, and Defendant gave the following responses:

<p style="margin-left: 2em;">Plaintiff's Allegation: "*Defendant, through employees of the Internal Revenue Service, made a determination that Plaintiff had a disability that required Defendant to find a reasonable accommodation for Plaintiff under the Act. Source: Exh. A, ¶ 11, Attachment 1; Exh. B, pp. 11-12, 72-75, 123-24; Exh. C, HT (Burns), pp. 221, 226; (Williams), p. 245; (Fulcher), pp. 352-54, 435-36, 449-50.*" Plaintiff's SOMF, ¶ 12.</p>

<p style="margin-left: 2em;">Defendant's Response: "Defendant does not dispute that employees of the IRS made a **mistaken** determination that they were required to accommodate plaintiff as requested." Defendant's Statement of Genuine Issues, ¶ 12.</p>

<p style="margin-left: 2em;">Plaintiff's Allegation: *Defendant, through employees of the Internal Revenue Service, made a determination that the reasonable accommodation it was required to find for Plaintiff under the Act was reassignment to an employment position involving substantive legal work. Source: Exh. A, ¶ 10, Attachment 1; Exh. B, pp. 11-12, 72-75, 123-24; Exh. C, HT (Williams), p. 253; (Fulcher), pp. 352-54, 435-36, 449-50; (Sottile), pp. 488-89.* Plaintiff's SOMF ¶ 10.</p>

<p style="margin-left: 2em;">Defendant's Response: "Defendant does not dispute that employees of the IRS made a **mistaken** determination that a reasonable accommodation was required for plaintiff." Defendant's Statement of Genuine Issues, ¶ 10.</p>

Defendant thus admitted, for purposes of summary judgment, that "Defendant made a *determination* that Plaintiff had a disability that required Defendant to find a reasonable accommodation for Plaintiff under the Act." Even assuming, *arguendo*, that Defendant truly did make a "mistake" in this determination, the mistake is irrelevant. Defendant's "determination that Plaintiff had a disability" that "required" Defendant to provide a reasonable accommodation under the Act is, to say the least, an admission that Defendant "regarded" Plaintiff as an "employee with a disability" under the Act. Because Defendant is only "required" to provide reasonable accommodation to an employee with an ADA disability, Defendant's determination

7

that Plaintiff had a disability that required Defendant to offer a reasonable accommodation means Defendant believed Plaintiff was an "employee with a disability" within the meaning of 29 C.F.R. § 1630.9. Thus, it is irrelevant whether Defendant was "mistaken" in its belief that Plaintiff was entitled to a reasonable accommodation under the Act, because Defendant admits it believed that Plaintiff was an employee with a disability.

Thus, Defendant's lengthy arguments in its Reply Brief that 29 C.F.R. 1620.2 requires Plaintiff to prove that she was disabled from a broad category of jobs for which her background and skills qualify her miss the point. These same regulations, specifically 29 C.F.R. 1630.2(g)(1) and (k)(1) and (3), and the substantial case authority cited above, deem an individual to be disabled when an employer believes the employee is disabled, even if the employee has no disability at all.

The Supreme Court has defined two ways in which an individual may be deemed disabled within the meaning of the Act: (1) when the employer mistakenly believes the individual has an impairment that substantially limits one or more major life activities, or (2) when the employer mistakenly believes an actual, non-limiting impairment substantially limits one or more of the individual's major life activities. *Sutton v. United Air Lines, Inc.*, 527 U.S. at 489. Whether a person falls within this definition of disabled "turns on the employer's perception of the employee, a question of intent, not whether the employee has a disability." *Francis v. City of Meriden*, 129 F.3d 281, 284 (2d Cir. 1997). An employee is deemed disabled where an employer believed erroneously, "that the plaintiff suffered from an 'impairment' that, if it truly existed, would be covered under the statutes." *Id.* at 285.

Thus, while it is not enough for a plaintiff to show that an employer merely regarded an employee as having some disability, an employee satisfies its obligation to prove a disability

when he shows that "the employer regarded the individual as disabled within the meaning of the ADA." *Colwell v. Suffolk County Police Dept.*, 158 F.3d 635, 646 (2nd Cir. 1998). See, *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 454 (6th Cir.) (standard for "regarded as disabled" is whether the "company regarded an employee as 'a person with a disability' within the meaning of the Act."); *Giordano v. City of New York,* 274 F.3d 740, 749 (2nd Cir. 2001) (employee is deemed disabled when the employer "'regarded [him] as disabled' within the meaning of the ADA."); *EEOC v. Town & Country Toyota, Inc.*, 7 Fed. Appx. 226, 230 (4th Cir. 2001) (employee must show that employer "regarded him as disabled within the meaning of the ADA"). In this case, Defendant testified repeatedly and unequivocally that it made a "determination that Plaintiff had a disability" that "required" Defendant to provide a reasonable accommodation under the Act. On summary judgment, Defendant admits that it "made a determination that Plaintiff had a disability that required Defendant to find a reasonable accommodation for Plaintiff under the Act." There could be no clearer evidence that Defendant regarded Plaintiff as disabled within the meaning of the Act.

    Plaintiff is not arguing here that an employer makes a finding that an employee has an ADA disability whenever the employer provides some accommodation to an employee. The admissions by Defendant here are quite different. Here Defendant admits, for purposes of summary judgment, that senior IRS officials made a *determination* that Plaintiff had a *disability* that *required* Defendant to find a reasonable accommodation for Plaintiff under the Act. Defendant thereby admitted that it regarded Plaintiff as an "employee with a disability." At a minimum, there is no disputed fact that Defendant "regarded" Plaintiff as disabled within the meaning of the Act. As there are no contrary facts in the record, summary judgment is appropriate on this issue.

9

Conclusion

For the reasons set forth herein, the Court should strike Defendant's Motion for Summary for failing to comply with Local Rule 56.1 and/or should consider the arguments herein and deny Defendant's Motion for Summary Judgment and grant Plaintiff's Motion of Partial Summary Judgment.

<div style="text-align: right;">
Respectfully submitted,

_____/ss/_____
John D. Quinn, Esq,
Stephen Sale, Esq.
Sale & Quinn, P.C.
910 16th Street, N.W., Suite 500
Washington, DC  20006
Tel:  (202) 833-4170
Fax: (202) 887-5137

Counsel for Plaintiff
</div>

June 21, 2007