**Defendant Request #** Rehab 1

The pertinent anti-discrimination statute provides that

No [employer] shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . terms, conditions, and privileges of employment.

the term "discriminate" includes--

(5)(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . .employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity.

42 U.S.C.A. § 12112.

**Defendant Request #** Rehab 2

To make out a case of discrimination for failure to accommodate a plaintiff must show by a preponderance of the evidence (1) that she was an individual with a disability within the meaning of the statute; (2) that the employer had notice of her disability; (3) that with reasonable accommodation she could perform the essential functions of the position; and (4) that the employer refused to make such accommodations.

*Pantazes v. Jackson,* 366 F.Supp.2d 57, 66 (D.D.C.2005).

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

**Defendant Request # Rehab 3**

Plaintiff contends that defendant should have reasonably accommodated plaintiff by reassigning plaintiff to another position. Reassignment may constitute a reasonable accommodation under certain circumstances, but defendant is not required to create or re-establish a job where one would otherwise not exist. In addition, defendant is not required to promote an employee with a disability as an accommodation.

To show that lateral reassignment to another job would have been a reasonable accommodation, plaintiff must prove that the job was vacant or available and that plaintiff was qualified for the vacant job to which plaintiff requested reassignment.

The fact that defendant may have offered certain accommodations to plaintiff, in the past, as a temporary experiment, in belief that it should,  or as an act of compassion toward the employee does not mean that the same accommodations must be forever extended to plaintiff as a matter of law, or that those accommodations are necessarily reasonable under the ADA. Otherwise, an employer would be reluctant to offer benefits or concessions to disabled employees for fear that, by once providing the benefit or concession, the employer would forever be required to provide that accommodation.

The fact that an accommodation that plaintiff argues for has been provided by defendant in the past to plaintiff, or to another disabled employee, does not necessarily mean that the particular accommodation is a reasonable one. Instead, you must determine its reasonableness under all the evidence in the case.

While defendant is required to provide reasonable accommodations that would allow a qualified person with a disability to perform the essential functions of the job, defendant does not have to provide the particular accommodation that such a person  prefers or requests.


adapted from FED-JI § 172.21  pp400-401

**Defendant Request #** Rehab 4

Definition of "Disability"

The first fact that the Plaintiff must prove by a preponderance of the evidence is that she had a "disability." An individual with a "disability" is

1) a person who has a physical or mental impairment that substantially limits one or more major life activities, or

2) a person who is "regarded" as having an impairment which substantially limits one or more major life activities, or

3) a person who has a record of having such an impairment which substantially limits one or more major life activities.

A "major life activity" is an activity that an average person can perform with little or no difficulty. Examples are caring for oneself, performing manual tasks, walking, talking, seeing, hearing, breathing, learning, and working.

An impairment substantially limits one or more major life activities if an individual is unable to perform an activity, or is significantly limited in the ability to perform an activity, compared to an average person in the general population.

There is no dispute in this case that the plaintiff had a mental impairment, low grade chronic depression over a number of years and that she was diagnosed as falling into a major depression beginning in about October 1999. What is in dispute is whether or not plaintiff's mental impairment substantially limited a major life activity.

FED-JI § 172.21 p. 401

**Defendant Request #** Rehab  5

"Substantially limits" means:

1. unable to perform a major life activity that the average person in the general population can perform; or

2. significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1).

Plaintiff has alleged that her impairment substantially limited her cognitive ability and [work?}.

In determining whether the plaintiff's impairment substantially limits plaintiff's cognitive ability, you should compare the plaintiff's cognitive ability with the ability of the average person in the general population.  In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment.  Temporary impairments with little or no long-term impact are not sufficient.

It is not the name of an impairment or a condition that matters, but rather the effect of an impairment or condition on the life of a particular person.

FED-JI § 172.21 at p. 423 (adaptation of 8th Circuit Model Instruction)

**Defendant Request #** Rehab 6

The determination of whether plaintiff is disabled must be made with reference to measures that mitigate plaintiff's alleged impairment including medication and psychiatric counseling .

Adapted from FED-JI § 172.30

**Defendant Request #** Rehab 7

§ 172.36. Regarded as disabled

A person is "regarded as disabled" when (1) the employer mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) the employer mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major activities.

FED-JI § 172.36

**Defendant Request #** Rehab 8

By including as disabled individuals, not only those who are actually physically or mentally impaired, but also those who are regarded as impaired and who, as a result, are substantially limited in a major life activity, Congress acknowledged that society's accumulated myths and fears about disability and disease are as handicapping as are the physical or mental limitations that flow from actual impairment". [1]

This provision is intended to combat the effects of "archaic attitudes," erroneous perceptions, and myths that work to the disadvantage of persons with or regarded as having disabilities.[2].

If the perception of plaintiff's impairment was not based upon speculation, stereotype, or myth, but upon a doctor's written description or restriction of her impairment or abilities, then plaintiff is not "regarded as disabled" under the law. [3]        Additionally, an employer's decision to accommodate an employee or to place the employee on limited duty do not establish a "regarded as" claim under the ADA. [4]

An employer's attempts to accommodate an employee's concerns and perceived needs

---

[1] *Sutton v. United Air Lines, Inc*., 527 U.S. 471, 489-490, (1999) (*citing School Bd. of Nassau Cty. v. Arline*, 480 U.S. 273, 284(1987)); *see also* 29 CFR pt. 1630, App. § 1630.2( 1 );

[2] *See School Bd. of Nassau County v. Arline*, 480 U.S. 273, 279 & 285

[3] *See Wooten v. Farmland Foods*, 58 F.3d 382, 385 -386 (8th Cir.1995)

[4] *Muller v. Automobile Club of Southern California,* 897 F.Supp. 1289, 1297 -1298 (S.D.Cal.,1995)

does not establish that the employer regarded the employee as having a disability.[5]

An employee is not regarded as disabled merely because an employer acts in response to restrictions imposed by an employee's physician. [6]

An employer that accedes to minor and potentially debatable accommodations (a sensible way to avoid litigation, liability, and confrontation), does not thereby stipulate to the employee's record of a chronic and endless disability. [7]

---

[5]  *Thompson v. Rice,*  422 F.Supp.2d 158, 175 (D.D.C.,2006); *Haynes v. Williams* , 279 F.Supp.2d 1, 11 -12 (D.D.C.2003)

[6]  *Mack v. Strauss*,  134 F.Supp.2d 103, 110 -111 (D.D.C.2001)

[7]  *Colwell v. Suffolk County Police Dept.,*  158 F.3d 635, 46 (2d Cir.1998)

**Defendant Request #** Rehab 9

D. Definitions

§ 172.37. Record of impairment

An individual has a "record of such an impairment" if the individual "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." In order to establish a record of such an impairment, plaintiff Bergman must prove that the plaintiff's record "substantially limits a major life activity."

FED-JI § 172.37

**Defendant Request #** Rehab 10

You may fine that plaintiff's hospitalization in 1991 and/or her long term low grade chronic

depression constitute a "record of impairment." However, the fact of plaintiff's hospitalization

or her long term low grade chronic depression, standing alone, does not establish a record of a

**substantially limiting** impairment. The conditions must be examined to ascertain whether a

specific condition substantially limited a major life activity. A temporary, non-chronic

impairment of short duration, with little or no long term permanent impact, are usually not

disabilities. *Colwell v. Suffolk County Police Dept,.* 158 F.3d 635, 645-46 (2d Cir.1998)

**Defendant Request #** Rehab11

The relevant time for determining whether an employee is a "qualified individual with a disability" under the ADA is the date of the adverse employment decision.

FED-JI § 172.30 p. 413

**Defendant Request #** Rehab 12

Plaintiff also has alleged that her impairment substantially limited Plaintiff's ability to work. Working is a major life activity; however, an inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. Indeed, an individual is substantially limited in the major life activity of working only if she is significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.

In deciding whether the Plaintiff's impairment substantially limited her ability to work, you should consider the three factors already mentioned relating to the severity, duration and lasting effect of the impairment. In addition, you may also consider: (1) the geographical area to which the individual has reasonable access; (2) the number and types of jobs, if any, utilizing similar training, knowledge, skill or abilities, within that geographical area, from which the individual is also disqualified because of the impairment; and (3) the number and types of jobs, if any, not utilizing similar training, knowledge, skills or abilities, within that geographical area from which the individual is also disqualified because of the impairment.

FED-JI § 172.21 p. 401

14

**Defendant Request #** Rehab 13

Definition of "Qualified"

The second fact that the Plaintiff must prove by a preponderance of the evidence is that she was qualified for the job in question at the time of the challenged employment decision notwithstanding her disability. The ADA does not require an employer to hire or retain or promote an individual who cannot perform the job.

In order to prove that she was qualified, the Plaintiff must establish: (1) that the Plaintiff possessed the requisite skill, experience, education and other job-related requirements of the job in question; and (2) that the Plaintiff was capable of performing all of the essential functions of the job in question, despite any disability, with or without reasonable accommodation by Plaintiff's employer.

To the extent that the Plaintiff contends that a particular function is not essential to the job, the Plaintiff also bears the burden of proving that this function is not, in fact essential.

(a) Definition of "Essential Functions"

The essential functions of a position are the fundamental job duties of that position. The term "essential functions" does not include the marginal functions of the position. A job duty or function may be considered essential because, among other things, one of the reasons the job exists is to perform that function; or because there are a limited number of employees available among whom the performance of that job function can be distributed; or because the function is highly specialized and the incumbent in the position was hired for his or her expertise or ability to perform that particular function. Evidence of whether a particular function is essential includes, but is not limited to, the employer's own judgment as to which functions are essential;

15

the existence of written job descriptions prepared before advertising or interviewing applicants for the job; the amount of time spent on the job performing the function; the consequences of not requiring the incumbent to perform the function; the terms of a collective bargaining agreement, if applicable; the work experience of past incumbents in the job; and/or the current work experience of incumbents in similar jobs. [Further, in addition to the particular requirements of a specific job, an employer may have general requirements for an employee in any position. For example, the employer may expect employees to refrain from abusive or threatening conduct toward co-workers or the public, or may require a regular and reliable level of attendance by the employee.]

(b) Definition of "Reasonable Accommodation"

Even if the Plaintiff was not able to perform all of the essential functions of the job due to limitations arising from a disability, the Plaintiff may still prove that she  was "qualified" for the job if the Plaintiff has proved (1) that the Plaintiff could have performed all of the essential functions of the position with a "reasonable accommodation;" and (2) that the Plaintiff identified and requested this accommodation from the employer.

A "reasonable accommodation" is a change that can reasonably be made without undue hardship to the employer in the employer's ordinary work rules, facilities, or terms and conditions of employment.

In order to prove that she would have been qualified for the job if the Plaintiff had received a reasonable accommodation, the Plaintiff must prove each of the following facts:

First: That the Plaintiff informed the Defendant of the substantial limitations arising out of the Plaintiff's disability;

16

Second: That the Plaintiff identified and requested an accommodation;

Third: That the requested accommodation was reasonable, was available and would have allowed the Plaintiff to perform the essential functions of the job; and

Fourth: That the Defendant unreasonably refused to provide that accommodation.

So, the first fact that the Plaintiff must prove is that she informed the Defendant of the substantial limitations that arose out of her disability. An employer is not required to assume that an employee with an impairment suffers from a particular limitation, but may assume instead that the individual can perform her job unless otherwise notified by the employee.

The second fact that the Plaintiff must prove is that the Plaintiff identified and requested an accommodation; and the third fact that the Plaintiff must prove is that the requested accommodation was reasonable, was available and would have allowed the Plaintiff to perform the essential functions of the job.

FED-JI § 172.21 pp 402-403

**Defendants Request** # Rehab 14

The Plaintiff contends that the Defendant should have reasonably accommodated the Plaintiff by reassigning the Plaintiff to another position. Reassignment may constitute a reasonable accommodation under certain circumstances, but an employer is not required to create or re-establish a job where one would otherwise not exist. Moreover, an employer is not required to promote an employee with a disability as an accommodation; and, to show that lateral reassignment to another job would have been a reasonable accommodation, the Plaintiff must prove that the job was vacant or available and that she was qualified for the vacant job to which she requested reassignment.

Also, you should be mindful that while the employer is required to provide reasonable accommodations that would allow the Plaintiff to perform the essential functions of the job, the employer does not have to provide the particular accommodation that the Plaintiff prefers or requests. There may be more than one reasonable accommodation, and if the Plaintiff refused to accept an accommodation that was offered by the Defendant that would have allowed the Plaintiff to perform the essential functions of the job, then the Plaintiff has failed in carrying her burden of demonstrating that the Defendant refused to offer the Plaintiff a reasonable accommodation.

FED-JI § 172.21 pp 402-403

18

**Defendant Request # Rehab 15**

The plaintiff Bergman claims that the defendant unreasonably refused to give her the accommodation of transferring her to the Office of Chief Counsel.

At the times pertinent to this case, the relevant regulations provided :

When a nonprobationary employee becomes unable to perform the essential functions of his or her position even with reasonable accommodation due to a handicap, an agency shall offer to reassign the individual to a funded vacant position located in the same commuting area and serviced by the same appointing authority, the essential functions of which the individual would be able to perform with reasonable accommodation if necessary unless the agency can demonstrate that the reassignment would impose an undue hardship on the operation of the program. In the absence of a position at the same grade or level, an offer of reassignment to a vacant position at the highest available grade or level below the employee's current grade or level shall be required.

29 C.F.R. §1614.203 (g).

In order to meet her burden of showing the defendant was required to transfer plaintiff to the Office of Chief Counsel, Plaintiff has the burden of proving by a preponderance of the evidence that the position she requested in the Office of Chief Counsel was located in the same commuting area and serviced by the same appointing authority as her position as a Management Program Analyst, Office of Public Liaison and Small Business Affairs of the Internal Revenue Service. IRS.

**Defendant Request #** Rehab.16

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's disability. So far as you are concerned in this case, an employer may refuse to hire or transfer, refuse to advance leave or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

FED-JI § 172.21 pp 402-403

**Defendant Request #** Rehab **17**

§ 172.50. Generally

Plaintiff Bergman has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff Bergman has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant .

FED-JI § 172.39

**Defendant Request #** Rehab **18**

172.51. Preponderance of the evidence

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

FED-JI § 172.39

**Defendant Request #** Rehab **19**

If you find in favor of plaintiff under Instruction_____ , then you must answer the following question in the verdict form(s): Has it been proved by the [(greater weight) (preponderance)]2 of the evidence that the defendant made a good faith effort and consulted with the plaintiff, to identify and make a reasonable accommodation?

FED-JI § 172.39 p. 434

**Defendant Request # Rehab 20**

Defense

§ 172.60. Good faith efforts at reasonable accommodation

Your verdict should be for defendant, if defendant has proven to you, by a preponderance of the evidence, that:

First: Plaintiff has informed the defendant that reasonable accommodations, as defined in these instructions, were needed because of plaintiff's disability; and

Second: Defendant either made a good faith effort, in consultation with plaintiff, to identify and make a reasonable accommodation that would provide plaintiff with an equally effective opportunity at the work place; or

Third: The efforts at the reasonable accommodation would cause an undue hardship on the operation of the defendant's business.

FED-JI § 172.39 p. 433

**Defendant Request # Rehab 21**

Because the interactive process is not an end in itself, it is not sufficient for Ms.

Bergman to show that the IRS failed to engage in an interactive process or that it caused the

interactive process to break down. Rather, Ms. Bergman must show that the result of the

inadequate interactive process was the failure of the IRS to fulfill its role in 'determining what

specific actions must be taken by an employer' in order to provide the qualified individual a

reasonable accommodation." . . .. The interactive process begins when an employee requests an

accommodation. Once this process has begun, both the employer and the employee have a duty

to act in good faith,. . . ., and the absence of good faith, including unreasonable delays caused by

an employer, can serve as evidence of an ADA violation.


*Pantazes v. Jackson,*  366 F.Supp.2d 57, 70 (D.D.C.2005)(citations omitted)

**Defendant Request # Rehab 22**

§ 172.39. Reasonable accommodation

The term "reasonable accommodation" means making modifications to the work place that allows a person with a disability to perform the essential functions of the job or allows a person with a disability to enjoy the same benefits and privileges as an employee without a disability.

The term "reasonable accommodation" does not include efforts that would cause an undue hardship on defendant.

FED-JI § 172.39

**Defendant Request #** Rehab 23

§ 172.61. Undue hardship

An employer is not required to make an accommodation if that accommodation would impose an undue hardship on the employer's business operation. Factors to be considered in determining whether there is an undue hardship include:

• Nature and cost of the accommodation.

• Overall financial resources of the facility or facilities involved.

• The number of persons employed at the facility.

• The overall financial resources of the covered entity, including the overall size of the business.

• The type of operation or operations of the covered entity.

• The impact of the proposed accommodation on other employees.

FED-JI § 172.39

**Defendant Request #** Rehab 24

Damages

If you find defendant discriminated against plaintiff based on plaintiff's disability then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that plaintiff proves were caused by the defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation-no more and no less. You may award damages for any pain, suffering or mental anguish that plaintiff experienced as a consequence of the defendant's failure to reasonable accommodate her. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that plaintiff prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

FED-JI § 172.39 p. 447

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages—that is, to take

28

advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

FED-JI § 172.21 pp 402-403 70. Compensatory damages

**Defendant Request #** Rehab 25

"GOOD FAITH" DEFENSE TO COMPENSATORY DAMAGES

     If you find in favor of plaintiff under Instruction _____, then you must answer the following question in the verdict form(s): Has it been proved by the preponderance of the evidence that the defendant made a good faith effort and consulted with the plaintiff, to identify and make a reasonable accommodation?

FED-JI § 172.60

§ 172.82. Jury interrogatories/special verdict form--Reasonable accommodation

Do you find from a preponderance of the evidence:

    1. That Ms. Bergman's impairment of chronic low grade depression made her unable to perform cognitively, or significantly limited her in the ability to perform cognitively, compared to an average person in the general population?

    Answer Yes or No _____.

    2. That Ms. Bergman's impairment of major or acute depression made her unable to perform cognitively, or significantly limited her in the ability to perform cognitively, compared to an average person in the general population?

    Answer Yes or No _____.

    3. That Ms. Bergman's impairment of chronic low grade depression substantially restricted her in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities?

    Answer Yes or No _____.

    4. That Ms. Bergman's impairment of major or acute depression substantially restricted her in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities?

    Answer Yes or No _____.

5.   That plaintiff requested an accommodation which was reasonable and available?

Answer Yes or No _____

6.   That the defendant refused to make a reasonable accommodation?

Answer Yes or No_____

7.   That the position which plaintiff requested in the Office of Chief Counsel was

located in ths same commuting area and serviced by the same appointing

authority as her position as a Management Program Analyst, Office of Public

Liaison and Small Business Affairs of the Internal Revenue Service?

Answer Yes or No_____

   **{Note: If you answered No to any of the preceding questions you need not answer**

**the remaining questions.}.**

  Has it been proved by the preponderance of the evidence

7.   That the defendant made a good faith effort and consulted with the plaintiff, to

identify and make a reasonable accommodation?

Answer Yes or No_____

8. That plaintiff should be awarded damages to compensate for a net loss of wages and

benefits to the date of trial?

Answer Yes or No _____    If your answer is "Yes," in what amount? $_____

9. That plaintiff should be awarded damages to compensate for emotional pain and mental anguish?

Answer Yes or No_____    If your answer is "Yes," in what amount? $ _____

**SO SAY WE ALL**

_____
FOREPERSON

Adapted from FED-JI § 172.82