**Defendant's Request # Retaliation 1**

**Retaliation -- Plaintiff's Claim**

Ms. Bergman alleges retaliation under the Rehabilitation Act.  Specifically, Ms. Bergman claims that the IRS  retaliated against her by

1. from January 1999 to October 4, 1999, giving her secretarial and clerical duties and was not giving her work to perform at a GS-14 level;

2.  on November 19, 1999, intervening in a payment arrangement . . . regarding repayment of monies owed to the IRS and threatening potential disciplinary action;

3.  in December 1999, denying plaintiff's request for compensatory leave for religious observation;

4.  charging plaintiff Absent without Leave (AWOL) 6 hours on December 13, 1999, 6 hours on December 14, 1999 and 2 hours on December 15, 1999;

5.  ignoring the plaintiff's requests to be placed on a 120-day detail, as an interim accommodation;

6.  monitoring the plaintiff's telephone calls and use of the internet on December 23, 1999;

7.  expecting the plaintiff to perform the work of a full time employee while working part-time on January 3, 2000;

8.  subjecting the plaintiff's attorney  to abusive language by  GLS employees when plaintiff's attorney requested the status of plaintiff's requests for accommodation during the week of February 3, 2000;

9. denying plaintiff a within grade increase to a GS-14 step 6 on February 26, 2000;

1

10.  attempting to delay the sending of the confirmation letter concerning placing plaintiff on administrative leave.

In deciding whether Ms. Bergman is entitled to recover for these alleged acts of intentional retaliation, you must follow the instructions which I will now provide.

**Defendant's Request # Retaliation** 2

**Rehabilitation Act – Intentional Retaliation[1]**

The Rehabilitation Act prohibits intentional retaliation against an employee because that employee engaged in activity protected by the Rehabilitation Act.  For example, an employer may not intentionally retaliate against an employee for seeking an accommodation.

In the context of this case, for Ms. Bergman to succeed on her claim of retaliation for engaging in protected activity, you must determine whether any of the 10 alleged acts of retaliation was made because Ms. Bergman engaged in protected activity by seeking an accommodation under the Rehabilitation Act.   These 10 alleged acts of retaliation are the only conduct by the defendant that is at issue in this case.  It is not enough for Ms. Bergman to show that the IRS took other actions that Ms. Bergman did not like or found offensive.

For Ms. Bergman to prove that the FBI retaliated against her for engaging in protected activity, she must prove, by a preponderance of the evidence, each of the following elements:

First:   that she engaged in an activity protected by the Rehabilitation Act.  The parties have stipulated that Ms. Bergman's requesting an accommodation on October 22, 1999 is such protected activity, and so with respect to that activity you must treat this element as proven;

Second:  that the management official who did, or decided, the particular alleged act of retaliation  knew of Ms. Bergman's protected activity prior to alleged act of retaliation.

Third:  that the alleged act of retaliation constituted a "material adverse action" as that term is defined in these instructions.

---

[1]  Unless otherwise noted, the defendant's requested jury instructions concerning retaliation are adapted from the instructions given in *Bell v. Gonzales*, C.A. # 03-0163 (JDB)

Fourth:  that there was a causal connection between the protected activity and the material adverse action.

The mere fact that an employee engaged in protected activity and then received an adverse employment action is not enough, in and of itself, for the employee to prove retaliation. Mere coincidence in time does not necessarily prove a cause and effect relationship.  In order to prevail in this case, Ms. Bergman must show that the IRS  took actions intentionally in retaliation for activity she engaged in that is protected by the Rehabilitation Act.

If any of the above elements has not been proved by the preponderance of the evidence, your verdict must be for defendant and you need not proceed further in considering this claim.[24]

If you find that Ms Bergman has proven these four elements by a preponderance of the evidence, for any material adverse action,  that is, that it is more likely than not that the elements exist, then you must decide whether the IRS has nevertheless proffered legitimate, non-retaliatory reasons for the IRS's action.  If you do not find that legitimate, non-retaliatory reasons for the action have been proffered, you must find in Ms. Bergman's favor.

If you find that the defendant has articulated legitimate, non-retaliatory reasons for the action,  then you must decide whether the plaintiff has proven by a preponderance of the evidence that the reasons proffered by the defendant are not the true reasons for the adverse action, and that the plaintiff's protected activity was the real reason.  More specifically, you should find for the plaintiff if you find that the explanation given by the IRS and its officials for a particular material adverse action is false and that the real motivating reason for the adverse conduct was retaliation.  If you find that the reasons given by the IRS are pretextual or unworthy

---

[24]  FED-JI § 172.22

of credence, you may infer from this indirect evidence that the real reason for their actions was retaliation and conclude that Ms. Bergman has proven her claim as to that action.  If you find that the reasons given by the IRS are not the real reasons, but you also determine that intentional retaliation was not the real reason either, then you must find for the IRS.

Ms. Bergman at all times bears the ultimate burden of persuading you, by direct or indirect evidence, that she has been the victim of intentional retaliation.

**Defendant's Request # Retaliation 3**

## Proof of Intent

Retaliation is intentional if it is done voluntarily, deliberately, and willfully.  Retaliatory intent may be proven either by direct evidence such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent.  Thus, in making a determination as to whether there was intentional retaliation in this case, you may consider any statement made or act done or omitted by a person whose intent is in issue as well as all other facts and circumstances that indicate his or her state of mind.  You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is permissible in a retaliation case to draw inferences from the timing of events, but it is up to you to determine the strength of such inferences.  Thus, for example, you may consider the order of events or length of time between events as circumstantial evidence of whether they are causally related.

**Defendant's Request # Retaliation** 4

## Material Adverse  Action

The anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm.[25]  Concerning the second element,  the term "materially adverse" means that Ms. Bergman must show that the alleged retaliatory act was "harmful to the point that it could well dissuade a reasonable worker from making or supporting a request for accommodation."[26]

Adapted from Third Cir. Model Civil Jury Instruction  5.1.7

---

[25]Burlington Northern and Santa Fe Ry. Co. v. White, 126 S.Ct. 2405,  2414 -2415 (2006).

[26]  Burlington Northern and Santa Fe Ry. Co. v. White,  126 S.Ct. 2405, 2409 (2006)

**Defendant's Request # Retaliation** 5

§ 171.45. Reasonable person

In determining whether a materially adverse action existed, you must consider the evidence from the perspective of a reasonable person. This is an objective standard and requires you to look at the evidence from the perspective of a reasonable person's reaction to a similar action under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Instead, you must consider the total circumstances and determine whether the alleged adverse act could be objectively classified as the kind of behavior that would seriously discourage a reasonable worker from filing an accommodation claim.

Adapted from FED-JI § 171.45. *See Burlington Northern and Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414 -2415 (2006). ( "We refer to reactions of a reasonable employee because we believe that the provision's standard for judging harm must be objective.")

**Defendant's Request # Retaliation 6**

**Right to Make Business Decisions**

In this context, please bear in mind that the law does not make an employer liable merely because the employer may have made a personnel decision that was unwise or ill-advised. An employer has the right to make business decisions for any reason, whether good or bad, so long as those decisions are not motivated by a factor that the law makes illegal, such as retaliation. So, for example, an employer has the right to deny leave, assign work, to change an employee's duties, to refuse to assign a particular job, or to reassign an employee within its organization, absent a retaliatory motive.

It is not your function to second guess the defendant's decisions , but rather to determine whether, in making that decision, retaliation was a motivating factor. Thus, even if you personally disagree with a decision, you may not permit that feeling to influence your determination of whether or not the IRS retaliated against Ms Bergman concerning the 10 actions at issue.

**Defendant's Request # Retaliation 7**

§ 170.40. Generally

Plaintiff has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant .

FED-JI § 170.40

**Defendant's Request # Retaliation** 8

§ 170.41. Preponderance of the evidence

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

FED-JI § 170.41

**Defendant's Request # Retaliation 10**

§ 170.50. Defenses

 If, after considering plaintiff's evidence and defendant's rebuttal of that evidence, you find plaintiff has established each and every element of plaintiff's claim, only then should you concern yourselves with the defenses offered by defendant .

 With regard to any of defendant's defenses, remember that plaintiff must disprove the defense by a preponderance of the evidence. In other words, defendant establishes the defense unless you find the evidence that opposes the existence of that defense has more convincing force to you than the evidence that supports it.

 If you find plaintiff has successfully rebutted the defense, then you must find for plaintiff. If you find defendant has established defendant's defense, then you must find for defendant .

FED-JI § 170.41

**Defendant's Request # Retaliation 11**

§ 171.77. Legitimate nondiscriminatory reasons for employment decision

One of the defendant's defenses is that it has legitimate non-retaliatory reasons for its actions.

You must also consider any legitimate, nondiscriminatory reason or explanation stated by defendant for its decision or action. If you determine that defendant has stated such a reason, then you must decide in favor of defendant unless plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for defendant's discriminating against plaintiff because of plaintiff's seeking an accommodation.

FED-JI § 170.41

**Defendant's Request # Retaliation**

§ 171.75. Business judgment

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.

In determining whether defendant's stated reason for its actions was a pretext for discrimination, you may not question defendant's business judgment. Pretext is not established just because you disagree with the business judgment of defendant , unless you find that defendant's reason was a pretext for discrimination.

FED-JI § 171.75 pp 279-280