# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TESSA E. BERGMAN | **:** | |
| | **:** | |
| Plaintiff, | **:** | |
| | **:** | |
| V. | **:** | Civil Action No. <u>06-0303 (GK)</u> |
| | **:** | |
| HENRY M. PAULSON, JR. | **:** | |
| Secretary of the Treasury, | **:** | |
| U.S. Department of the Treasury | **:** | |
| | **:** | |
| Defendant. | **:** | |

<u>PLAINTIFF'S PROPOSED  JURY INSTRUCTIONS</u>

Standard Civil Jury Instructions for the
<u>District of Columbia</u>

1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-12

2-1, 2-2, 2-3, 2-4, 2-5, 2-6, 2-8, 2-9, 2-10

3-1, 3-2, 3-3, 3-4, 3-5, 3-6, 3-8, 3-9, 3-10

4-5 (amended for government)

12-1, 12-2, 12-3

13-1, 13-3, 13-4, 13-5, 13-8, 13-10

<u>Jury Instructions for Rehabilitation Act Claims</u>

Plaintiff's Instruction No. 1
<u>Nature of the Action – Reasonable Accommodation</u>

Under the Americans With Disabilities Act (ADA) and the Rehabilitation Act (RA), it is unlawful for an employer to fail to provide a reasonable accommodation to an individual with a disability if the employee is qualified to do the job.

Plaintiff Bergman claims that defendant U.S. Department of the Treasury failed to provide her with a reasonable accommodation when it refused to transfer Bergman to one of the many open OCC positions at her grade level as a reasonable accommodation under the ADA.

Defendant denies that it discriminated against Bergman in any way or failed to provide her with a reasonable accommodation.

Source:  Instructions for Federal Civil Cases, § 172.02

Plaintiff's Instruction No.2
<u>Reasonable Accommodation</u>

In order to prevail on this claim, Bergman must prove each of the following facts by a preponderance of the evidence:

First:  That she had a "disability," as hereafter defined; and

Second:  That she was a "qualified individual," as hereafter defined;

Third:  That defendant should have reasonably accommodated her by reassigning her to another position.

To show that lateral reassignment to another job would have been a reasonable accommodation, Bergman must prove that the job was vacant or available and that she was qualified for the vacant job to which she requested reassignment.

Source:  Instructions for Federal Civil Cases, § 172.21

Plaintiff's Instruction No. 3
<u>Reasonable Accommodation</u>

Under the ADA, it is unlawful for an employer to fail to provide a reasonable accommodation or otherwise discriminate against an employee because of that employee's disability if the employee is qualified to do the job with a reasonable accommodation by the employer of the employee's disability.

Source:  Instructions for Federal Civil Cases, § 172.12

Plaintiff's Instruction No. 4

<u>Reasonable Accommodation</u>

In this case, the parties agreed that a job transfer to a position involving legal work was the appropriate reasonable accommodation for Plaintiff.  An employee cannot force an employer to provide a specific accommodation if another reasonable accommodation is available. An employer fails to provide a reasonable accommodation if he transfers an employee to a position with lower pay or benefits when positions are available that do not involve lower pay or benefits.

*Source: Hankins v. The Gap, Inc.,* 84 F.3d 797, 800 (6th Cir. 1996); *Norville v. Staten Island Univ. Hosp.,* 196 F.3d 89, 99 (2nd Cir. 1999).

Plaintiff's Instruction No. 5

<u>Unreasonable Delay</u>

An employer fails to provide a reasonable accommodation if he unreasonably delays providing a reasonable accommodation based on all facts and circumstances.  In assigning an employee a job transfer as a reasonable accommodation under the Rehabilitation Act, an employer must appoint an employee to an open position at the employee's pay level provided the employee is qualified for the open position.  If the employer fails to appoint the employee to an open position at his or her grade level for which the employee is qualified when no other positions within the employee's qualifications are available at the employee's pay level, the employer fails to provide a reasonable accommodation.

*Source: Smith v. Midland Brake, Inc.,* 180 F.3d 1154, 1165 (10th Cir. 1999).

Plaintiff's Instruction No. 6

<u>Undue Burden</u>

If, in the process of providing a reasonable accommodation, an employer refuses to transfer an employee to an open position at the employee's pay level for which the employee is qualified when no other comparable positions are the employee's pay level are then open, the employer bears the burden of proving by a preponderance of the evidence that transferring the employee to the open position would impose an undue burden on the employer.

*Source: Hoskins v. Oakland County Sheriff's Dept.,* 227 F.3d 719, 728 (6th Cir. 2000).

Plaintiff's Instruction No. 7
<u>Definitions – Disability</u>

The term "disability" means:

One:  Having a physical or mental impairment that substantially limits one of the major activities of life, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working; or

Two:  Having a record of such an impairment; or

Three:  Being regarded as having such an impairment.

Source:  Instructions for Federal Civil Cases, § 172.30

Plaintiff's Instruction No. 8
<u>Definition of "Disability</u>

The first fact that Bergman must prove by a preponderance of the evidence is that she had a "disability."  An individual with a "disability" is a person who has a physical or mental impairment that substantially limits one or more major life activities, is a person who is "regarded" by her employer as having such an impairment, or is a person who has a record of having such an impairment.

A "major life activity" is an activity that an average person can perform with little or no difficulty.  Examples are caring for oneself, performing manual tasks, walking, talking, seeing, hearing, breathing, learning and working.

An impairment substantially limits one or more major life activities if an individual is unable to perform an activity, or is significantly limited in the ability to perform an activity, compared to an average person in the general population.

Three factors you should consider in determining whether the Plaintiff's alleged impairment substantially limits a major life activity are: (1) its nature and severity; (2) how long it will last or is expected to last; and (3) its permanent or long term impact, or expected impact.  Temporary injuries and impairments of limited duration are not considered to be disabilities under the ADA.  "To be regarded" as having such an impairment means a person who:  (1) has a physical or mental impairment that does not substantially limit major life activities but is treated by an employer as having such a limitation; (2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) does not have an impairment but is treated by an employer as having a substantially limiting impairment.   Source:  Instructions for Federal Civil Cases, § 172.

Plaintiff's Instruction No.9
<u>Qualified Individual with a Disability</u>

The term "qualified individual with a disability" means an individual with a disability who can perform the essential functions of an employment position.

In order to prove that she was qualified, Bergman must establish that she possessed the prerequisites of the position, such as possessing the appropriate educational background, employment experience and  skills.  .

Source:  Instructions for Federal Civil Cases, § 172.31 29 C.F.R. 1630.2(m)

Plaintiff's Instruction No.10
Nature of the Claim – Disparate Treatment

Under the Rehabilitation Act, it is unlawful for an employer to intentionally discriminate against a qualified individual with a disability because of that person's disability.

In this case, plaintiff Bergman claims that defendant U.S. Department of the Treasury intentionally discriminated against Bergman because Bergman had a disability.

Defendant denies this charge.

Source:  Instructions for Federal Civil Cases, § 172.01

Plaintiff's Instruction No.11

<u>Retaliation</u>

Plaintiff Bergman claims that defendant discriminated against her because she filed a request for a reasonable accommodation.

In order to prevail on this claim, Plaintiff Bergman must show all the following:

First:  She engaged in conduct protected by the ADA;

Second:  She was subjected to an adverse employment action at the time, or after, the protected conduct took place; and

Third:  Defendant the U.S. Department of the Treasury took an adverse employment action against Plaintiff Bergman because of her protected conduct.

Source:  Instructions for Federal Civil Cases, § 172.24

Plaintiff's Instruction No.12
<u>Statutes – Generally</u>

**THE ADA PROVIDES THAT:**

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

Source:  Instructions for Federal Civil Cases, § 172.10

Plaintiff's Instruction No.13
Essential Elements of Plaintiff's Claim -- Disparate Treatment

In order for plaintiff Bergman to establish her claim of unlawful discrimination by defendant the U.S. Department of the Treasury, Bergman has the burden of proving all the following essential elements by a preponderance of the evidence:

First:  Plaintiff Bergman is a disabled person;

Second:  Plaintiff Bergman is a person otherwise qualified;

Third:  Defendant the U.S. Department of the Treasury intentionally discriminated against plaintiff Bergman; that is, the fact that plaintiff Bergman was a qualified person with a disability was a motivating factor in defendant's decision not to transfer Bergman as a reasonable accommodation under the Act; and

Fourth:  As a direct result of defendant's actions, plaintiff Bergman sustained damages.

In order to prevail on this claim, Bergman must prove each of the following facts by a preponderance of the evidence:

First:  That Bergman had a "disability," as hereafter defined, or that the U.S. Department of the Treasury regarded Bergman as having a disability;

Second:  That Bergman was a "qualified individual," as hereafter defined;

Third:  That Bergman was denied a reasonable accommodation under the Act by defendant's refusal to transfer her to an open position in OCC; and

Fourth:  That Bergman's disability was a substantial or motivating factor that prompted defendant to take that action.

Plaintiff's Instruction No.14
<u>Definition of "Substantial Or Motivating Factor"</u>

The definition of "disability" and "qualified individual" were given to you and you should follow them.   Ms. Bergman must also prove by a preponderance of the evidence that her disability was a substantial or motivating factor that prompted the U.S. Department of the Treasury to take the challenged employment action.

It is not necessary for Plaintiff Bergman to prove that disability was the sole or exclusive reason for defendant's decision.   It is sufficient if Plaintiff proves that the alleged disability was a determining factor that made a difference in the employer's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's disability.

Source:  Instructions for Federal Civil Cases, § 172.20

Plaintiff's Instruction No. 15
<u>Compensatory Damages</u>

If you find defendant discriminated against plaintiff based on plaintiff's disability, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that plaintiff proves were caused by defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation—no more and no less.

In determining the amount of damages, you shall award damages for the amount of back pay and front pay as defined below the plaintiff incurred, plus the amount of future lost wages, expenses and out of pocket costs the employee suffered as a result of the Defendant's unlawful behavior.

You may award damages for any pain, suffering or mental anguish that plaintiff experienced as a consequence of the defendant's failure to find a reasonable accommodation under the Act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Source: Instructions for Federal Civil Cases, § 172.70

Plaintiff's Instruction No.16
<u>Actual Damages</u>

If you find in favor of plaintiff, then you must award plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate plaintiff for any damages you find she sustained as a direct result of defendant's failure to transfer her to an open position at OCC as a reasonable accommodation under the Act.  Plaintiff's claim for damages includes three distinct types of damages, and you must consider them separately.

First, you must determine the amount of any wages and fringe benefits plaintiff would have earned in her employment with defendant if she had been transfer to an open position at OCC (back pay) *minus* the amount of earnings and benefits that plaintiff received from other employment during that time.

Second, you must determine the amount of any other damages sustained by plaintiff including lost future wages (front pay).  You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that plaintiff has a duty under the law to "mitigate" her damages – that is, to exercise reasonable diligence under the circumstances to minimize her damages. Therefore, if you find by the preponderance of the evidence that plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess or conjecture, and you must not award damages under this Instruction by way of punishment or through sympathy.

Source:  Instructions for Federal Civil Cases, § 172.70 (Eighth Circuit)

Plaintiff's Instruction No. 17
<u>Back Pay</u>

If you determine defendant discriminated against plaintiff by failing to transfer her to an open position in OCC as a reasonable accommodation under the Act, then you must determine the amount of damages that defendant's actions have caused plaintiff.

You may award as actual damages an amount that reasonably compensates plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that plaintiff would have received had she not been discriminated against.

You must reduce any award by the amount of the expenses that plaintiff would have incurred in making those earnings.

Source:  Instructions for Federal Civil Cases, § 172.71

Plaintiff's Instruction No. 18
<u>Front Pay</u>

You must also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that plaintiff would have earned had plaintiff not been denied a transfer to OCC as a reasonable accommodation under the Act for the period from the date of your verdict until the date when plaintiff would have voluntarily resigned or obtained other employment.

You must also reduce any award to its present value by considering the interest that plaintiff could earn on the amount of the award if plaintiff had made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to plaintiff is she receives it today than if plaintiff received it in the future, when plaintiff would otherwise have earned it. It is more valuable because plaintiff can earn interest on it for the period of time between the date of the award and the date plaintiff would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that plaintiff can earn on that amount in the future.

Source:  Instructions for Federal Civil Cases, § 172.72

Plaintiff's Instruction No. 19
<u>Nominal Damages</u>

If you find in favor of plaintiff, but you find that plaintiff's damages have no monetary

value, then you must return a verdict for plaintiff in the nominal amount of one dollar.

Source:  Instructions for Federal Civil Cases, § 172.73

<u>Verdict Form</u>

1.  Do you find from a preponderance of the evidence that Defendant denied the Plaintiff a

    reasonable accommodation under the Act in the form of a transfer?

    Answer Yes or No _____


2.  If your answer is "Yes"  state the amount of damages including front pay and back pay

    you award_____.


3.  Do you find that Defendant retaliated against Plaintiff or otherwise discriminated against

    her for making a request for a reasonable accommodation.

    Answer Yes or No _____

4.   If your answer is "Yes"  state the amount of damages including front pay and back pay

    you award_____.

Respectfully submitted,

_____

John D. Quinn
SALE & QUINN, P.C.
910 16th Street, N.W.
Suite 500
Washington, D.C. 20006
(202) 833-4170

Counsel for Tessa Bergman