UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TESSA E. BERGMAN,
      Plaintiff,

                                         Case No. 06-0303 (GK)

    v.

JOHN W. SNOW,
      Defendant

## DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

1. Do you have a hearing problem or any other physical problem that might interfere with your ability to hear the testimony of the witnesses in this case?

2. Do you know any of the parties, attorneys, or witnesses [read witness list] in this case?

Have you had any legal training or experience, or worked for a lawyer or a law firm?

3. Have you had any experiences with judges, lawyers, or the courts that would affect your ability to hear this case fairly?

4. Do you have any knowledge of this case?

5. Are you or a close family member currently employed by or seeking employment with the Internal Revenue Service or the United States Attorney's Office for the District of Columbia.

6. Have you, a family member, or close friend ever been involved in a court case as a plaintiff, defendant, witness, or juror? If so, what was the case about? Did it go to trial? What was the outcome? Were you satisfied with the outcome? Is it possible that experience might influence you if you are selected to be a juror in this case? How?

7. Have you ever had any experience with or been exposed to any publicity about the Internal Revenue Service or United States Attorney's Office?

8. Have you been audited by, investigated by, or had to pay fines or penalties to the Internal

Revenue Service?

9. Do you think employers are fair to their employees?

10. Has your boss ever caused you emotional distress?

11. Have you, a family member or close friend ever been in a situation where you or they did not receive fair treatment at work? Did you or they make a complaint? What happened?

12. Is there any reason why you might feel uncomfortable if you are selected to sit as a juror in an employment discrimination case that involves claims of discrimination against an individual with a disability and retaliation? If so, what is it about a case of this sort that might make you uncomfortable?

13. Have you or any of your relatives or close friends ever been accused of discrimination or retaliation? If so, do you think that the experience might influence you if you are selected to be a juror in this case?

14. Have you or any of your relatives or close friends ever initiated a complaint based upon discrimination or retaliation or worked in an environment where discrimination or retaliation was allowed?

15. Have you or any of your relatives or close friends ever been a party, witness, expert, juror or attorney in a case involving a discrimination or retaliation complaint? If so, what were the circumstances?

16. Have you or any of your relatives or close friends ever been diagnosed as having or been treated for, depression or any other mental impairment or mental illness?

17. Have you or any of your relatives or close friends ever requested an accommodation for a mental or physical impairment or disability? To whom was the request for accommodation made?

What was the outcome?

18. Have you or any of your relatives or close friends ever been a party, witness, expert, juror or attorney in a hearing or case involving accommodation for a physical or mental impairment or disability? If so, what were the circumstances?

19. The claim in this case is that Ms. Tessa Bergman, who worked for the Internal Revenue Service, was discriminated against because she was not given a requested accommodation for an alleged disability arising from a mental impairment, and was retaliated against because of her request for accommodation. The Internal Revenue Service denies that it discriminated or retaliated against Ms. Bergman; the Internal Revenue Service claims that Ms Bergman was not "disabled" under the pertinent laws and regulations and that even if she were disabled, it responded to her requests for accommodation in good faith and gave her accommodations. The IRS also denies that plaintiff's protected activity, her request for accommodations, had any role in its employment decisions, and claims that it based every employment decision that Ms. Bergman challenges on legitimate, non-retaliatory reasons. Based upon these facts, does any member of the jury panel believe that he or she cannot be objective until all of the evidence is heard and render a verdict based solely on the evidence presented at this trial?

20. Is there any reason why you would tend to give more or less weight to the testimony of a supervisor or manager than to the testimony of any other person? If so, why?

21. Have you or a family member or close friend ever been discriminated against because of your race, or retaliated against for complaining about discrimination or harassment? How were you involved?

22. Do you believe that anyone who claims discrimination or retaliation

must have been subjected to some type of unfair treatment or they would not go forward with such a claim?

23. Is there any reason why you would tend to give more or less weight to the testimony of an individual who has brought a discrimination complaint than to the testimony of any other person? If so, why?

24. Is there any reason why you would tend to give more or less weight to the testimony of an individual who is testifying on behalf on an individual who has brought a discrimination complaint than to the testimony of any other person? If so, why?

25. Is there any reason why you would tend to give more or less weight to the testimony of an individual who is testifying against the government than to the testimony of any other person? If so, why?

26. Is there any reason you might not believe a supervisor or manager as much as people they supervised?

27. Do you believe that employers are inclined to retaliate against employees who complain?

28. If the evidence shows that the plaintiff was unhappy with her working environment, disliked her supervisor or believed she was treated unfairly, but that she was not discriminated against due to a disability or retaliated against, do you believe that she is still entitled to recover damages?

29. Have you, a member of your immediate family, or a close friend ever been singled out for unfair treatment by a supervisor? How did they respond to that situation? Do you think that the experience might influence you or affect your ability to be fair if you are selected to be a juror

in this case?

30. Do you think that government officials who are being accused of unlawful retaliation are untrustworthy witnesses because of the nature of the charges being made against them or because they want to protect their jobs or reputations?

31 Are you familiar with federal laws that prohibit discrimination and retaliation in the work place? How?

32. Are you familiar with federal laws pertaining to accommodations for Americans With Disabilities whether on the job, at school or public accommodations? How?

33. Is there anything about your own life experience that would bias you against an employer who is accused of discriminating or retaliating against an employee?

34. Do you have any ideas about what the law is in a discrimination, accommodation, or retaliation case?

35. If your family member were accused of discrimination or retaliation, would you be willing to have that case tried by persons who think as you do now?

36 Have you or any member of your family ever testified at a deposition or a trial?

37. Have you or anyone in your immediate family or close friend ever served on a jury before?

38. Have you ever been a supervisor? Did any employee ever accuse you of treating them unfairly? Did that employee file a claim or grievance against you? Did they complain to your supervisors? What happened?

39. Do you think employees who work for the federal government are untrustworthy witnesses?

40. Have you ever been treated unfairly by a supervisor?

41. Would any of you be uncomfortable being a juror in a case in which the Internal Revenue Service is the defendant?

42. In this case I [the Judge] will instruct you concerning the definition of various words or terms as they are defined by pertinent laws and regulations. These definitions may be different from the ways the words or terms are commonly used. Will you be able to disregard the common usage of a word or term, and just use the definition which I instruct you to use?

48. This case is expected to last 6 days. Would any of you, because of the length of this trial, find it an undue burden to serve as a juror in this case and give your full time and attention to it?

                         Respectfully submitted,

                         _____
                         JEFFREY A. TAYLOR, D.C. Bar #498610
                         United States Attorney

                         _____
                         RUDOLPH CONTRERAS, D.C. Bar #434122
                         Assistant United States Attorney

                         _____
                         RHONDA C. FIELDS
                         Assistant United States Attorney
                         Civil Division
                         555 Fourth Street, N.W.
                         Washington, D.C. 20530
                         202/514/6970