UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESSA E. BERGMAN,<br>    Plaintiff<br><br>V.<br><br>JOHN W. SNOW,<br>Secretary, Department of the Treasury,<br>    Defendant | :<br>:<br>:<br>: Civ. Action No. 06-0303 (GK)<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND ALTERNATIVE MOTION TO SUBMIT SUPPLEMENTAL BRIEF**

Defendant respectfully submits this opposition to plaintiff's Motion to Strike, or in the Alternative to Submit Supplemental Brief.

Defendant filed its Motion for Summary Judgment (SJM) on May 1, 2007. Docket No. 31. Plaintiff filed her Memorandum in Opposition ("Opposition") on May 22, 2007. Docket No. 35. Defendant's Reply to plaintiff's Opposition was filed on June 11, 2007. Docket No. 41. On June 21, 2007, plaintiff filed the instant motion to strike defendant's motion for summary judgment and in the alternative to submit a supplemental brief.

Plaintiff's arguments lack merit, and her motion should be denied.

**ARGUMENT**.

**A.    Plaintiff's Request to File a Supplemental Memorandum Should Be Denied**

Plaintiff's request to file a supplemental memorandum is a request to file a sur-reply. "A sur-reply may be filed only by leave of Court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond." *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F.Supp.2d 270, 276-77 (D.D.C.2002). Plaintiff contends that

1

defendant's reply "contains a new argument that Plaintiff had the affirmative burden of proving not only that she was disqualified from a broad range of job positions but that she also had to show that such jobs were consistent with her background and skills." Motion to Strike at p. 3. However, that was not a new argument raised in defendant's Reply. Defendant's summary judgment motion clearly quoted and cited the appropriate standard for establishing work as a major life activity, and pointed out jobs consistent with plaintiff's background and skills, that is attorney jobs, and argued that plaintiff had failed to show that she was excluded from such jobs.[1]

---

[1] Defendant's Motion for Summary Judgment at p. 21-23 stated:

The Supreme Court has ruled that:

> When the major life activity under consideration is that of working, the statutory phrase "substantially limits" requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs. Reflecting this requirement, the EEOC uses a specialized definition of the term "substantially limits" when referring to the major life activity of working:
>
> "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." § 1630.2(j)(3)(i).
>
> The EEOC further identifies several factors that courts should consider when determining whether an individual is substantially limited in the major life activity of working, including the geographical area to which the individual has reasonable access, and "the number and types of jobs utilizing similar training, knowledge, skills or abilities, within the geographical area, from which the individual is also disqualified." §§ 1630.2(j)(3)(ii)(A), (B). To be substantially limited in the major life activity of working, then, one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs.

*Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491-492 (1999). Plaintiff Bergman has not alleged or proven that her disability has precluded her from being able to do a wide range of jobs. Plaintiff has not even pointed to any element of her job, as a Program Analyst in the Office of Public Liaison and Small Business Affairs, which she could not do. *See e.g.* Bergman 2007 Depo at p. 29 (Q. Were you able to do the work? A. I was able to do what ever was asked of me."). Rather, plaintiff did not like her job and wanted to work as a tax attorney. See *Id.* at 41-42. (" Q. Did you ever specify what kind of work you wanted when you asked for more work? A. Well, you're assuming that I did ask for more work. What I told Ms. Curry was I had 20 years experience as an international tax attorney and that was the type of work I wanted to do, and that was the type of work I expected to be doing."); p. 58-59 (" A. When I first joined the Office in September of 1998, my understanding was that I was to be the principle legal

Plaintiff's Opposition countered with the argument that plaintiff had shown she was precluded from doing "clerical jobs." Defendant's Reply responded that clerical jobs were not the relevant jobs, but that the relevant jobs were attorney jobs – as had been argued in defendant's motion for summary judgment. Therefore, defendant did not raise a new argument in its Reply.

Rather, plaintiff's "supplemental brief" raises the new argument that plaintiff was disabled because she allegedly was "regarded as" disabled by defendant. However, the only proof to which plaintiff points to support this claim are deposition statements from defendant's employees that they believed they had to accommodate plaintiff based on a letter from Dr. Presant which recommended that plaintiff be accommodated. Defendant does not dispute that employees of the IRS mistakenly believed that they were required to accommodate plaintiff due to Dr. Presant's recommendation. But plaintiff has offered no evidence that plaintiff was "treated by defendant as having an impairment which substantially limited a major life function, or that defendant mistakenly believed that plaintiff had an impairment that substantially limited a major life activity.

By including as disabled individuals, not only those who are actually physically or mentally impaired, but also those who are regarded as impaired and who, as a result, are substantially limited in a major life activity, Congress acknowledged that society's accumulated

---

advisor as to how -- as to tax issues affecting the small business community, and that I was to provide any guidance necessary relative to those issues. Q. And you were perfectly able to carry those functions out, is that correct? A. Yes. Q. . . .What you had a problem with was not having something to do, is that correct? A. Exactly. * * * Q. Was there any job that you felt you could not carry out the functions of? A. The only thing I could not do was sit at my desk eight hours a day with nothing to do.") (emphasis added)

        Plaintiff has not met her burden of showing that her impairment disqualified her from a substantial class or range of jobs. *See Gasser v. District of Columbia*, 442 F.3d 758, 764 (D.C.Cir. 2006). Plaintiff is an attorney with a Masters in Taxation and has passed the Patent Bar. There are a plethora of jobs for attorneys in the Washington D.C. area, including in the federal and local legislative and executive branches, trade groups, private law firms and private industry both national and international. Plaintiff has not shown herself to be disqualified from any of these myriad job possibilities by her impairment.

myths and fears about disability and disease are as handicapping as are the physical or mental limitations that flow from actual impairment". [2] The "regarded as" provision is intended to combat the effects of "archaic attitudes," erroneous perceptions, and myths that work to the disadvantage of persons with or regarded as having disabilities.[3]  If the perception of plaintiff's impairment was not based upon speculation, stereotype, or myth, but upon a doctor's written description or restriction of her impairment or abilities, then plaintiff is not "regarded as disabled" under the law. [4]  Additionally, an employer's decision to accommodate an employee or to place the employee on limited duty do not establish a "regarded as" claim under the ADA. [5] An employer's attempts to accommodate an employee's concerns and perceived needs does not establish that the employer regarded the employee as having a disability.[6]   An employee is not regarded as disabled merely because an employer acts in response to restrictions imposed by an employee's physician. [7]  An employer that accedes to minor and potentially debatable accommodations (a sensible way to avoid litigation, liability, and confrontation), does not

---

[2] *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489-490 (1999) (*citing School Bd. of Nassau Cty. v. Arline*, 480 U.S. 273, 284 (1987)); *see also* 29 CFR pt. 1630, App. § 1630.2( l ).

[3] *See School Bd. of Nassau County v. Arline*, 480 U.S. 273, 279 & 285 (1987).

[4] *See Wooten v. Farmland Foods*, 58 F.3d 382, 385-386 (8th Cir.1995).

[5] *Muller v. Automobile Club of Southern California,* 897 F.Supp. 1289, 1297-1298 (S.D.Cal.1995).

[6] *Thompson v. Rice,* 422 F.Supp.2d 158, 175 (D.D.C.,2006); *Haynes v. Williams* , 279 F.Supp.2d 1, 11-12 (D.D.C.2003).

[7] *Mack v. Strauss*, 134 F.Supp.2d 103, 110-111 (D.D.C.2001).

thereby stipulate to the employee's record of a chronic and endless disability. [8]

Here, plaintiff only has shown that, based on statements and recommendations from Dr Nowak and Dr. Presant, the defendant acceded to plaintiff's request for an accommodation by finding her an attorney position within IRS. This is insufficient to prove that defendant "regarded" plaintiff to be disabled under the statute.

### B. Plaintiff's Motion to Strike Covers Argument Made in Plaintiff's Opposition

The argument in plaintiff's motion to strike merely regurgitates the argument made in plaintiff's Opposition. See e.g. Plaintiff's Opposition at p. 1-4, 15-16. Therefore, this argument also is improperly raised in a sur-reply.

### C. Plaintiff Does Not Have A Procedural Basis Under Fed. R. Civ. P. 12(f) to Strike Defendant's Summary Judgment Motion.

Fed. R. Civ. P. 12(f) does not apply here, because defendant's motion for summary judgment is not the type of submission that can be stricken under Rule 12(f). "A motion to strike is a vehicle to strike a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, or third-party answer." *Naegele v. Albers*, 355 F. Supp. 2d 129, 142 (D.D.C. 2005). Motions to strike cannot be used to strike a summary judgment motion, because motions are not "pleadings" as defined in Fed. R. Civ. P. 7(a). *Id.* (citing cases) (noting that Rule 12(f) motions only apply to pleadings and not to motions). Indeed, "[o]nly material included in a 'pleading' may be the subject of a motion to strike and courts have been unwilling to construe the term broadly. Motions, briefs or memoranda, objections, or affidavits may not be attacked by the

---

[8] *Colwell v. Suffolk County Police Dept.*, 158 F.3d 635, 46 (2d Cir.1998).

motion to strike." 2 Moore' Federal Practice, §12.37[2] (Matthew Bender 3d ed.). Moreover, "[m]otions to strike are a drastic remedy, which courts generally disfavor." *Naegle*, 355 F. Supp.2d at 142.

Under the above legal standard, plaintiff's current motion is improper and the Court should summarily deny it.

### D.     Defendant Met the Requirements of Rule 56 and the Local Rules

Plaintiff argues that defendant's Motion for Summary Judgment should be stricken because defendant's Statement of Material Facts was insufficient because it was "limited to three narrow facts," and because defendant "submitted a 45-page Memorandum of Points and Authorities." However, as is set forth in greater detail in defendant's Reply, defendant properly set forth, with record citations, the facts which defendant believes to be material in this case, that is that plaintiff has only claimed that her impairment impacted the major life activity of work. Further, in compliance with *Celotex,* defendant's memorandum of point and authorities "showed" that plaintiff has failed to establish essential elements of her claims, and that defendant therefore, is entitled to summary judgment as a matter of law.

> Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **In our view, the plain language of Rule 56(c) mandates the entry of summary judgment** . . . **against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial**. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of

        **proof.** "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 . . . (1986).

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Having shown that plaintiff has failed to establish an essential element of her claims, defendant is not required to produce evidence showing the absence of a genuine issue of material fact. *Green v. Whiteco Industries, Inc.*, 17 F.3d 199, 201 fn 3 (7th Cir.1994) (" Plaintiff argues that Whiteco bears the burden of producing some affirmative evidence negating an element of plaintiff's case. The Supreme Court expressly rejected this argument in *Celotex*, 477 U.S. at 325 . . . . (referring to the movant's burden, the court said: "we do not think the [*Adickes* language quoted above] should be construed to mean that the burden is on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact....")").

        Therefore, defendant's summary judgment motion was entirely proper under *Celotex* and the local rules.

## CONCLUSION

Plaintiff's Motion is merely an unfounded attempt to file a "sur-reply" to Defendant's Reply.  For the foregoing reasons, the Court should deny Plaintiff's Motion to Strike Or, in the Alternative to Submit a Supplemental Brief.

Respectfully Submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970