IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESSA E. BERGMAN | : |
| Plaintiff, | : |
| v. | : Civil Action No. <u>06-0303 (GK)</u> |
| HENRY M. PAULSON, JR. SECRETARY OF THE TREASURY | : |
| Defendant. | : |

**PLAINTIFF'S REPLY TO DEFENDANT'S
MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Tessa E. Bergman ("Ms. Bergman" or "Plaintiff") submits her Reply to Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment and Motion to File Supplemental Brief ("Defendant's Memorandum"), and states as follows:

1. <u>The Supplemental Brief Must Be Considered</u>.

Ms. Bergman requested leave to file a supplemental brief on summary judgment and included that brief in her memorandum of points and authorities in support of the motion. Defendant replied in its opposition memorandum of points and authorities. It is apparent from these memoranda and from Defendant's Reply Brief[1] that the defense to this case will likely settle on a theory which bears no relation at all to the grounds of summary judgment asserted in Defendant's Statement of Material Facts Not in Dispute ("Defendant's SOMF") filed in support

---

[1] Defendant's Memorandum of Points and Authorities in Reply to Ms. Bergman's Memorandum of Point and Authorities in Opposition to Defendant's Memorandum for Summary Judgment is referred to as "Defendant's Reply Brief."

of its Motion for Summary Judgment. Specifically, Defendant argues that Ms. Bergman must prove not only that she was disabled from a broad category of jobs, but Defendant also asserts that Ms. Bergman must prove that such jobs are consistent with her background and skills. Defendant's Reply Brief, pp. 16-20. This argument, which now appears to form the core of Defendant's defense to this case, is so flagrantly contradicted by the admitted facts in the record on Plaintiff's Motion for Partial Summary Judgment that it must be resolved in Plaintiff's favor. Accordingly, additional briefing is appropriate on this narrow issue.

Ms. Bergman does not dispute that a plaintiff claiming disability based on employment discrimination has the burden of proving she has an impairment that affects a major life activity. A plaintiff may meet this burden by showing that she is incapable of performing a broad category of jobs. However, a plaintiff may also meet her burden of proving she has an impairment that affects a major life activity by showing that she was "regarded [by her employer] as having such an impairment." 29 C.F.R. 1630.2(g)(1). The regulations specifically state that an individual is deemed to have an impairment—and therefore is deemed to be disabled—if she: (1) "has a physical or mental impairment that does *not* substantially limit major life activities but is treated by a covered entity" as having such a limitation, or (2) does *not* have any impairment at all but "is treated by covered entity as having" such an impairment. 29 C.F.R. 1630.2(k)(1)(3). This Circuit has specifically held that an employee is deemed to be disabled under the Act when an employer "erroneously believed" that an employee suffered from an impairment that substantially limited a major life activity (a qualified disability) even if the employee was not disabled at all. *Haynes v. Williams,* 392 F.3d 478, 481-82 (D.C. Cir. 2004) (citations omitted). Thus, an employee is deemed disabled if an employer "makes an

employment decision based on a physical or mental impairment, [whether] real or imagined." *Sutton v. United Airlines,* 527 U.S. 471, 490 (1999).

There is overwhelming evidence in this case that Defendant treated plaintiff as having a disability within the meaning of 29 C.F.R. 1630.2(g)(1) and 29 C.F.R. 1630.2(k)(1)(3) when it made a determination that Ms. Bergman had a qualified disability that required an accommodation under the Act. There is no evidence to the contrary in the summary judgment record.  On December 3, 1999, Defendant formally determined that Ms. Bergman had a disability—acute depression that *required* Defendant to provide an accommodation under the Act. Exh. C, HT (Sottile), pp. 488-89; Exh. A, ¶ 10, Attachment 1. A senior executive of the Internal Revenue Service ("IRS") testified unequivocally and repeatedly under oath that the December 3, 1999 determination was "dispositive" and the "end of the story." Exh. C, HT (Williams), p. 265, 266. Defendant's designee under Rule 30(b)(6) testified that the December 3, 1999 "determination that plaintiff had a disability was the "final say-so," Exh. C, HT (Fulcher), at 427, and that this determination "in fact *required* to find a reasonable accommodation" for Plaintiff under the Act. Exh. B, pp. 11-12; 123-24. Defendant's corporate designee testified under oath <u>six</u> times in his deposition that Defendant was *obligated* to find a new job involving legal work for Ms. Bergman in response to her request for a reasonable accommodation under the Act. Exh. B, pp. 11-12, 56, 72, 73, 74, 75, 123-124.  The determination that Ms. Bergman had a disability that required Defendant to provide a reasonable accommodation under the Act is clearly "an employment decision based on a physical or mental impairment, [whether] real or imagined." *Sutton,* 527 U.S. at 490.  Indeed, the sworn testimony of IRS officials in this case show the clearest imaginable example of Ms. Bergman as an employee being "regarded as disabled."

If this were not enough, Defendant specifically admitted sufficient facts as uncontested in response to Ms. Bergman's motion for partial summary judgment that require the Court to enter summary judgment in favor of Ms. Bergman on the "regarded as disabled" issue. Specifically, Defendant admitted that it made a "made a ***determination***" that Ms. Bergman had a disability that "***required*** Defendant to provide a reasonable accommodation for Plaintiff under the Act." Specifically, Ms. Bergman asserted the following material facts as to which there is no genuine dispute and Defendant gave the following responses:

Plaintiff's Allegation: "*Defendant, through employees of the Internal Revenue Service, made a determination that Plaintiff had a disability that required Defendant to find a reasonable accommodation for Plaintiff under the Act. Source: Exh. A, ¶ 11, Attachment 1; Exh. B, pp. 11-12, 72-75, 123-24; Exh. C, HT (Burns), pp. 221, 226; (Williams), p. 245; (Fulcher), pp. 352-54, 435-36, 449-50.*" Plaintiff's SOMF, ¶ 12.

Defendant's Response: "Defendant does not dispute that employees of the IRS made a **mistaken** determination that they were required to accommodate plaintiff as requested." Defendant's Statement of Genuine Issues, ¶ 12.

Plaintiff's Allegation: *Defendant, through employees of the Internal Revenue Service, made a determination that the reasonable accommodation it was required to find for Plaintiff under the Act was reassignment to an employment position involving substantive legal work. Source: Exh. A, ¶ 10, Attachment 1; Exh. B, pp. 11-12, 72-75, 123-24; Exh. C, HT (Williams), p. 253; (Fulcher), pp. 352-54, 435-36, 449-50; (Sottile), pp. 488-89.* Plaintiff's SOMF ¶ 10.

Defendant's Response: "Defendant does not dispute that employees of the IRS made a **mistaken** determination that a reasonable accommodation was required for plaintiff." Defendant's Statement of Genuine Issues, ¶ 10.

In Defendant's Memorandum dated July 16, 2007, Defendant again "does not dispute that employees of the IRS "mistakenly" believed that they were required to accommodate Ms. Bergman." Defendant's Memorandum, p. 3. It is irrelevant whether Defendant was "mistaken" or, as Ms. Bergman contends, entirely accurate in making the determination that Plaintiff had a qualified disability under the Act. Only a qualified disability within the meaning of the Act (i.e., a disability affecting a major life activity) "requires" an employer to provide a reasonable

4

accommodation under the Act, so Defendant's repeated admissions can have no other meaning than that Defendant "regarded" plaintiff as having a qualified disability. Defendant's repeated assertions under oath that the determination was final, irrevocable and carved in stone, only serve to make it even more clear that Defendant regarded Ms. Bergman as having a disability.

Defendant argues that the fact that an employer actually provided some job accommodation to an employee does not, by itself, establish that the employer "regarded " the employee as disabled. Defendant's Memorandum, p. 4. Ms. Bergman does not dispute that an employer's voluntary accommodation of an employee does not, by itself, prove that the employer regarded the employee as disabled, as an employer may have many reasons to accommodate an employee and may accommodate the employee without actually regarding her as disabled.[2] Defendant's admissions in this case are quite different.

Ms. Bergman is not arguing that Defendant regarded her as disabled simply because Defendant provided an accommodation to Plaintiff. Rather, Defendant admits that it provided an accommodation to Plaintiff because it was *required* to do so under the Act, i.e., because she had a disability that affected a major life activity. Defendant's specific "determination" that Ms. Bergman actually had a disability that "required" Defendant to provide a reasonable accommodation under the Act and the subsequent search and offer of a job transfer as an accommodation meet the definition of "an employment decision based on a physical or mental impairment, [whether] real or imagined." *Suttons,* 527 U.S. at 490. Defendant's "determination" that Ms. Bergman had a disability that "required" Defendant to provide a reasonable accommodation under the Act can only mean that Defendant in fact determined that Ms. Bergman had a "qualified disability." Only a qualified disability, a disability affecting a

---

[2] *Wooten v. Farmland Foods,* 58 f.3d 382 (8th Cir. 1995) cited by defendant does not even support the proposition that an employer's providing an accommodation does not by itself prove that the employer regarded the employee as disabled.

5

major life activity, "requires" an employer to provide a reasonable accommodation under the Act.

Similarly, the only possible meaning of Defendant's admission on summary judgment that it made a "determination" that Ms. Bergman had a disability that required a reasonable accommodation under the Act was that Defendant "regarded" Ms. Bergman as disabled within the meaning of the Act. Defendant has submitted no material fact that disputes this and, as set forth above, and freely admitted these facts for purposes of summary judgment with the sole qualification that the determination was a "mistake." Summary judgment must be entered for Ms. Bergman on this issue.

2. <u>The Motion to Strike Must Be Granted</u>

A. <u>Defendant Failed to Make A Case for Summary Judgment</u>.

A party moving for summary judgment has the affirmative burden to present uncontested material facts and an argument of law showing that the uncontested facts entitle the moving party to summary judgment as a matter of law. Defendant moved for summary judgment on the basis of the following three narrow facts that it contends are uncontested.

1. An excerpt of a letter from Ms. Bergman's expert Judith Nowak, M.D., dated October 11, 1999, stating that Ms. Bergman is unable to work due to depression;
2. An excerpt from a letter from Dr. Nowak dated October 22, 1999, stating that Ms. Bergman could return to her job and work if she received a reasonable accommodation for her depression (substantive work) and that Ms. Bergman could work in another position if she received a reasonable accommodation under the Act (a job involving substantive work); and
3. An excerpt from Ms. Bergman's Rule 26 expert opinion statement from Dr. Nowak stating that "In October 1999 Ms. Bergman had a disability as a result of her depression that prevented her from doing her job as then configured."

Defendant's Statement of Material Facts Not in Dispute ("Defendant's SOMF").

Defendant proceeded to submit a 45-page Memorandum of Points and Authorities containing arguments mixed together with deposition quotations and references to documents that are not mentioned in Defendant's SOMF and which do not even remotely relate to the three narrow facts alleged not to be in dispute in Defendant's SOMF.  Ms. Bergman moved to strike Defendant's entire Motion for Summary Judgment because the legal arguments made by Defendant had nothing to do with the narrow SOMF.  Because of this improper reference to and reliance on facts not mentioned in Defendant's SOMF, Ms. Bergman moved to strike Defendant's motion for summary judgment.

Defendant's only response is to argue, in main, that it had to follow a scatter-gun approach to summary judgment because Ms. Bergman failed to present evidence showing it could prove the essential elements of her claim.  Defendant is seriously mistaken.  A party responding to summary judgment must present facts and arguments under Rule 56(c) *after* the moving party presents "pleadings, depositions, answer to interrogatories . . . admissions … and affidavits [which show] that the moving party is entitled to summary judgment as a matter of law."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  While Ms. Bergman did rebut each diffuse argument made by Defendant, Ms. Bergman moves to strike because the three narrow material facts defendant asserts as grounds for summary judgment in Defendant's SOMF required no rebuttal at all and because these arguments are unrelated to the arguments advanced by Defendant in support of summary judgment.

A party moving for summary judgment must submit a "separate" and "concise" statement isolating pertinent material facts it claims are not in dispute and submit a legal argument showing why those facts entitle the moving party to summary judgment.  *Robertson v. American Airlines, Inc.,* 239 F. Supp.2d 5, 9 (D.D.C. 2002).  In effect, Defendant has filed no statement of material

fact at all. Instead or relying on the three narrow facts alleged in Defendant's SOMF, Defendant argues for summary judgment based on facts that are neither cited in Defendant's SOMF nor even logically connected to the three narrow facts alleged in Defendant's SOMF. Because Defendant's motion for summary judgment is patently non-compliant with local Rule 56 and because the narrow facts stated in Defendant's SOMF cannot support summary judgment, the Court must strike defendant's motion.

For these same reasons, Defendant's summary judgment motion must be disregarded in relation to Ms. Bergman's motion for partial summary judgment. To explain, Defendant submitted a memorandum of law in opposition to Ms. Bergman's motion for summary judgment which incorporated by reference the facts and arguments in Defendant's entire 45 page memorandum of points and authorities in support of Defendant's motion for summary judgment wholesale into its memorandum of law into opposition to Ms. Bergman motion for partial summary judgment. Because Defendant's motions for summary judgment is not in conformance with Local Rule 56 which requires that a motion for summary judgment be based on specific material facts alleged not to be in dispute in Defendant's SOMF, it is also not in conformance with the same local rule that requires oppositions to summary judgment to be based on specific facts deemed to be in dispute.[3]

## Conclusion

Ms. Bergman respectfully requests that the Court strike Defendant's Motion for Summary Judgment and, if such brief is considered, that the Court consider the arguments herein in response to Defendant's Motion for Summary Judgment.

---

[3] Incorporation of the 45 page memorandum of points and authorities into defendant's memorandum of points and authorities in opposition to Ms. Bergman's motion for partial summary judgment also violates the page limitations for opposition memoranda set forth in Local Civil Rule 7(e) which limits reply briefs to 45 pages.

                                            Respectfully submitted,

                                            _____/ss/_____
                                            John D. Quinn, Esq,
                                            Stephen Sale, Esq.
                                            Sale & Quinn, P.C.
                                            910 16th Street, N.W., Suite 500
                                            Washington, DC  20006
                                            Tel:  (202) 833-4170
                                            Fax: (202) 887-5137

                                            Counsel for Plaintiff

July 27, 2007