**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TESSA E. BERGMAN : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 06-0303 (GK) |
| : | |
| HENRY M. PAULSON, JR. : | |
| Secretary of the Treasury, : | |
| U.S. Department of the Treasury : | |
| : | |
| Defendant. : | |

MOTION TO COMPEL SETTLEMENT CONFERENCE

COMES NOW, plaintiff, Tessa Bergman, by the undersigned counsel, and respectfully moves for an order compelling a settlement conference attended by representatives of both parties with settlement authority. A memorandum of points and authorities in support of this motion is attached hereto and incorporated herein.

Respectfully submitted,

By:_____
John D. Quinn
SALE & QUINN, P.C.
910 16th Street, N.W.
Suite 500
Washington, D.C. 20006
(202) 833-4170

Counsel for Plaintiff

October 23, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TESSA E. BERGMAN | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 06-0303 (GK) |
| | : |
| HENRY M. PAULSON, JR. | : |
| Secretary of the Treasury, | : |
| U.S. Department of the Treasury | : |
| | : |
| Defendant. | : |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO COMPEL SETTLEMENT CONFERENCE

Plaintiff Tessa E. Bergman submits her Memorandum of Points and Authorities in Support of her motion to compel a settlement conference in this case and states as follows:

Preliminary Statement

Plaintiff has now attended *two* settlement conferences and defendant Department of Treasury has yet to appear at any settlement conference with a representative with the appropriate settlement authority necessary for meaningful settlement discussions. As explained below, conflicting interests of the sub-agencies of Department of Treasury who appear to be managing this case have been and continue to be an impediment to settlement. Accordingly, plaintiff requests that a representative of defendant Department of the Treasury having appropriate settlement authority be ordered to attend a settlement conference.

1. The defendant in this case is Henry M. Paulson, Jr., Secretary of the Department of the Treasury. Plaintiff's employer, the Internal Revenue Service, is an agency within the Department of the Treasury. The IRS Office of Chief Counsel ("OCC") is co-

counsel for the defense in this case, and was lead counsel for the defense in the administrative proceedings below. While both the IRS and OCC are part of the Department of the Treasury, OCC, apparently arguing on its own behalf, claims that it is an independent agency within the Department of the Treasury and not part of IRS. Whether OCC is part of the IRS or, as it claims, a separate agency within the Department of the Treasury is a fundamental issue in this case. As explained below, circumstances indicate that OCC's interest in the outcome of this issue is an impediment to settlement.

2. In this case, plaintiff claims that defendant Department of the Treasury discriminated against her by not moving her, in 1999, from her position in the IRS to a vacant, funded, attorney position in OCC as a reasonable accommodation under the Rehabilitation Act. In the administrative proceedings, defendant admitted that plaintiff had a disability that required a reasonable accommodation and that the proper accommodation was a job transfer to an attorney position.[1] There is also no dispute that there were open, funded, attorney positions in OCC at the relevant time and that plaintiff was eminently qualified for any of those positions as a former OCC attorney who previously had served there with distinction as an attorney in one of OCC's most prestigious practice areas.[2] However, plaintiff was not transferred to one of those open OCC positions because OCC, over the objection of IRS staff, took the position that IRS had no authority to transfer plaintiff to OCC as a reasonable

2

---

[1] See Exhibit C, to plaintiff's motion for partial summary judgment, pp. 265, 266, 427. All citations here are to the exhibits to plaintiff's motion for partial summary judgment.
[2] Exh. A; Exh. F.

accommodation. Because OCC refused to permit IRS to transfer plaintiff to OCC, the reasonable accommodation process was delayed for several months while IRS waited for an attorney position to open at IRS. Then, defendant transferred plaintiff to a lower graded position as an estate tax attorney in the IRS' Virginia field office. Plaintiff claims that her employer, the Department of the Treasury, discriminated against her by failing to provide a reasonable accommodation under the Act that was open and available--a position in OCC in Washington, D.C., at plaintiff's then current grade level. The foregoing facts are not disputed on summary judgment.

3. The *only* defense to plaintiff's claim raised below was the argument that the IRS had no authority to transfer plaintiff to OCC because OCC is separate agency within the Department of the Treasury. A senior official of OCC attested in the administrative proceedings that the "only" reason plaintiff was not transferred to OCC as a reasonable accommodation was that the IRS could not force the transfer of an IRS employee to OCC because OCC and IRS were "different appointing authorities."[3] While defendants now assert additional defenses, the argument that IRS could not transfer plaintiff to OCC remains a central theory of defense here.

4. There was initially a significant dispute between IRS and OCC on the issue of whether OCC is obligated to accept an IRS employee as a transfer in a reasonable accommodation case. IRS staff took the position that OCC was obligated to accept plaintiff as a reasonable accommodation transfer, and that position was apparently

---

3

[3] Exh. F, Agency's Second Interrogatory Answer No. 5.

taken pursuant to advice from the Department of the Treasury. Defendant's Rule 30(b)(6) witness, IRS employee Fulcher, testified repeatedly that he advised OCC of IRS' position that OCC was required to take plaintiff if there was a vacancy available and that OCC "must place her in any open position they have."[4] Based on this information, IRS' Labor Relations Office advised OCC that OCC was "required to accommodate" plaintiff under the Act by placing plaintiff in one of the open OCC positions.[5] OCC simply refused to accept plaintiff and asserted that OCC could not be forced to accept an IRS employee as a reasonable accommodation transfer. No one from IRS ever went to Treasury management to seek the authority to place plaintiff in an open OCC position although a senior IRS official admitted that IRS should have asked Treasury to intervene.[6] Mr. Fulcher himself admitted that, had this legal issue been resolved in plaintiff's favor, she would have been transferred to OCC in early December 1999 and this case would never have arisen.[7]

5. The only party that can resolve this matter, the Department of Treasury, continues to be excluded from participation although it is the named party defendant. Resolution will not occur without Treasury's participation as OCC has an apparent self-interest in the pivotal legal issue of whether OCC was required to take plaintiff under the Rehabilitation Act. The defendant in this case is the *Department of the Treasury*, not IRS or OCC. To break this logjam, plaintiff has demanded that a representative of Department of Treasury with appropriate authority participate in a settlement

4

---

[4] Exh. B, pp. 72.
[5] Exh. C, HT, pp. 449-50.
[6] Exh. C, HT, p. 532.
[7] Exh. C, HT, pp. 458-459.

conference. Accordingly, at the pretrial conference in this case, counsel for plaintiff asked the Court to instruct all parties to appear with authorized representatives with settlement authority at the Court ordered the Court-ordered settlement conference before Magistrate Judge Facciola. Counsel for plaintiff recalls that the Court advised the parties to attend settlement conferences with representatives that have settlement authority.

6. Before that scheduled settlement conference before Magistrate Judge Facciola, the parties had informal discussions, which resulted in some narrowing of differences. However, the issue of a job transfer to an open legal position in OCC was not negotiable. Because it was apparent to plaintiff that there would be little chance of settlement without the participation of a Department of Treasury official with authority to order OCC to accept plaintiff as part of a settlement, counsel for plaintiff wrote to counsel for defendant and reminded her to attend the settlement conference with a representative of defendant Department of the Treasury who had settlement authority. At that point, the tenor of settlement changed abruptly. After counsel for defendant missed the settlement conference due to a last-minute illness, defendant advised plaintiff that defendant was no longer willing to settle this case and that a settlement conference would, therefore, serve no purpose. After a telephone conference with Magistrate Judge Facciola, the settlement conference was canceled. The abrupt change in the path of settlement after plaintiff demanded Department of

5

      Treasury participate suggests that those demands were the reason settlement discussions terminated.

7. Plaintiff has attended two settlement conferences with counsel as ordered by the Court. Magistrate Judge Facciola also spent considerable effort in familiarizing himself with the voluminous record. No one from Department of Treasury with the authority to direct OCC has ever attended a settlement conference. This is not only unfair to the Court that has expended considerable effort in preparing for a settlement conference and plaintiff who has participated in good faith, but it also suggests that the Court's order that the parties participate in a meaningful settlement conference is being disregarded. Plaintiff respectfully requests that defendant be ordered to appear at a settlement conference with a representative of the Department of the Treasury having the authority to settle this case, including the authority to place plaintiff in any open position in OCC, as a reasonable accommodation under the Rehabilitation Act.

      Respectfully submitted,

      _____/ss/_____
      John D. Quinn, Esq,
      Stephen Sale, Esq.
      Sale & Quinn, P.C.
      910 16th Street, N.W., Suite 500
      Washington, DC  20006
      Tel:  (202) 833-4170
      Fax: (202) 887-5137

      Counsel for Plaintiff

October 23, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TESSA E. BERGMAN | : | |
| | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | Case No. 06-0303 (GK) |
| | : | |
| HENRY M. PAULSON, JR. | : | |
| Secretary of the Treasury, | : | |
| U.S. Department of the Treasury | : | |
| | : | |
|    Defendant. | : | |

ORDER

In consideration of plaintiff's motion to compel a settlement conference, and for good cause shown, it is this ___ day of _____, 2007:

ORDERED, that the parties shall attend a settlement conference before Magistrate Judge Facciola. A representative of defendant Department of Treasury with the authority to resolve all issues in this case who is not an employee of the Internal Revenue Service or the Internal Revenue Service Office of Chief Counsel shall attend the settlement conference.

_____
Gladys Kessler
United States District Judge