UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TESSA E. BERGMAN
    Plaintiff,

V().                                                        Civil Action No. 06-0303 (GK)

HENRY M. PAULSON, JR.
Secretary of the Treasury,
U.S. Department of the Treasury
    Defendant.

## MOTION IN LIMINE

Defendant respectfully submits the following motion in limine.

**Plaintiff Should Be Precluded From Soliciting or Offering Testimony Using Any Variation of the Legal Term "Disability" or "Disabled"**

One of plaintiff's claims is that she was discriminated against in violation of the Rehabilitation Act because she was not given an accommodation for an alleged disability. One of the essential elements which plaintiff must prove at trial is that she "was an individual with a disability **within the meaning of the statute** . . . ." *Pantazes v. Jackson,* 366 F.Supp.2d 57, 66 (D.D.C.2005) (emphasis added). It is anticipated that plaintiff may seek to offer at trial expert and/or lay testimony that plaintiff had a "disability." [1]

"Disability" is a legal term of art under the Rehabilitation Act. The Rehabilitation Act defines an "individual with a disability" as a person who has "a physical or mental impairment which substantially limits one or more of such person's major life activities." 29 U.S.C. § 705(20)(B). This legal definition is quite different from the vernacular usage of the term. *See e.g.* Webster's New World Dictionary, Third College Edition ("**1** a disabled condition **2** that

---

[1] Plaintiff's Rule 26(a)(2) statement indicates that her expert witness, Dr. Nowak, is expected to testify that plaintiff has a "disability." See plaintiff's Ex. J.

which disables, as an illness, injury, or physical handicap **3** a legal disqualification or incapacity **4** something that restricts; limitation; disadvantage"); Oxford University Press (**1** a physical or mental condition that limits a person's movements, senses or activities. **2** a disadvantage or handicap.")

While plaintiff's expert and lay witnesses properly may testify about any impairment which plaintiff may have and/or their observation of an impairment's impact on her major life activities, any testimony or opinion that plaintiff had a "disability" is not admissible because it is an impermissible legal conclusion. See *Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F.3d 1207, 1213 (D.C.Cir. 1997) ("an expert may offer his opinion as to facts that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied. . . ." "Therefore, by invoking a legal term of art, Spurlock's testimony constituted an impermissible legal conclusion." ) ; *Torres v. County of Oakland* , 758 F.2d 147, 151 (6th Cir.1985) ("The best resolution of this type of problem is to determine whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular. If they do, exclusion is appropriate."); see also *U.S. v. Naegele*, 471 F.Supp.2d 152, 162 -163 (D.D.C.2007); *U.S. ex rel. Mossey v. Pal-Tech, Inc*. , 231 F.Supp.2d 94, 98 -99 (D.D.C.2002).

Therefore, plaintiff should be precluded from seeking or offering at trial expert and/or lay testimony that plaintiff had a "disability."  Additionally, it is requested that plaintiff's expert should be directed to refrain from offering any opinion as to whether plaintiff had a "disability" and from using the term "disability" or any variation thereof in describing plaintiff's mental condition and impairments.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970