UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESSE E. BERGMAN, | : |
| Plaintiff, | : |
| V. | : |
| JOHN W. SNOW, SECRETARY DEPARTMENT OF THE TREASURY | : CIVIL ACTION NO. 06-CV-00303(GK) |
| Defendant. | : |
| MICHAEL L. BUESGENS, | : |
| Intervenor/Movant. | : |

**DEFENDANT'S OPPOSITION TO MICHAEL L. BUESGEN'S
<u>MOTION TO INTERVENE</u>**

Defendant respectfully requests this Court to deny Michael Buesgens' Motion to Intervene.

**I.      BACKGROUND**

Plaintiff Tessa E. Bergman filed this civil action under the Rehabilitation Act of 1973, as amended 29 U.S.C. § 791(g), alleging that the Department of Treasury discriminated against her based on her disability by failing to provide an effective and reasonable accommodation for the plaintiff. The parties currently are finalizing a settlement agreement.

At the time pertinent to her complaint, plaintiff Bergman was employed by the Internal Revenue Service in a non-attorney position as a Legislative Analysis Officer in the Legislative Affairs Office of the Internal Revenue Service ("IRS"). Investigative File ("IF") at p. 27; EEOTr:Bearman at p. 99-102. She worked in Washington, D.C. Complaint at ¶ 4.

On June 8, 2008, movant Michael Buesgens, a resident of Austin, Texas, and former employee of the Internal Revenue Service, filed a motion to intervene in Ms. Bergman's case. In support of his motion, Buesgens alleges that he, too, has been the subject of discrimination by the IRS.

Mr. Buesgens is a former employee of the Internal Revenue Service's Austin, Texas division. *See* Exhibit A at p. 1; Exhibit B at ¶2.[1] In 2005, following his disability retirement based on mental disability, Mr. Buesgens filed an employment discrimination action against the IRS alleging retaliation and failure to provide reasonable accommodation for his mental disability. Exhibit B at ¶5. On December 6, 2006, District Court Judge Sam Sparks granted the government's summary judgment motion and dismissed the case. *See* Exhibit A.

Mr. Buesgens has an extensive history of litigation against the federal government and numerous other parties in federal court. *See* e.g. Exhibit E ( Docket No. 06-967, W.D. Tex., a tort claim against the United States and fifty-plus additional defendants). On June 20, 2007, Judge Sparks issued an Order and Opinion in civil action 07-CA-427-SS which barred Michael Buesgens "from filing any future civil actions in any federal court in the United States without first seeking leave of the Court in which he wishes to file the action." Exhibit F.

For the reasons set forth below, the motion to intervene is entirely improper, and should be denied.

---

[1] Mr. Buesgens' case was transferred to the Western District of Texas (see case docket and Court Order, attached as Exhibit C). That case, Civil Action 07-682, was dismissed in the Western District of Texas on November 14, 2007. (See docket, attached as Exhibit D).

**II.    DISCUSSION**

    A. <u>Mr. Buesgens Cannot Intervene in this Action Under Fed. R. Civ. P. 24(a) or (b)</u>.

    Mr. Buesgens seeks to intervene in Ms. Bergman's employment discrimination action pursuant to Rules 24(a) and/or (b) of the Federal Rules of Civil Procedure. Neither rule allows such an intervention.

    Under Rule 24(a), "anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

    Mr. Buesgens' motion clearly fails under Rule 24(a).  He has not identified any interest in any property or transaction which is the subject of this civil action.  He also has failed to point to any statutory authority, and none exists, that allows him a right to intervene in this civil action.  Title VII does have   an enforcement provision that allows an "aggreived person" to intervene as a matter of right in a civil action brought by the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *see also EEOC v. U.S. Steel-Fairless Works, USX Corp*., 2002 WL 32341796 (E.D. Pa. 2002)(allowing plaintiff who was the subject of the EEOC lawsuit against her employer to intervene in the matter). But, this civil action was not brought by the EEOC; thus the intervention provision of the statute is not applicable here.

    Rule 24(b)(permissive joinder) states that "Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional

3

right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Mr. Buesgens has not cited any section of the statute conferring upon him a conditional right to intervene in the litigation. With regard to Rule 24(b)(2), there are no common questions of law or fact between Mr. Buesgens' and Ms. Bergman's claims. They worked for entirely different parts of the agency. Moreover, as is described above, Mr. Buesgens' claims concerning reasonable accommodation have already been litigated, and are barred by the doctrine of res judicata. *See* Exhibit A. For these reasons, the Court should deny the request to intervene.[2]

  B. <u>Title VII's Venue Provision Precludes Any Claim by Intervenor in this District</u>

Title VII has a specific and limited venue provision. Venue is only proper: (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3). "If the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *Id*. The Title VII venue provisions are exclusive: the general venue provisions do not apply to Title VII cases. *See, e.g. Bragg v. Hoffman Homes, Inc.*, 2005 WL 2729666 (E.D. Pa. 2005) (transferring venue in Title VII case).

Venue in the District of Columbia is not proper under any of the standards enumerated in

---

[2] Moreover, the parties are on the verge of resolving this case. As such, Mr. Buesgens' intervention will impede the resolution and completion of this case.

Title VII's venue provision. Mr. Buesgens was employed by the Internal Revenue Service in their Austin, Texas division, and none of the actions relevant to his allegations occurred in the District of Columbia. Exhibit B at ¶2. Additionally, relevant employment records also are located in Texas. *Id*. at ¶3-4. Thus, venue for Mr. Buesgens alleged claim is improper in the District of Columbia.

### III.    CONCLUSION

For all the foregoing reasons, defendant respectfully requests that the Court deny Mr. Buesgens motion to intervene and for joinder of claims.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/ Rhonda C. Fields
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this ___ day of June, 2008, a copy of the foregoing response to Michael Buesgens' motion to intervene was mailed, postage prepaid, upon the following:

Michael Buesgens  
3112 Windsor Road  
A322  
Austin, TX 78703

                                                Rhonda C. Fields  
                                                Assistant United States Attorney