UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TESSA E. BERGMAN,  :
      Plaintiff,
                                  :   Civ. Action No. 06-0303 (GK)
V.  :
JOHN W. SNOW,  :
Secretary, Department of the Treasury,  :
      Defendant.  :

**SETTLEMENT AGREEMENT AND ORDER
GENERAL RELEASE AND COVENANT NOT TO SUE**

1. **Scope of Agreement.** This Settlement Agreement, General Release, and Covenant Not to Sue ("Agreement"), covers all understandings between Tessa Bergman, formerly Terri Bearman ("Employee"), and the United States Department of Treasury ("Employer"), relating to Employee's employment. When used herein the term "Employer" also includes the United States of America, any or all current or former employees, agents and attorneys of Employer.

2. **Employment Status.** Employee is currently employed by Employer and has applied for disability retirement. This settlement will not terminate her employment or affect her disability retirement application now pending with the US Office of Personnel Management.

3. **Employer Consideration.** For and in consideration of the promises made by Employee in Paragraph 4 of this Agreement:

    (a) Employer agrees to pay to Employee the total lump sum of Eighty Thousand Dollars ($80,000.00) in compensatory damages. Employee shall be responsible for payment of all appropriate taxes on this amount.

    (b) Employer agrees to pay attorney's fees in the amount of Two hundred forty nine thousand, four hundred forty two dollars and twenty five cents ($249,442.25) plus expenses of Three thousand one hundred twenty three dollars and forty three cents ($3,123.43) such payment, in the total amount of Two hundred fifty two thousand five hundred sixty five dollars and sixty eight cents ($252,565.68) shall be made to Sale & Quinn, P.C.

    (c) Payment of the amounts due plaintiff pursuant to Paragraph 3 (a) and (b) above shall be made by electronic funds transfer from the treasury of the United States in the aggregate sum of $332,565.68 and be sent to the account of Sale & Quinn, P.C. IOLTA account. Payment shall be made as promptly as practicable consistent with the normal processing procedures followed by the U.S. Department of Justice and the U.S. Department of the Treasury.

Defendant's counsel shall promptly prepare and submit all required documentation to the Department of the Treasury for processing of this payment, and plaintiff and plaintiff's counsel shall co-operate with defendant's counsel to insure that such documentation is complete and accurate.

4.  **Employee Consideration.** For and in consideration of the promises made by Employer in Paragraph 3 of this Agreement, Employee agrees as follows:

(a)  Employee unconditionally releases, discharges, waives, and holds harmless Employer from each and every claim, cause of action, right, liability, or demand of every kind and nature whether now known or unknown or asserted or unasserted, arising from, or relating to her employment by Employer, from the beginning of time until the date of this Agreement, including any claim based on the facts alleged in and/or claims set forth in Civil Action 06-303, *Tessa Bergman v. Henry Paulson, Secretary of the Treasury*. This general release is a full and final bar and covenant not to sue with respect to the claims included in the previous sentence, including the following:

(i)  relating to any claims for punitive, compensatory, and/or retaliatory discharge damages; back and/or front pay claims and fringe benefits; or payment of any attorneys' fees for Employee;

(ii)  arising under any and all federal, state, and local laws, including the Civil Rights Act of 1866, 1871, 1964, and 1991, the Employee Retirement Income Security Act of 1974, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Occupational Safety and Health Act, the Immigration Reform Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, the Family and Medical Leave Act of 1993, any workers' compensation claims, retaliation claims of any nature, or any other labor, employment, or anti-discrimination laws and comparable state laws;

(iii)  based on any contract, tort, whistleblower, personal injury, invasion of privacy, infliction of emotional distress, defamation, libel, or wrongful discharge theory.

(b) Notwithstanding anything to the contrary herein, Employee does not release any claim or waive any rights Employee has with respect to: (1) continuing benefits under COBRA; (2) any rights Employee has to continued employment; (3) pay for services rendered in 2008; (4) Employee's existing retirement benefits and medical benefits; and (5) any right Employee has to disability retirement and (6) any claim for breach of this agreement.

(c)  Employee understands and agrees that regardless of the disposition of her application for disability retirement, by entering into this Agreement Employee specifically waives any and all claims to any alleged right under the Rehabilitation Act, Americans with Disabilities Act, Title VII or similar anti-discrimination provisions, to employment in the Office of the Chief Counsel, IRS in an attorney position and to employment in any position other than

that to which she currently is assigned, that is in a GS-13 position in Estate and Gift Tax. Employee understands that any further promotion above the GS-13 level or any appointment to another position would be done solely through the established merit promotion laws, rules and regulations applicable to the IRS and Department of the Treasury.

(d) The execution, filing and entry of this agreement order by the Court shall constitute dismissal of the captioned case with prejudice, pursuant to F.R.Civ. P. 41.

5. **Modification.** This Agreement contains the entire agreement of the parties hereto and there are no agreements, understandings or representations made by Employer or Employee, except as expressly stated herein. No cancellation, modification, amendment, deletion, addition or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Employee and an authorized representative of Employer.

6. **Severability and Waiver.** The parties agree that the covenants of this Agreement are severable and that if any single clause or clauses shall be found unenforceable, the entire Agreement shall not fail but shall be construed and enforced without any severed clauses in accordance with the terms of this Agreement. The parties also agree that any failure by any party to enforce any right or privilege under this Agreement shall not be deemed to constitute waiver of any rights and privileges contained herein. This Agreement is governed by the laws of the District of Columbia.

7. **Adequacy of Consideration.** The parties further acknowledge the adequacy of the additional consideration provided herein by each to the other, that this is a legally binding document, and that they intend to be bound by and faithful to its terms.

8. **Consultation with Counsel.** Employee represents and warrants that in entering into and executing this Agreement, she has relied on her own investigation and on the investigation and advice of her own counsel, and that she has been given a reasonable period of time within which to consider the terms and conditions hereof.

9. This Agreement has been entered into by plaintiff and defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the risks and expenses of litigation. Therefore, this Agreement is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and/or defenses. Without limiting the generality of the foregoing, this Agreement does not constitute, and shall not be construed as, an admission that the Internal Revenue Service or the United

States Department of Treasury violated any of plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by plaintiff in connection with this matter. This agreement is not precedential in nature.

I hereby accept and agree to abide by this Agreement:

SIGNATURE: *Tessa Bergman*
Tessa Bergman formerly Terri Bearman

DATE: June 24, 2008

Counsel for plaintiff
John D. Quinn

DATE: Jun 24, 2008

Counsel for defendant

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/ Rhonda C. Fields
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

**So Ordered** on this ___ day of June, 2008.

_____
UNITED STATES DISTRICT COURT JUDGE