UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TESSA E. BERGMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-303 (GK) |
| | : | |
| JOHN W. SNOW, Secretary of the Department of Treasury, | : | |
| | : | |
| Defendant, | : | |
| | : | |
| MICHAEL L. BUESGENS, | : | |
| | : | |
| Intervenor-Movant. | : | |

## MEMORANDUM ORDER

Plaintiff, Tessa E. Bergman filed this civil action alleging that the Defendant, Department of Treasury, discriminated against her based on her disability and thereby violated the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791(g).  During the relevant time period, the Plaintiff was employed by the Internal Revenue Service ("IRS") in the Legislative Affairs Office and worked in Washington, D.C.  Ms. Bergman and the Defendant have reached a Settlement Agreement.

On June 8, 2008, Intervenor-Movant, Michael Buesgens, a former employee of the IRS and a resident of Austin, Texas, filed a Motion to Intervene in this case, alleging that he too has been the subject of employment discrimination by the IRS.  The Motion has no merit and will be **denied** for the following reasons.

1.   Movant's claims have already been adjudicated.  On December 6, 2006, District Court Judge Sam Sparks granted the Government's Motion for Summary Judgment and dismissed the case.  Consequently, the Movant's claims are bared by *res judicata*.

2.	Movant cannot satisfy the requirements of Fed. R. Civ. P. 24(a) for intervention. He has failed to identify any interest he has in any property or transaction which is the subject of this civil action. He has also failed to identify any statutory authority allowing him a unconditional right to intervene.

3.	Movant has failed to satisfy the requirements of Fed. R. Civ. P. 24(b) for intervention. He has failed to identify any statutory requirement giving him a conditional right to intervene in this litigation. In addition, there are no common questions of law or fact between the moving party's claims and Ms. Bergman's claims. They worked for entirely different parts of the Agency and seem to have no other interest in common.[1]

For all these reasons, the Motion to Intervene is **denied**.

July 10, 2008

/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record
and via U.S. Mail to**

**Michael Buesgens
3112 Windsor Road, #A322
Austin, Texas  78703**

---

[1]	It is true that the Movant claims that both he and Ms. Bergman suffer from similar psychiatric disorders, namely, a bi-polar condition and major depression. That may or may not be true, but even if true, does not provide a ground for intervention under Fed. R. Civ. P. 24(b)(2).