# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESSA E. BERGMAN,<br><br>    *Plaintiff*,<br><br>    v.<br><br>STEVEN MNUCHIN,[1] Secretary of the Department of Treasury,<br><br>    *Defendant*,<br><br>MICHAEL L. BUESGENS,<br><br>    *Intervenor-Movant*. | Civil Action No. 06-303 |

## MEMORANDUM OPINION AND ORDER

On June 24, 2008, Plaintiff Tessa Bergman and Defendant the Secretary of the Department of the Treasury settled Bergman's discrimination claims brought against the Internal Revenue Service ("IRS") under the Rehabilitation Act, and the Court dismissed this action. Dkt. 73. The next month, the Court denied a motion from Michael Buesgens, a "former employee of the IRS" who alleged that "he too ha[d] been the subject of employment discrimination by the IRS," to intervene in the case. Dkt. 74 at 1. First, the Court noted that Buesgens's claims had "already been adjudicated" by a court in Texas and were thus "bar[r]ed by *res judicata*." *Id.* at 1. Next, the Court determined that, because Buesgens had "failed to identify any statutory authority allowing him an unconditional right to intervene" or "any interest he ha[d] in any property or transaction which [wa]s the subject of th[e] civil action," he could not "satisfy the requirement of

---

[1] The current officeholder is automatically substituted as the defendant. *See* Fed. R. Civ. P. 25(d).

[Federal Rule of Civil Procedure] 24(a) for intervention." *Id.* at 2. Finally, the Court concluded that Buesgens had "failed to satisfy the requirements of [Rule] 24(b) for intervention because he had not identified "any statutory requirement giving him a conditional right to intervene in the ligation" and had not identified any "common questions of law or fact between [his] claims and [Plaintiff's] claims." *Id.*

Now, nearly a decade after the Court's order denying him leave to intervene in this case, Buesgens has moved to alter or amend the judgment under Rule 59(e) and for relief from judgment under Rule 60(b). Dkt. 75. A Rule 59(e) motion must be filed within 28 days of entering of the judgment, Fed. R. Civ. P. 59(e), and must demonstrate that "there [has been] an intervening change of controlling law," "new evidence" has become available, "or [there is a] need to correct a clear error or prevent manifest injustice," *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotation marks omitted). Such motions are "generally disfavored" absent "extraordinary circumstances," *Dage v. Johnson*, 537 F. Supp. 2d 43, 48 (D.D.C. 2008), and do not represent an opportunity "to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995).

Similarly, Rule 60(b) permits the Court to "relieve a party . . . from a final judgment," for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect;" "newly discovered evidence;" "fraud . . . , misrepresentation, or misconduct by an opposing party;" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Absent a showing that the judgment is void, has been satisfied, or a showing of "extraordinary circumstances," *see Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988), a Rule 60(b) motion must be brought within one year of entry of the judgment. "The party seeking relief under Rule 60(b) bears the burden of showing that he or she is entitled to the relief," *United States v.*

2

*Dynamic Visions, Inc.*, No. 11-cv-695, 2017 WL 1476102, at *2 (D.D.C. Apr. 24, 2017), and

"the decision to grant or deny a [R]ule 60(b) motion is committed to the discretion of the

[d]istrict [c]ourt," *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476

(D.C. Cir. 1993).

Buesgens has not cleared the high bar necessary to obtain relief under either Rule 59(e)

or 60(b). As an initial matter, his motion under Rule 59(e) is untimely, and this motion under

Rule 60(b) is also untimely unless he can show "extraordinary circumstances." In addition, it is

unclear what judgment Buesgens seeks to have the Court set aside. If his challenge is to the

settlement agreement approved by the Court between Plaintiff and Defendant, he has no standing

to attack that agreement because he is not a party to this case. And if his challenge is to the

Court's order denying his request to intervene, his motion for reconsideration offers no plausible

reason—much less an extraordinary circumstance—that would justify revisiting the Court's 2008

decision. His motion does not address any of the three grounds on which the Court relied, and,

instead, largely contains attacks against the Assistant U.S. Attorney who handled this case a

decade ago, *see, e.g.*, Dkt. 75 at 2, 3, 6, 8, unexplained citations to the Code of Federal

Regulations, *see, e.g. id.* at 1, 8, and a discussion about "completely unrelated . . . litigation" he

brought in "Minnesota State Courts," *id.* at 9–10. None of these arguments identify any

extraordinary circumstances, changes in controlling law, or errors made by the Court that would

warrant relief under Rule 59(e) or 60(b).

Accordingly, Buesgens's motion for reconsideration, Dkt. 75, is hereby **DENIED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: October 3, 2017